**FILED**

NOV 2 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

William G. Myers III
D.C. Bar #408573
HOLLAND & HART LLP
Suite 1400, U. S. Bank Plaza
101 South Capitol Boulevard
Post Office Box 2527
Boise, Idaho 83701
Telephone: (208) 342-5000
Facsimile: (208) 343-8869
E-mail: wmyers@hollandhart.com

Attorneys for Plaintiff Christopher Berardi

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER W. BERARDI,<br>1288 Telephone Road<br>Rush, NY 14543<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>THE AIR FORCE,<br>The Pentagon<br>Washington, D.C. 20330-1000<br><br>Defendant. | Civil Action No. _____<br><br>CASE NUMBER 1:05CV02269<br><br>JUDGE: James Robertson<br><br>DECK TYPE: FOIA/Privacy Act<br><br>DATE STAMP: 11/23/2005 |

## COMPLAINT

Plaintiff Christopher Berardi ("Berardi"), for his complaint, alleges as follows:

### I. INTRODUCTION

1.    This action is brought under the Freedom of Information Act ("FOIA"), as

amended, 5 U.S.C. § 552, the Privacy Act, as amended, 5 U.S.C. § 552a, and the

Administrative Procedure Act, 5 U.S.C. Sec. 701 et seq., as amended. This action seeks

(a) to enjoin defendant United States Department of the Air Force ("Air Force") from withholding agency records from Berardi and ordering Air Force to produce those records, (b) damages based on the wrongful maintenance of those records, and (c) attorneys fees and costs.

## II.  PARTIES

2.    Plaintiff Berardi resides at 1288 Telephone Road, Rush, NY 14543.  He is currently a Cadet First Class enrolled in good standing as a senior at the U.S. Air Force Academy ("Academy") in Colorado Springs, Colorado.

3.    Defendant Air Force is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), the Privacy Act, 5 U.S.C. § 552a(a)(1), and the Administrative Procedure Act, 5 U.S.C. § 701(b)(1).

## III.  JURISDICTION AND VENUE

4.    This Court has jurisdiction and is the proper venue to hear this complaint under FOIA, 5 U.S.C. § 552(a)(4)(B), the Privacy Act, 5 U.S.C. § 552a(g)(5), the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq., and the Equal Access to Justice Act, 28 U.S.C. §§ 2412 et seq.

## IV.  FACTS AND LAW

5.    If an agency fails to meet statutory and regulatory deadlines under FOIA, the person requesting records under FOIA may bring an action in federal district court to enjoin the agency from withholding the agency records and to order the production of agency records improperly withheld from the complainant.  5 U.S.C. § 552(a)(4)(B); 32 C.F.R. § 286.25(a)(2).

6.    If an agency fails to comply with an individual's request for records the agency possesses regarding the individual, that person may bring a civil action to compel compliance under the Privacy Act, 5 U.S.C. § 552a(g)(1)(B).

7.    If an agency fails to maintain any record concerning an individual with such accuracy, relevance, timeliness and completeness as is necessary to assure fairness in any determination relating to qualifications, character, right or opportunities of, or benefits to, the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual, the individual may bring a civil action against the agency under the Privacy Act, 5 U.S.C. § 552a(g)(1)(C).

8.    A reviewing court must compel agency action unlawfully withheld or unreasonably delayed under the Administrative Procedure Act, 5 U.S.C. § 706(1).

9.    Berardi first enrolled in the Academy in the fall of 2000. He was a member of the class of 2004, in good standing until he was disenrolled on June 25, 2003.

10.    The Air Force maintains records on cadets enrolled in the Academy.

11.    The Air Force used records on Cadet Berardi in deciding to disenroll Berardi. Those records consist generally of:

a.    Cadet personnel records, to include cadet survey results, disciplinary records and favorable information.
b.    Cadet admissions records.
c.    Cadet medical records, to include mental health records.
d.    Cadet squadron records.
e.    Cadet academic records.
f.    Cadet military records, including summer training records.
g.    Cadet physical training records, including PFT and AFT records.
h.    Security Forces reports including all information collected and reports issued relative to the Notre Dame football game incident on October 19, 2002.

     i.     Military Review Committee records, including notes, executive summaries and staff summary sheets.

     j.     Correspondence, notes and memoranda related to the disenrollment of Berardi.

