UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER BERARDI,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| v.      ) | Civil Action No. 05CV2269 (JR) |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF THE AIR FORCE,      ) | |
| ) | |
| Defendant.      ) | |
| ) | |

## DECLARATION OF JOHN M. PELLETT

Pursuant to 28 U.S.C. §1746, I, John M. Pellett, hereby declare under penalty of perjury that the following is true and correct.

1. I am an attorney employed by the United States Air Force. I am the deputy chief of the Information Litigation Branch, General Litigation Division, Air Force Legal Services Agency. I am Agency Counsel in the present litigation.

2. At the time plaintiff filed his Complaint in this case, three appeals, dated May 25 and May 26, 2004 and July 22, 2005, under the Freedom of Information Act ("FOIA") that he had submitted to the Air Force were pending. On February 10, 2006, the Air Force appellate authority acted on the three appeals.

3. The appellate authority denied the May 25, 2004 appeal, which contested the adequacy of the search for records responsive to plaintiff's February 27 and April 8, 2004 requests for "any and all information in the possession of the [Air Force Academy] Superintendent's office ... pertaining to [plaintiff's] case." A copy of the appellate authority's action is attached hereto as Exhibit A.

4. The appellate authority granted the May 26, 2004 appeal in full. The appellate authority made a discretionary release of the two pages that had been withheld by the initial denial authority (IDA) at the United States Air Force Academy (hereinafter, "Academy"). A copy of the appellate authority's action is attached hereto as Exhibit B.

5. The appellate authority granted the July 22, 2005 appeal in part, releasing the records that had been withheld by the Academy IDA. The appellate authority released the records pursuant to the Privacy Act as they were from a System of Records and were retrieved using plaintiff's name. The records also contained information that did not pertain to plaintiff, specifically the Social Security Numbers and birth dates of other individuals, which the appellate authority withheld under FOIA Exemption 6, 5 U.S.C. § 552(b)(6), so that there would not be a clearly unwarranted invasion of the other individuals' privacy. A copy of the appellate authority's action is attached hereto as Exhibit C.

6. When my office receives an administrative FOIA appeal file, our paralegal advises the requester that we have received it. Shortly after notifying plaintiff that we had received his June 27, 2005 appeal, we received a letter from him explaining that his June 27 electronic mail message to the Academy FOIA office was not an appeal but a new request. I retrieved the file from the appeal queue and reviewed the correspondence in it in light of his explanation. The June 27 electronic mail message was a new request rather than an appeal. Accordingly, I closed the appeal and returned the request to the Academy to be processed. A copy of my August 18, 2005 letter to plaintiff notifying him of these actions is attached hereto as Exhibit D.

7. On January 20, 2006, the Academy IDA acted on two of plaintiff's FOIA requests dated July 6 and October 17, 2005. These requests are those described, respectively, in the allegations of the fifth and sixth claims for relief in the Complaint. After conferring with

officials at the Academy, on February 19, 2006 I forwarded to plaintiff's attorney, as a

discretionary release, 556 pages of material that had been withheld or released with redactions

pursuant to FOIA Exemption 5.  Pursuant to FOIA Exemption 6, I redacted the Social Security

Numbers and birth dates of other individuals from the copies that I forwarded so that there would

not be a clearly unwarranted invasion of the other individuals' privacy.  A copy of my letter to

plaintiff's attorney is attached hereto as Exhibit E.

8.  The 556 pages I forwarded to plaintiff's attorney included six pages that had been

withheld in full in connection with plaintiff's July 6, 2005 request.  Of the 550 pages responsive

to plaintiff's October 17, 2005 request that I sent to plaintiff's attorney, 454 pages had been

withheld in full by the Academy and 96 pages had been released with redactions.  In addition,

the academy had released a two-page document from which only Social Security Numbers of

individuals other than plaintiff had been redacted pursuant to FOIA Exemption 6.  I did not send

an additional copy of this document to plaintiff's attorney.

9.  Several of the 550 pages responsive to plaintiff's October 17, 2005 request that I sent

to plaintiff's attorney were from FOIA processing files related to plaintiff's earlier FOIA

requests and were marked to indicate the material that had been redacted when the Academy had

responded to those earlier requests.  Because unredacted copies of the pages accompanied them,

I did not remove the copies of the pages that had been released with redactions in response to the

earlier requests from among the 550 pages responsive to plaintiff's October 17, 2005 request, but

sent them to plaintiff's attorney without further redactions.

9.  During the course of my assisting in the preparation of this case, I inquired of officials

at the Academy concerning plaintiff's graduation and current assignment.  According to

information that I received, plaintiff graduated from the Academy and was commissioned as a

second lieutenant in the Air Force on December 21, 2005.  He was assigned to Goodfellow Air

Force Base, Texas.

