UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTOPHER BERARDI, )
)
Plaintiff, )
)
v. ) Civil Action No. 05CV2269 (JR)
)
UNITED STATES DEPARTMENT )
OF THE AIR FORCE, )
)
Defendant. )

## DECLARATION OF THOMAS G. PHILIPKOSKY

Pursuant to 28 U.S.C. §1746, I, Thomas G. Philipkosky, hereby declare under penalty of perjury that the following is true and correct.

1. I am a Colonel in the United States Air Force, currently assigned as The Inspector General, United States Air Force Academy (USAFA/IG). I have served in this capacity since June 21, 2004.

2. In February 2005, all of the paper records that had been maintained by the Academy Policy & Evaluation Office concerning the 2003 disenrollment of 2Lt Christopher Berardi were moved into the physical possession of my office. When my office took possession of the records, they were disorganized. Then-Cadet Berardi's January 25, 2005 request under the Freedom of Information Act (FOIA) for records from the Policy & Evaluation Office was ultimately referred to me.

3. On June 13, 2005, I released a number of documents from the Policy & Evaluation Office file to then-Cadet Berardi in response to his January 25, 2005 FOIA request. The request had been forwarded to me because the records were in the possession of my office. He

submitted another FOIA request on June 27, 2005, seeking documentation supporting a comment in one of the documents released on June 13. He referred to that document as follows (original emphasis),

> This document states that I had three alcohol incidents. Since I am only aware of one alcohol incident, which would be the [2002] Notre Dame game incident, I am requesting that you send me documentation on the other two incidents[,] bearing in mind that the Governing Regulation at the time of this Form was AFCWI 51-201[,] which states, "Alcohol Violations. **An alcohol incident is defined as a misbehavior directly involving the cadet's alcohol use** (such as DUI or drinking under age), or where the cadet's consumption of alcohol could reasonably be considered as contributing to the misbehavior."

5. Initially, I misunderstood the June 27, 2005 request as an appeal of my June 13, 2005 response. After that misunderstanding was resolved, I searched the documents from the Academy Policy & Evaluation Office that were in my possession for documents responsive to the June 27 request. Although I found documentation about other incidents involving then-Cadet Berardi in which alcohol had been involved, I found no documents about alcohol incidents, other than the one at the 2002 Notre Dame football game, as defined in the regulatory provision he had quoted in his request.

6. By letter dated September 20, 2005, I informed then-Cadet Berardi that we found no documents responsive to his June 27, 2005 request. A copy my September 20, 2005 letter is attached hereto as Exhibit A.

Executed this 21st day of February 2006 at the United States Air Force Academy, Colorado.

Thomas G. Philipkosky
Colonel, United States Air Force



# DEPARTMENT OF THE AIR FORCE

### HEADQURTERS UNITED STATES AIR FORCE ACADEMY
### USAF ACADEMY COLORADO

20 Sep 2005

USAFA/IG
329 Cadet Drive, Ste 329
USAFA Colorado Springs, CO 80840

Cadet Christopher Berardi
1288 Telephone Road
Rush, NY, 14543

Dear Cadet Berardi,

This is in response to your Freedom Of Information Act (FOIA) request (your email dated 27 Jun 05, 2008 hrs). As a point of clarification the documents in my possession that relate to you from the United States Air Force Academy Policy and Evaluation Office were in disarray. I cannot attest to the completeness of this file. In my FOIA response to you dated 13 Jun 2005, I provided you any and all information from the Policy & Evaluation file which related to alcohol incidents.

THOMAS PHILIPKOSKY, Col, USAF
Inspector General, USAFA

This is a privileged document.
It will not be released (in whole or in part), reproduced, or given additional dissemination (in whole or in part) outside of Inspector General channels without prior approval of The Inspector General (SAF/IG) or designee.
FOR OFFICIAL USE ONLY

Exhibit A