UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTOPHER W. BERARDI       )
                             )
    Plaintiff,                )
                             )
v.                           )   Civil No. 05-02269 (JR)
                             )
UNITED STATES DEPARTMENT OF  )
    THE AIR FORCE,           )
                             )
    Defendant                )
                             )

## DECLARATION OF PAUL M. MARAIAN

Pursuant to 28 U.S.C. §1746, I, Major Paul Maraian, hereby declare under penalty of perjury that the following is true and correct.

1. I am the Chief of General Law, Headquarters United States Air Force Academy Legal Office. I have held this and similar positions in this office since July 2004. Among my responsibilities, I have been responsible for advising the leadership of the United States Air Force Academy ("Academy") regarding requests for records made under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Because of my official duties, I am familiar with Air Force and Academy procedures for responding to requests made pursuant to the FOIA.

2. I have reviewed and am familiar with the Complaint filed in this case. I also have reviewed and am familiar with the correspondence between 2Lt Christopher Berardi and the Air Force concerning his FOIA requests. All information contained herein is based upon information furnished to me in my official capacity, and upon my review of Air Force records concerning the matters about which the FOIA requests were made.

3. By letter dated October 17, 2005, plaintiff Berardi renewed all previous FOIA requests that he had submitted to the Academy seeking all information or documentation related to his disenrollment from the Academy during his third academic year and subsequent reinstatement by the Air Force Board for the Correction of Military Records. By the time of the October 17, 2005 request, all of the paper records concerning plaintiff that had been maintained by the Academy Policy & Evaluation Office and the Office of the Staff Judge Advocate had been moved into the physical possession of the Academy's Inspector General's office. Therefore, plaintiff Berardi's October 17, 2005 FOIA request was referred to the Academy's Inspector General's office. I assisted in the search for records responsive to the October 17, 2005 request.

4. Colonel Thomas Philipkosky, The Inspector General, United States Air Force Academy (USAFA/IG) and I reviewed all twenty seven (27) of the files in the possession of the Academy FOIA office that related to plaintiff's prior requests. After reviewing them and consulting with me, Colonel Philipkosky directed that the Academy FOIA office ask the Academy offices most likely to have responsive documents to make another search. After the searches were completed, the only offices that had responsive records that had not been previously addressed were the USAFA legal office and the 10th Security Forces Squadron (10 SFS). All of the records in the legal office and 10 SFS were data files rather than paper copies, but each office printed copies in connection with responding to Colonel Philipkosky's search request.

5. With respect to the legal office, I asked all members of the staff search for paper copies of records that they might possess and for electronic copies of records, such as electronic mail messages or files on computer hard drives. None had paper copies, although some

electronic mail messages and electronic copies of drafts were located. Similarly, the 10 SFS found the current, as of the date of the search, database entry relating to an October 19, 2002 incident at the Academy's football stadium that had involved plaintiff.

6. In addition, Col Philipkosky and I searched the paper records in the possession of his office to determine if any of them had been addressed in the responses to plaintiff's earlier requests. Because we believed those paper records together with the records located in the search requested by Col Philipkosky constituted all of the records relating to plaintiff's disenrollment, it ultimately appeared to be a more practical approach to simply evaluate the records to determine whether they were responsive to the October 17, 2005 request rather than attempt to determine whether each had been addressed in one or more of the prior requests.

7. We identified 768 pages of material in the paper records from the USAFA legal office in the IG's possession that were responsive. I recommended to the Academy Vice Superintendent that he release 351 of these pages in full, release 70 pages with redactions under FOIA Exemptions 5 and 6, and that he withhold the remaining 362 pages in their entirety. In addition, we identified 174 pages of other material held by the IG that were responsive. I recommended that the Vice Superintendent release 52 of these pages in full, release 28 pages with redactions, and withhold 93 pages in full. These recommendations were accepted and are reflected in the Vice Superintendent's January 20, 2006 letter to plaintiff concerning the October 17, 2005 FOIA request.

8. Altogether we identified 956 pages of material in the IG's possession that were responsive to the October 17, 2005 request. Of the 956 pages, 404 pages were released in full, 98 pages were released with redactions, and 454 pages were withheld in full.

9. In preparing this declaration, I have become aware that the Vice Superintendent's January 20, 2006 letter said that 131 pages connected with plaintiff's FOIA request dated July 21, 2003 had been identified and were being withheld. In fact there were 201 pages.

Executed this 22nd day of February 2006 at the United States Air Force Academy, Colorado.

PAUL MARAJAN, Major, USAF