12.     The Air Force Board for the Correction of Military Records ("AFBCMR") reinstated Berardi to the Academy on June 24, 2004.

13.     Berardi has retained attorneys to bring and prosecute all claims in this complaint and has incurred and will incur future expenses for attorneys' fees and litigation costs.

## V. CLAIMS FOR RELIEF

### First Claim for Relief under FOIA

14.     Paragraphs 1-13 are incorporated by reference.

15.     On February 27, 2004, Berardi reasonably described in an email to the Academy, through the appropriate officer or employee, the agency records he wanted disclosed to him pursuant to FOIA. Specifically, Berardi requested "any and all information in the possession of the Superintendent's office and the 34th [Training Wing]...pertaining to [the Academy's decision to disenroll him]."

16.     On March 22, 2004, the Academy, though the Commandant of Cadets, responded by letter attaching records partially responsive to the request. The attached records came only from the 34th Training Wing. No records came from the Superintendent's office. No reason was given for not releasing responsive records in the Superintendent's office. No statement regarding denial of the request for Superintendent's office records was included in the response. No statement was included explaining the volume of records from the Superintendent's office that were denied.

17.    The statutory deadline for responding to Berardi's request for Superintendent's office records was March 25, 2004. No effort was made within the twenty day response period to notify Berardi that the Academy had a significant number of pending requests that prevented a response determination with the twenty day period, as required by 32 C.F.R. § 286.23(e)(1). No effort under the regulation was made to advise Berardi whether his request qualified for the fast track or slow track DoD processing system. *Id.*

18.    During the twenty day period for response, the Academy did not indicate any circumstances requiring additional time to respond Berardi's request, as required by 32 C.F.R. § 286.23(f) when an agency needs additional time to respond. No informal extensions of time were agreed to by Berardi and the Academy officials or employees.

19.    On April 8, 2004, Berardi emailed the Academy FOIA officer, noting the lack of response or records related to the Superintendent's office records. Berardi reiterated his request for information from the Superintendent's office related to his case. Berardi specifically asked for information in response to written requests for information emanating from a Lieutenant Colonel in the Superintendent's office. In his email, Berardi asked that any withheld documents be individually identified.

20.    On May 12, 2004, the Academy responded by letter to Berardi's April 8, 2004 follow-up request. This was well after the response deadline of March 25, 2004, in violation of 5 U.S.C. § 552(a)(6)(A)(i), 32 C.F.R. §§ 286.23(e)(1) and 806.18(a), and DoD Regulation 5400.7-R/Air Force Supplement/§§ C1.5.4.1 and C5.2.5.1. ("A.F. Supp."). The Academy Director of Staff "totally denied" the request, stating the requested records were exempt under FOIA as deliberative decision-making records and

citing FOIA Exemption 5 (5 U.S.C. § 552(b)(5)). The letter informed Berardi that he could appeal the decision to the Office of the Secretary of the Air Force.

21.    The May 12, 2004 denial letter did not make any effort to estimate the volume of records denied and provide this estimate to Berardi, contrary to 32 C.F.R. § 286.23(e)(7) and A.F. Supp. § C5.2.5.7.

22.    Air Force has failed to promptly make available its disclosable records or any reasonably segregable portion of exempt records to Berardi, in violation of 32 C.F.R. §§ 286.23(d) and 806.19, and A.F. Supp. § C5.2.4.

23.    On May 25, 2004, Berardi timely appealed the request denial to the Office of the Secretary of the Air Force.

24.    On August 16, 2004, the Academy Director of Staff purported to grant the appeal by sending one document to Berardi that Berardi had previously received in response to an earlier FOIA request. No other records were either provided or listed as denied. No notice of appellate procedures was given.

25.    Upon information and belief, this August 16, 2004, determination was more than twenty business days after the Academy received Beradi's appeal in violation of 5 U.S.C. § (a)(6)(A)(ii), 32 C.F.R. §§ 286.24(c)(2) and 806.18(a), and A.F. Supp. § C.5.3.3.2.