Executed this 21st day of February 2006 at Arlington, Virginia

John M. Pellett



**DEPARTMENT OF THE AIR FORCE**
WASHINGTON DC

OFFICE OF THE GENERAL COUNSEL

FEB 10 2006

SAF/GCA
1740 Air Force Pentagon
Washington, DC 20330-1740

2Lt Christopher W. Berardi
1288 Telephone Road
Rush NY 14543

Dear Lieutenant Berardi

    This replies to your May 25, 2004 appeal (JACL #05076) under the Freedom of Information Act (FOIA) of the May 12, 2004 determination of the Director of Staff, United States Air Force Academy (USAFA/DS), that denied your request for any and all information in the possession of the Academy Superintendent's Office pertaining to your case. I understand the case to which your request referred was your disenrollment from the Academy in 2003.

    On August 16, 2004 USAFA/DS responded to your appeal and released to you the only record responsive to your request, a Staff Summary Sheet, that was located in the files of the Academy Superintendent's Office. Thereafter, in an October 11, 2004 letter to the General Litigation Division, Air Force Legal Services Center (AFLSA/JACL) you indicated that you wished to continue your appeal because you said you "knew" there was more in your file than the Staff Summary Sheet.

    I have been delegated the responsibility to conduct the Office of the Secretary of the Air Force review in your case. I have considered your appeal and determined that it should be denied.

    In response to your FOIA request, a thorough search of files in the Academy Superintendent's Office was conducted. Only the Staff Summary Sheet provided to you on August 16, 2004 was located in the files. Because no information was redacted from the Staff Summary Sheet, releasing it afforded you full relief on your appeal.

    This constitutes the final Air Force action on your appeal.

               Sincerely

               Don W. Fox
           Deputy General Counsel
      (Fiscal and Administrative Law)

Exhibit A



# DEPARTMENT OF THE AIR FORCE
## WASHINGTON DC

OFFICE OF THE GENERAL COUNSEL

SAF/GCA                                    FEB 10 2006
1740 Air Force Pentagon
Washington, DC 20330-1740

2Lt Christopher W. Berardi
1288 Telephone Road
Rush NY 14543

Dear Lieutenant Berardi

    This replies to your May 26, 2004 appeal (JACL #05077) under the Freedom of Information Act (FOIA) of the April 14, 2004 determination of USAFA/IG that partially denied your April 2, 2004 request for electronic mail messages and other correspondence and Staff Summary Sheets "pertaining to [your] case."

    On August 16, 2004 USAFA/DS responded to your appeal and released two documents to you and withheld two others, a Staff Summary Sheet, that was located in the files of the Academy IG and an electronic mail message from the IG. Although the USAFA/DS response letter indicated that the electronic mail message was taken from Lt Col David E. Zeh's computer, the withheld document is a printed copy of the containing hand written notes.

    I have been delegated the responsibility to conduct the Office of the Secretary of the Air Force review in your case.

    Although FOIA Exemption 5 would permit the Staff Summary Sheet and printed copy of the electronic mail message to be withheld, I have determined that it is appropriate to make a discretionary release of them. They are attached. I understand from your appeal package that your parents received the letter attached to the Staff Summary Sheet and from other of your appeals that a copy of your parent's letter to Lt Gen Dallager has been released to you in response to other requests.

    This constitutes the final Air Force action on your appeal.

                  Sincerely

                  Don W. Fox
           Deputy General Counsel
        (Fiscal and Administrative Law)

Attachment:
Released Documents                              Exhibit R



# DEPARTMENT OF THE AIR FORCE
## WASHINGTON DC

OFFICE OF THE GENERAL COUNSEL

SAF/GCA
1740 Air Force Pentagon
Washington, DC 20330-1740

FEB 10 2006

2Lt Christopher W. Berardi
1288 Telephone Road
Rush NY 14543

Dear Lieutenant Berardi

This replies to your July 22, 2005 appeal (JACL #05092) under the Freedom of Information Act (FOIA) of the June 13, 2005 partial denial of your January 25, 2005 FOIA request by Col Thomas G. Philipkosky, Inspector General, United States Air Force Academy. You had requested "any and all information in the possession of the PE office, pertaining to me, from June 2000 to September 2004." (Underlining in original.).

I have been delegated the responsibility to conduct the Office of the Secretary of the Air Force review in your case. I have considered your appeal under both the FOIA and the Privacy Act, and have determined that under the Privacy Act it should be granted in part.

Attached are copies of the 136 pages released to you with redactions by the Academy, and the 269 pages fully withheld by the Academy. Unfortunately, completely clean copies of the 136 pages released with redactions were not retained by the Academy. The copies that were forwarded in the appeal file appear to be copies of the pages that were highlighted showing the recommended redactions. The highlighting, when copied, made some of the material is illegible on the "unredacted" pages that we received. The best available copies are attached.