26.    On October 11, 2004, in an attempt to exhaust every administrative remedy, Berardi appealed the August 16, 2004 appeal determination to the Secretary of the Air Force/General Counsel for Administrative Law, through the Air Force Legal Services Agency ("AFLSA"), reiterating his request for relevant records he believed to exist in the Superintendent's office.

27.    According to a letter from a paralegal specialist in AFLSA, Berardi's May 25, 2004 appeal was received by the AFLSA over one year later, on July 22, 2005, and docketed as JACL 05076. AFLSA promised to review the appeal and forward it to the Office of the Secretary of the Air Force for final action and response to Berardi.

28.    More than twenty business days have passed since AFLSA received the appeal. Berardi has never received a response from the Office of the Secretary of the Air Force in violation of 5 U.S.C. § (a)(6)(A)(ii), 32 C.F.R. §§ 286.24(c)(2) and 806.18(a), and A.F. Supp. § C5.3.3.2. No effort has been made by Air Force to explain to Berardi the circumstances for the delay or the anticipated date of a substantive response, in violation of 32 C.F.R. § 228.24(d)(2) and A.F. Supp. § C5.3.4.2.

29.    Berardi has not subsequently been permitted to review the records in the Superintendent's office and have a copy made of all or any portion thereof.

30.    As a result, under FOIA, 5 U.S.C. § 552(a)(6)(C)(i), Berardi is deemed to have exhausted his administrative remedies with respect to such request. See also 32 C.F.R. § 286.24(d)(2) and A.F. Supp. § C5.3.4.2.

31.    Air Force failed to make a good-faith effort to conduct a search for the requested records by failing to use methods reasonably expected to produce the information requested, in violation of FOIA.

32.    The Air Force's  failure to strictly adhere to FOIA when responding to Berardi's FOIA request and appeal violated FOIA and its implementing regulations, as set forth above and in A.F. Supp. § C1.5.1.

33.    Air Force continues to violate FOIA and its implementing regulations.

## Second Claim for Relief under FOIA

34.    Paragraphs 1-33 are incorporated by reference.

35.    On January 18, 2004, Berardi reasonably described in an email to the Academy, through the appropriate officer or employee, the agency records he wanted disclosed to him pursuant to FOIA. Specifically, Berardi requested "any and all information in the possession of the Air Force Academy [Inspector General] pertaining to [the Academy's decision to disenroll him.]"

36.    On February 10, 2004, the Inspector General responded by letter purporting to attach the "releasable records", implying but not directly stating that some responsive records were not releasable and being withheld. No statement regarding partial denial of the request or the appeal process was included in the Inspector General's response.

37.    On February 27, 2004, Berardi emailed the Academy FOIA officer seeking clarification of the Inspector General's implication that certain records were being withheld.

38.    When no response to the February 27 email was forthcoming, Berardi re-submitted his request for clarification in the form of a FOIA request on April 12, 2004.

39.    On April 21, 2004, the acting FOIA officer replied by email that the Inspector General had provided "all releasable information" but not clarifying the scope of either released or unreleased information. The email forwarded an email dated April 16, 2004 from the Inspector General to the FOIA officer stating "Coming back to you with documentation."

40.     That same day, April 21, 2004, Berardi replied to the acting FOIA officer's email, once again seeking clarification since the FOIA officer said Berardi had received all releasable information from the Inspector General while the Inspector General said more documentation was coming.

41.     On April 26, 2004, the acting FOIA officer responded and reiterated that the Inspector General's email meant that all responsive records had been sent to Berardi.

42.     The next day, April 27, 2004, the acting FOIA officer emailed Berardi to say that he/she had been "absolutely mistaken" and that Berardi was correct that a package of additional responsive records was being compiled by the Inspector General for Berardi in response to Berardi's January 18, 2004 request.

43.     The promised package of records was not provided to Berardi within twenty business days of the Academy's receipt of Berardi's January 18, 2004 request. In fact, the package of records has never been provided as of the date of this complaint, in violation of 5 U.S.C. § 552(a)(6)(A)(i), 32 C.F.R. §§ 286.23(e)(1) and 806.18(a), and A.F. Supp. §§ C1.5.4.1 and C5.2.5.1.