Social Security Numbers and dates of birth of third parties have been redacted. This information is neither about you nor pertaining to you. Consequently, it is not a "record" within the meaning of the Privacy Act. Accordingly, the information has been withheld pursuant to FOIA Exemption 6, to prevent a clearly unwarranted invasion of those individuals' privacy interests.

Exhibit C

This constitutes the final Air Force action on your appeal.

Sincerely

Don W. Fox
Deputy General Counsel
(Fiscal and Administrative Law)

Attachment:
Releasable Documents



### DEPARTMENT OF THE AIR FORCE
#### AIR FORCE LEGAL SERVICES AGENCY (AFLSA)

August 18, 2005

AFLSA/JACL
1501 Wilson Blvd, 7th Floor
Arlington, VA 22209

C1C Christopher Berardi
P.O. Box 3641
USAFA CO 80840

Dear Cadet Berardi

Based on your August 8, 2005, letter to this office we are closing our file JACL 05079.

Consistent with the explanation provided in your letter, we are returning your June 27, 2005 Freedom of Information Act (FOIA) request to the Air Force Academy FOIA office for processing.

Sincerely,

JOHN M. PELLETT
Acting Chief, Information Litigation Branch
General Litigation Division

cc:
10 CS/SCSF

Exhibit D



## DEPARTMENT OF THE AIR FORCE
### AIR FORCE LEGAL SERVICES AGENCY (AFLSA)

February 19, 2006

General Litigation Division
1501 Wilson Blvd, 7th Floor
Arlington, VA 22209

William G. Myers III
Holland & Hart LLP
Suite 1400, U.S. Bank Plaza
101 South Capitol Blvd.
Boise, ID 83701

Dear Mr. Myers

After additional review, the Air Force is making an additional discretionary release of records previously withheld or released with redactions in the January 20, 2006 responses to your client, 2Lt Christopher W. Berardi, in connection with his July 6 and October 17, 2005 requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

The Social Security Numbers and birth dates of individuals other than Lt Berardi havw been redacted from the records being released in order to prevent clearly unwarranted invasion of those individuals' personal privacy pursuant to FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Completely clean copies of some pages released with redactions in addition to Social Security Numbers and birth dates were unavailable. For those pages we have provided the best copy possible.

Sincerely

JOHN M. PELLETT
Deputy Chief, Information Litigation Branch

Attachments:
1. List of Released Records
2 - 40. Released Records

cc:
Ms Karen Melnik (w/o Atchs 2 - 40)
USAFA/JAC (w/o Atchs 2 - 40)
10 CS/SCSF (w/o Atchs 2 - 40)

Exhibit E

List of Released Records

Records withheld in connection with the January 20, 2006 response to the FOIA request dated July 6, 2005 (at 4:20 P.M.):

Attachment 2.    July 30, 2004 electronic mail correspondence between Mr. James Murphy and Major Paul Maraian, formerly fully withheld (1 Page).

Attachment 3.    Draft response to May 25, 2004 FOIA Appeal, formerly fully withheld (1 page).

Attachment 4.    Draft response to May 26, 2004 FOIA Appeal, formerly fully withheld (2 pages).

Attachment 5.    Draft Staff Summary Sheet related to May 25, 2004 FOIA Appeal, formerly fully withheld (1 page).

Attachment 6.    Draft Staff Summary Sheet related to May 26, 2004 FOIA Appeal, formerly fully withheld (1 page).


Records withheld or released with redactions in connection with the response to the FOIA request dated October 17, 2005:

Attachment 7.    Draft USAFA/JA legal reviews, formerly fully withheld (26 pages).

Attachment 8.    Draft FOIA responses to Cadet Berardi, formerly fully withheld (17 pages).

Attachment 9.    Draft Staff Summary Sheets that relate to Cadet Berardi, formerly fully withheld (3 pages).

Attachment 10.    Two talking papers by Maj Pleasants on Cadet Berardi dated April 15, 2003, formerly fully withheld (3 copies of each, 6 pages).

Attachment 11.    Two Draft Congressional responses, formerly fully withheld (3 copies of one draft, 5 pages each, 15 pages; 2 copies of another draft, 6 pages each, 12 pages; 27 total pages).

Attachment 12.    A note from "Jim" to "Brian," formerly fully withheld (4 copies, 1 page each, 4 pages).

Attachment 13.    Questions and answers concerning Cadet Berardi, formerly fully withheld (2 copies, 1 page each, 2 pages).

Attachment 1

Attachment 14.   Major Pleasants' draft response to Anthony and Linda Berardi's May 7, 2003 letter, formerly fully withheld (2 copies, 2 pages each, 4 pages).

Attachment 15.   Memorandum for record by Major Scott A. Rose regarding Cadet Berardi's Probation Journal dated 25 October 2002, formerly fully withheld (3 pages).