44.     On May 26, 2004, Berardi appealed the Academy's failure to timely provide responsive records. He sent his appeal to the Secretary of the Air Force.

45.     More than twenty business days later, on August 16, 2004, the Academy's Director of Staff partially granted and partially denied the appeal, withholding records allegedly exempt from disclosure because of their deliberative nature. No reason for the late response was given. The letter informed Berardi that he could appeal this August 16 decision on his appeal to the Office of the Secretary of the Air Force, even

though Berardi sent his appeal to the Office of the Secretary of the Air Force and even

though the Initial Denial Authority is directed to forward the appeal file to the

Secretary of the Air Force's designated appellate authority in the General Counsel's

office for a final administrative determination pursuant to A.F. Supp. §§ C5.3.1.5 and

AP9.5.2.

46.   On October 11, 2004, in an attempt to exhaust every administrative

remedy, Berardi appealed the August 16, 2004 appeal determination to the Secretary of

the Air Force/General Counsel for Administrative Law, through AFLSA, reiterating his

request for relevant disclosable records he believed to exist in the Inspector General's

office.

47.   According to a letter from a paralegal specialist in AFLSA, Berardi's

May 26, 2004 appeal was received by the AFLSA over one year later, on July 22, 2005,

and docketed as JACL 05077. AFLSA promised to review the appeal and forward it to

the Office of the Secretary of the Air Force for final action and response to Berardi.

48.   More than twenty business days have passed since AFLSA received the

appeal. Berardi has never received a response from the Office of the Secretary of the

Air Force, in violation of 5 U.S.C. 52(a)(6)(A(ii), 32 C.F.R. §§ 286.24(c)(2) and

806.18(a), and A.F. Supp. § C5.3.3.2.

49.   Berardi has not subsequently been permitted to review the records in the

Inspector General's office and have a copy made of all or any portion thereof.

50.   As a result, under FOIA, 5 U.S.C. § 552(a)(6)(C)(i), Berardi is deemed to

have exhausted his administrative remedies with respect to such request. See also 32

C.F.R. § 286.24(d)(2) and A.F. Supp. § C5.3.4.2.

51.    Air Force has failed to promptly make available its disclosable records or any reasonably segregable portion of exempt records to Berardi, in violation of 32 C.F.R. §§ 286.23(d) and 806.19, and A.F. Supp. § C5.2.4.

52.    Air Force failed to make a good-faith effort to conduct a search for the requested records by failing to use methods reasonably expected to produce the information requested, in violation of FOIA.

53.    The Air Force's failure to adhere strictly to FOIA when responding to Berardi's FOIA request and appeal violated FOIA and its implementing regulations, as set forth above and in A.F. Supp. § C1.5.1.

54.    Air Force continues to violate FOIA and its implementing regulations.

### Third Claim for Relief under FOIA

55.    Paragraphs 1-54 are incorporated by reference.

56.    On June 27, 2005, Berardi reasonably described in an email to the Academy, through the appropriate officer or employee, the agency records he wanted disclosed to him pursuant to FOIA. Specifically, Berardi requested records consisting of supporting documentation for information in a record known as USAFA Form 4 that Berardi had previously received in a June 13, 2005 response to a January 25, 2005 FOIA request.

57.    The Air Force Inspector General incorrectly construed the June 27, 2005 FOIA request as an appeal of his June 13, 2005 response. The Inspector General informed Berardi on July 18, 2005 that "I stand by my decision" and that he would forward Berardi's "appeal" in accordance with regulations.

BERARDI COMPLAINT - 11

58.    AFLSA informed Berardi that his "appeal" was received on July 25, 2005 and assigned docket number JACL 05079. AFLSA promised to review the appeal and forward it to the Office of the Secretary of the Air Force for final action and response to Berardi.

59.    Twice, Berardi's mother corresponded with the Inspector General to explain that the request was not an appeal. These emails on July 25 and July 28, 2005 had no apparent effect.

60.    On August 8, 2005, Berardi wrote to AFLSA to clarify that his June 27, 2005 FOIA request was just that—a request for records that he had not requested before. It was not an appeal of a determination of a FOIA request from Berardi.