Attachment 16.   Draft memorandum from Lt Col Joseph A. Milner regarding Cadet Berardi and FOIA request tracking number 06-006, formerly fully withheld (1 page).

Attachment 17.   Incident report summary found in a USAFA Security Forces electronic database (5 pages), released in part in Attachment 6 of the January 20, 2006 response to 2Lt Berardi's October 17, 2005 FOIA request.

Attachment 18.   68 of the 419 pages released in part in Attachment 8 of the January 20, 2006 response to 2Lt Berardi's October 17, 2005 FOIA request.  The 350 pages that were fully released are not included.

Attachment 19.   Document titled "Probation Placement, MRC, or Class D" (1 page), released in part in Attachment 9 of the January 20, 2006 response to 2Lt Berardi's October 17, 2005 FOIA request.

Attachment 20.   October 27, 2002 Memorandum for Record from Cadet Berardi (1 page), released in part in Attachment 10 of the January 20, 2006 response to 2Lt Berardi's October 17, 2005 FOIA request.

Attachment 21.   July 8, 2004 electronic mail message from Richard Peterson to Colonel Michael McAntee, formerly fully withheld (1 page).

Attachment 22.   October 4, 2002 electronic mail message from Capt William Pleasants to Maj Scott Rose, formerly fully withheld (1 page).

Attachment 23.   September 9, 2002 electronic mail message from Maj Scott Rose to Capt William Pleasants, formerly fully withheld (1 page).

Attachment 24.   March 25, 2004 electronic mail message from 1st Lt Brian Holinka to Sandie Miles, formerly fully withheld (2 pages).

Attachment 25.   January 23, 2004 electronic mail message from James Murphy to Sandie Miles, formerly fully withheld (1 page).

Attachment 26.   Miscellaneous notes from Sandie Miles, formerly fully withheld (2 pages).

3

Attachment 27.    Four USAFA/JA internal suspense sheets (1 page each, 4 pages) and four
Staff Summary Sheets (1 page each, 4 pages), formerly fully withheld (8
pages total).

Attachment 28.    One USAFA/JA internal suspense sheet (1 page) with a tasker page (1 page)
and a fax cover sheet (1 page) attached, formerly fully withheld (3 pages
total).

Attachment 29.    October 25, 2002 Memorandum for Record from Major Scott A. Rose
regarding Cadet Berardi's Probation Journal (2 copies: one 3 pages and one,
apparently incomplete, 2 pages; 5 pages total), formerly fully withheld.

Attachment 30.    November 6, 2003 USAFA Legal Office legal review related to Cadet
Berardi's Air Force Board for the Correction of Military Records application
(2 copies, 4 pages each; 8 pages) and a related fax coversheet (1 page),
formerly fully withheld (9 pages total).

Attachment 31.    February 10, 2004 AFLSA/JACL memorandum for HQ USAFA/DS (2
copies, 2 pages each; 4 pages), formerly fully withheld.

Attachment 32.    March 26, 2004 memorandum for AFLSA/JACL from 10 CS/SCSF, formerly
fully withheld (1 page).

Attachment 33.    Documents (recorder's notes and executive summary) related to 2Lt
Berardi's Military Review Committee that were previously given to him in
redacted form in response to his August 16, 2003 FOIA Request, USAFA
FOIA number 03-078, formerly fully withheld (13 pages).

Attachment 34.    The FOIA file, including tracking and processing documents, related to 2Lt
Berardi's July 21, 2003 FOIA Request, USAFA FOIA number 03-070,
formerly fully withheld (131 pages).

Attachment 35.    The FOIA file, including tracking and processing documents, related to 2Lt
Berardi's April 27, 2004, USAFA FOIA number 04-058, formerly fully
withheld (36 pages).

Attachment 36.    The FOIA file, including tracking and processing documents, related to 2Lt
Berardi's September 6, 2003, USAFA FOIA number 03-81, formerly fully
withheld (10 pages).

Attachment 37.    The FOIA file, including tracking and processing documents, related to 2Lt
Berardi's August 16, 2003, USAFA FOIA number 03-078, formerly fully
withheld (40 pages).

4

Attachment 38.  The FOIA file, including tracking and processing documents, related to 2Lt Berardi's September 29, 2003, USAFA FOIA number 04-002, formerly fully withheld (3 pages).

Attachment 39.  The file, including tracking and processing documents, related to a June 9, 2003 Congressional Inquiry from Representative Thomas M. Reynolds, formerly fully withheld (20 pages).

Attachment 40.  21 of the 43 pages of police reports that had previously been provided and were re-released with redactions in Attachment 11 of the January 20, 2006 response to 2Lt Berardi's October 17, 2005 FOIA request. The 22 pages that were released without redactions are not included.

5