61.    On September 20, 2005, the Inspector General wrote to Berardi "as a point of clarification" that the files in his possession from the Academy Policy and Evaluation Office "were in disarray" and possibly incomplete. The Inspector General stated he had previously provided all relevant documents.

62.    More than twenty business days have passed since Air Force received the June 27, 2005 FOIA request. More than twenty business days have passed since Air Force docketed the request as an appeal. Regardless of whether the June 27, 2005 letter was a FOIA request for records or an appeal, Berardi has never received a response from the Office of the Secretary of the Air Force to his June 27, 2005 letter, in violation of 5 U.S.C. §§ 552(a)(6)(A)(i) or (ii) and its implementing regulations.

63.    Berardi has not subsequently been permitted to review the records he requested on June 27, 2005 and have a copy made of all or any portion thereof.

64.    As a result, under FOIA, 5 U.S.C. § 552(a)(6)(C)(i), Berardi is deemed to have exhausted his administrative remedies with respect to such request. See also 32 C.F.R. § 286.24(d)(2) and A.F. Supp. § C5.3.4.2.

65.    Air Force has failed to promptly make available its disclosable records or any reasonably segregable portion of exempt records to Berardi, in violation of 32 C.F.R. §§ 286.23(d) and 806.19, and A.F. Supp. § C5.2.4.

66.    Air Force failed to make a good-faith effort to conduct a search for the requested records by failing to use methods reasonably expected to produce the information requested, in violation of FOIA.

67.    The Air Force's failure to strictly adhere to FOIA when responding to Berardi's FOIA request and appeal violated FOIA and its implementing regulations, as set forth above and in A.F. Supp. § C1.5.1.

68.    Air Force continues to violate FOIA and its implementing regulations.

### Fourth Claim for Relief under FOIA

69.    Paragraphs 1-68 are incorporated by reference.

70.    On January 25, 2005, Berardi reasonably described in an email to the Academy, through the appropriate officer or employee, the agency records he wanted disclosed to him pursuant to FOIA. Specifically, Berardi requested "any and all information in the possession of the [Academy Policy & Evaluation Office], pertaining to me, from June 2000 to September 2004." (emphasis in original)

71.    On April 26, 2005, more than twenty business days after the request and in violation of 5 U.S.C. § 552(a)(6)(A)(i), the Academy FOIA official wrote to inform Berardi that the Academy was actively working on his request in the hope of replying

BERARDI COMPLAINT - 13

soon. No effort was made within the twenty day response period to notify Berardi that the Academy had a significant number of pending requests that prevented a response determination with the 20 day period, as required by 32 C.F.R. § 286.23(e)(1). No effort under the regulation was made to advise Berardi whether his request qualified for fast track or slow track DoD processing system. *Id.*

72.    In its April 26, 2005, letter, the Academy did not indicate any circumstances requiring additional time to respond Berardi's request, as required by 32 C.F.R. § 286.23(f) when an agency needs additional time to respond. No informal extensions of time were agreed to by Berardi and the Academy officials or employees.

73.    On June 13, 2005, the Academy, through the Inspector General, responded by letter to Berardi's January 25, 2005 FOIA request. The Inspector General attached records partially responsive to the request and withholding other records, citing FOIA Exemptions 5 and 6 (5 U.S.C. § 552(b)(5) and (6)). The letter informed Berardi that he could appeal the decision to the Office of the Secretary of the Air Force.

74.    On July 22, 2005, Berardi timely appealed the partial denial to the Office of the Secretary of the Air Force.

75.    On an illegible date in August, 2005, the Inspector General wrote to Berardi to advise him that the Inspector General had considered the appeal, stood by his decision, and would forward the appeal in accordance with DoD regulations.

76.    According to a letter from a paralegal specialist in AFLSA, Berardi's appeal was received by the AFLSA on August 22, 2005, and docketed as JACL 05092. AFLSA promised to review the appeal and forward it to the Office of the Secretary of the Air Force for final action and response to Berardi.

BERARDI COMPLAINT - 14

77.    More than twenty business days have passed since AFLSA received the appeal. Berardi has never received a response from the Office of the Secretary of the Air Force, in violation of 5 U.S.C. § (a)(6)(A)(ii), 32 C.F.R. §§ 286.24(c)(2) and 806.18(a), and A.F. Supp. § C5.2.5.7.

78.    Berardi has not subsequently been permitted to review the withheld records and have a copy make of all or any portion thereof.

79.    As a result, under FOIA, 5 U.S.C. § 552(a)(6)(C)(i), Berardi is deemed to have exhausted his administrative remedies with respect to such request. See also 32 C.F.R. § 286.24(d)(2) and A.F. Supp. § C5.3.4.2.

80.    Air Force has failed to promptly make available its disclosable records or any reasonably segregable portion of exempt records to Berardi, in violation of 32 C.F.R. §§ 286.23(d) and 806.19, and A.F. Supp. § C5.2.4.

81.    Air Force failed to make a good-faith effort to conduct a search for the requested records by failing to use methods reasonably expected to produce the information requested, in violation of FOIA.

82.    The Air Force's failure to strictly adhere to FOIA when responding to Berardi's FOIA request and appeal violated FOIA and its implementing regulations, as set forth above and in A.F. Supp. § C1.5.1.

83.    Air Force continues to violate FOIA and its implementing regulations.

## Fifth Claim for Relief under FOIA

84.    Paragraphs 1-83 are incorporated by reference.

85.    On July 6, 2005, Berardi reasonably described in an email to the Academy, through the appropriate officer or employee, the agency records he wanted disclosed to him pursuant to FOIA. Specifically, Berardi requested:

   a.    A copy of the FOIA regulations to which the Academy adheres.

   b.    Any and all documentation, information, correspondence, e-mails, memos, letters, etc. in possession of the Academy's FOIA office regarding his 5/25/2004 and 5/26/2004 FOIA appeals.

   c.    A copy of a document with a receipt date stamped on it that would show the date that the two appeals arrived at the Academy's legal office following Colonel Kellenbence's 8/16/2004 response.

   d.    Any and all documentation, information, correspondence, e-mails, memos, letters, etc. in possession of the Academy's legal office regarding his 5/25/2004 and 5/26/2004 FOIA appeals.

   e.    Any documentation of the date that the 5/25/2004 and 5/26/2004 FOIA appeals were sent to the AFLSA/JACL office.

   f.    A copy of the letter from the Academy informing Berardi that the FOIA appeals had been forwarded to the proper authority.

86.    More than twenty business days have passed since the Academy FOIA office received the FOIA request. Berardi has never received a response from the Air Force, in violation of 5 U.S.C. § 552(a)(6)(A)(i), 32 C.F.R. §§ 286.23(e)(1) and 806.18(a), and A.F. Supp. §§ C1.5.4.1 and C5.2.5.1.

87.    No effort was made within the twenty day response period to notify Berardi that the Academy had a significant number of pending requests that prevented a response determination with the twenty day period, as required by 32 C.F.R. § 286.23(e)(1). No effort under the regulation was made to advise Berardi whether his request qualified for the fast track or slow track DoD processing system. *Id.*

BERARDI COMPLAINT - 16

88.    During the twenty day period for response, the Academy did not indicate any circumstances requiring additional time to respond Berardi's request, as required by 32 C.F.R. § 286.23(f) when an agency needs additional time to respond. No informal extensions of time were agreed to by Berardi and the Academy officials or employees.

89.    Berardi has not subsequently been permitted to review the records he has requested and have a copy made of all or any portion thereof.

90.    As a result, under FOIA, 5 U.S.C. § 552(a)(6)(C)(i), Berardi is deemed to have exhausted his administrative remedies with respect to such request. *See also* 32 C.F.R. § 286.24(d)(2) and A.F. Supp. § C5.3.4.2.

91.    Air Force has failed to promptly make available its disclosable records or any reasonably segregable portion of exempt records to Berardi, in violation of 32 C.F.R. §§ 286.23(d) and 806.19, and A.F. Supp. § C5.2.4.

92.    Air Force failed to make a good-faith effort to conduct a search for the requested records by failing to use methods reasonably expected to produce the information requested, in violation of FOIA.

93.    The Air Force's failure to strictly adhere to FOIA when responding to Berardi's FOIA request and appeal violated FOIA and its implementing regulations, as set forth above and in A.F. Supp. § C1.5.1.

94.    Air Force continues to violate FOIA and its implementing regulations.

### Sixth Claim for Relief under FOIA

95.    Paragraphs 1-94 are incorporated by reference.

96.    On October 17, 2005, Berardi reasonably described in an email to the Academy, through the appropriate officer or employee, the agency records he wanted

BERARDI COMPLAINT - 17

disclosed to him pursuant to FOIA.  Specifically, Berardi renewed all previous FOIA requests for documents not previously provided including, but not limited to, a third police report related to the Notre Dame incident.

97.    In his October 17, 2005 email, Berardi asked the Academy to expedite his FOIA request but later he withdrew the request for expedited processing while leaving the FOIA request in place.

98.    More than twenty business days have passed since the Academy FOIA office received the FOIA request.  Berardi has never received a response from the Air Force, in violation of 5 U.S.C. § 552(a)(6)(A)(i), 32 C.F.R. §§ 286.23(e)(1) and 806.18(a), and A.F. Supp. §§ C1.5.4.1 and C5.2.5.1.

99.    No effort was made within the twenty day response period to notify Berardi that the Academy had a significant number of pending requests that prevented a response determination with the twenty day period, as required by 32 C.F.R. § 286.23(e)(1).  No effort under the regulation was made to advise Berardi whether his request qualified for the fast track or slow track DoD processing system.  *Id.*

100.    During the twenty day period for response, the Academy did not indicate any circumstances requiring additional time to respond Berardi's request, as required by 32 C.F.R. § 286.23(f) when an agency needs additional time to respond.  No informal extensions of time were agreed to by Berardi and the Academy officials or employees.

101.    Berardi has not subsequently been permitted to review the records he has requested and have a copy made of all or any portion thereof.

102.    As a result, under FOIA, 5 U.S.C. § 552(a)(6)(C)(i), Berardi is deemed to

have exhausted his administrative remedies with respect to such request.  See also 32

C.F.R. § 286.24(d)(2) and A.F. Supp. § C5.3.4.2.

103.    Air Force has failed to promptly make available its disclosable records or

any reasonably segregable portion of exempt records to Berardi, in violation of 32

C.F.R. §§ 286.23(d) and 806.19, and A.F. Supp. § C5.2.4.

104.    Air Force failed to make a good-faith effort to conduct a search for the

requested records by failing to use methods reasonably expected to produce the

information requested, in violation of FOIA.

105.    The Air Force's  failure to strictly adhere to FOIA when responding to

Berardi's FOIA request and appeal violated FOIA and its implementing regulations, as

set forth above and in A.F. Supp. § C1.5.1.

106.    Air Force continues to violate FOIA and its implementing regulations.

### Seventh Claim for Relief under the Privacy Act

107.    Paragraphs 1-106 are incorporated by reference.

108.    The Privacy Act, 5 U.S.C. § 552a(d)(1), requires the Air Force to provide

Berardi access to his records upon his request and to allow Berardi to review and copy

those records.  Air Force regulations similarly permit such access.  32 C.F.R. §

806b.13.

109.    Air Force regulations require Air Force personnel to process a request

from a person for his own records under both the FOIA and Privacy Act regardless of

the act cited.  32 C.F.R. § 806b.14; 32 C.F.R. § 286.24(a); A.F. Supp. § C1.5.13.4.  Air

BERARDI COMPLAINT - 19

Force personnel are to process the request under whichever act gives the most information. *Id*.

110.   Air Force personnel are required to provide the requester with the records within 30 workdays of receiving the request unless the records are exempt from disclosure under both the Privacy Act and FOIA. 32 C.F.R. § 806b.14(d).

111.   Berardi requested access to records on him related to the Notre Dame football game incident on October 19, 2002 and to his subsequent disenrollment from the Academy in writing on January 18, 2004, February 27, 2004, April 12, 2004, January 25, 2005, June 27, 2005, July 6, 2005 and October 17, 2005, as more fully set forth above in the First Claim through the Sixth Claim of this complaint.

112.   Air Force has refused to comply with Berardi's requests and appeals, as evidenced by its inaction on Berardi's requests and appeals, as more fully set forth above in the First Claim through the Sixth Claim of this complaint.

113.   Berardi complied with agency procedures in appealing the refusal of the Air Force to provide responsive records, but the appeals have gone unanswered (First through Fourth Claims). Berardi complied with agency procedures in requesting agency records, but his requests have not generated a response (Third, Fifth and Sixth Claims). This exhausted Berardi's administrative remedies.

### Eighth Claim for Relief under the Privacy Act

114.   Paragraphs 1-113 are incorporated by reference.

115.   The Privacy Act, 5 U.S.C. § 552a(e)(5), requires the Air Force to "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is

BERARDI COMPLAINT - 20

reasonably necessary to assure fairness to the individual in the determination." Failure to do so is actionable under 5 U.S.C. § 552a(g)(1)(C).

116.  The Air Force disenrolled Berardi from the Academy in June 2003 and required him to report to active duty elsewhere as an enlisted member of the Air Force.

117.  Berardi sought re-enrollment through the AFBCMR. Berardi contended to the AFBCMR that the records the Air Force used to justify Berardi's disenrollment were erroneous and intentionally left uncorrected by Air Force. The Air Force admitted to the AFBCMR that errors existed in relevant records.

118.  The AFBCMR determined that the Academy records presented evidence of errors so as to deny fairness in Air Force's disenrollment decision. On June 24, 2004, the AFBCMR ordered the Air Force to re-enroll Berardi as of July 14, 2004.

119.  The Air Force's reliance on the inaccurate records was the proximate cause of the adverse determination of the Air Force to disenroll Berardi.

120.  The Air Force acted intentionally or willfully in failing to maintain accurate records.

121.  Berardi was not fully reimbursed for his expenses associated with his move as an enlisted member of the Air Force to his new base and eventually back to the Academy. He lost pay and allowances as a second lieutenant since he will now graduate eighteen months later than he would have graduated had he not been wrongfully disenrolled. He will be eligible for pay raises, promotion and the like eighteen months later than he would have been had he not been disenrolled.

122.    Berardi has suffered actual damages consisting of $37,320.94 in lost pay as a result of disenrollment and $1,407.76 in unreimbursed travel expenses associate with his assignment to active duty following disenrollment.

### Ninth Claim for Relief under the Administrative Procedure Act

123.    Paragraphs 1-122 are incorporated by reference.

124.    Under the Administrative Procedure Act, the Air Force can be compelled to take action it has unlawfully withheld or unreasonably delayed.  5 U.S.C. § 706(1).

125.    For the reasons set forth in the First through Eighth Claim above, Air Force has unlawfully withheld from Berardi records to which he may lawfully have access under FOIA and the Privacy Act.

126.    Air Force has likewise unreasonably delayed action it is required to take in response to Berardi's requests for records and appeals of adverse decisions by the Air Force following those decisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Christopher Berardi prays for relief against Defendant U.S. Department of the Air Forces as follows:

A.    For each violation of the Freedom of Information Act, enjoin Air Force from withholding agency records from Berardi and order Air Force to produce those records, and award attorneys' fees and costs.  5 U.S.C. § 552(a)(4)(E).

B.    For violation of the Privacy Act duty to grant access to agency records, enjoin the Air Force from withholding the records and order that said records be

BERARDI COMPLAINT - 22

promptly made available to Berardi, award attorneys fees and costs. 5 U.S.C. § 552a(g)(1)(B), (g)(3)(A) and (B).

C.    For violation of the Privacy Act duty to maintain records to assure fairness in making determinations about an individual, award actual damages in the amount of $38,728.70 but in no case less than $1000, and award attorneys fees and costs. 5 U.S.C. § 552a(g)(1)(C), (g)(4).

D.    For violation of the Administrative Procedure Act, declare Air Force to be in violation of the Act, enjoin Air Force from withholding agency records from Berardi and order Air Force to produce those records, and award attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. §§ 2412 et seq.

E.    Award such other just and equitable relief this Court deems just and proper.

Respectfully submitted this 22nd day of November, 2005.

HOLLAND & HART LLP

By: _William G. Myers III_

William G. Myers III

Attorneys for Plaintiff Christopher W. Berardi

3461258_2.DOC