**ATTACHMENT A TO EXHIBIT 1**

**FOIA Appeal**

**October 3, 2003**

1. October 3, 2003 Appeal sent to USAFA

2. July 21, 2003 related FOIA

3. August 12, 2003 FOIA Appeal Response

4. August 16, 2003 related FOIA

5. September 4, 2003 FOIA Appeal Response

6. September 6, 2003 related FOIA

7. September 17, 2003 FOIA Appeal Response

8. November 17, 2003 Appeal to JACL

9. March 26, 2004 FOIA Appeal Response

10. July 20, 2005 Appeal Response

A1C Christopher Berardi
Suite # 156
1130 Wright Brothers Ave
SJAFB NC  27531
SS# 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

October 3, 2003

Office of the Secretary of the Air Force
Thru:  10 CS/SCSF
4199 Academy Drive
USAF Academy, CO 80840-4200

To whom this may concern:

I am writing to appeal the decision to not provide me with information that I asked for through three different FOIA requests.

**The first is in response to a letter dated 12 August 03 from Colonel Eddy in regard to my FIOA request:**

On July 21, 2003 I requested information that had been redacted from my MRC Executive Summary.  Attached is the letter from Col Eddy saying that this is exempt from full release because it contains internal advice and recommendations.

The following areas were redacted from the copy of the Executive Summary that I received; 34TRW Recommendations, AOC Comments, Character References, and the Deciding Factors in Committee's Recommendation.  I believe that as a former cadet who is in the BCMR process that I have the right to have the above information and cannot understand any reasoning behind it being withheld.

In regard to the 34TRW Recommendations:  There should be nothing in these comments that I am not allowed to see.  I should be able to know what the TRW recommended since they arrived at their decision based on information that came directly from my Chain of Command.  In addition, since the decision in my case has been made and final action has been taken by SECAF, the TRW recommendations are no longer pre-decisional and should be released.

The AOC comments should contain information that I already know.  Whatever he had to say should not be a secret and if he had done his job effectively, it should contain absolutely no information that he had not already discussed with me.  In addition, since the decision in my case has been made and final action has been taken by SECAF, the AOC comments are no longer pre-decisional and should be released.

Character References are people that I asked to be present to speak on my behalf.  I have no reason to assume that this is not what they did, but question why this

1

information would not be released. This information is already part of the public file in my case since I submitted numerous written character statements that have previously been released. However, I cannot check them to see if they are complete without this disclosure.

The Deciding Factors in the Committee's Recommendation should be shared with every cadet. Someone should report to the cadet what the final reasons were for recommending disenrollment. Furthermore, what could possibly be said that should not be shared with a cadet? In addition, since the decision in my case has been made and final action has been taken by SECAF, the Deciding Factors are no longer pre-decisional and should be released. Finally, since the decision has been made in my case to disenroll, the Deciding Factors are fairly obvious and there is no longer any need to protect the deliberative process. MRC regulations require that the cadet be advised of the MRC's decision and that advisement should include the Committee's rationale. Otherwise there is no meaningful opportunity to review the MRC's recommendations to ensure compliance with Academy processes and procedures.

The entire process surrounding the Hardlook MRC and the redacted information from the MRC Executive Summary is questionable. The Hardlook MRC is a process that decides a cadet's future at the Academy. I believe that I should have been able to be present during the entire proceeding and question the reasoning behind having to stand in the hallway for almost the entire procedure. This allowed those who were present to make statements that may or may not have been accurate, but I could not defend myself since I was not able to hear them.

My entire MRC packet contained inaccurate, misleading and false information that can be confirmed by the Academy's IG, Lt Col Zeh and my attorney, Charles R. Lucy. I am concerned that the redacted material contains the same false, misleading, and inaccurate information. I believe that I have a right to confirm accurate information and contest any information that is inaccurate, but can do neither since the information is kept from me pertaining to some of the final reasoning for my disenrollment.

Furthermore, information that I received as part of this request was still false even after being told by the JA and the IG at the Academy that corrections would be made. I received 3 copies of JA SSS reports through this request. The earliest dated one, I already had a copy of, but there were two additional reports that I had not seen. The JA SSS report dated May 03 contained the same false information that had been brought to Col Moody's attention and to the attention of the IG, Lt Col Zeh. After the May JA SSS report there was a meeting with Lt Gen Dallager, Col Moody (Judge Advocate), and Lt Col Zeh (Inspector General). I was told that these errors were brought to the attention of Lt Gen Dallager, however, the JA SSS report that followed dated June 03, still contained the same errors. How can I be assured that any of the documentation that was redacted is correct?

I also requested a copy of the legal review asking Lt Gen Dallager to review and reconsider disenrollment. Colonel Eddy's response was that all legal reviews were

submitted in the form of Staff Summary Sheets. My parents spoke directly with Lt Col Wolusky from the legal department who was reviewing my appeal packet that was to be submitted to the SECAF office. I believe that there is additional material from Lt Col Wolusky that is not being provided because I am using the wrong terminology.

I am requesting that you provide me with the aforementioned material that was redacted from my copy of the MRC Executive Summary as well as any information surrounding the legal review of my appeal packet.

**The second is in response to a letter dated 04 September 03 from Colonel Eddy in regard to my FIOA request:**

On August 16, 2003, I requested information listed as tabs on the bottom of the JA SSS reports that I had received in the previous FOIA request.

In the attached letter from Colonel Eddy he responds in some areas by saying that these were documents submitted by me, therefore he does not include them in the information being sent. If I am to be assured that all my documentation was submitted, I will need to receive copies of these or a list of the documents he was referring to. There is no reason why documentation that I wrote cannot be listed or sent to me. This request would fall under his "a" bullet for Appeal and his "b" bullet for Additional Matters.

When I requested transcripts from the recorder in my 12 August 03 request I was told that this was a "no records" response, however the second time around when I requested notes, I received a redacted copy of the recorders notes from the Hardlook MRC proceeding.

My same argument applies to the redacted copies of these notes as those listed above for the redacted copy of the Executive Summary. I have found many errors in the Cadet Comment notes that I received, where the recorder actually transferred comments incorrectly from the notes. Some statements that were made by others in the room were listed in the Executive Summary as things that I said. Comments that I did make were taken completely out of context and given a completely different meaning when written in the Executive Summary. I believe I have the right to question the accuracy of these notes since inaccurate information given to the Academy Board and Superintendent may have changed the outcome.

We were also told by the current recorder that all future notes from MRC proceedings will be destroyed, therefore leading me to believe that there are problems with the way the notes are formatted and used.

I am requesting that you provide me with the aforementioned material that was redacted from my copy of the recorders notes as well as the material from the tabs listed on the JA SSS reports.

**The third is in response to a letter dated 17 September 03 from Colonel Kellenbence in regard to my FIOA request:**

On September 6, 2003, I requested information pertaining to the legal review written by Lt Col Wolusky, who was one of Col Moody's Staff Legal Advisors, in regard to my appeal packet. Because of a conversation that we had with him, I know that he was doing a thorough review of my appeal packet that was over 100 pages long. I find it hard to believe that all of the information he outlined was included in the Staff Summary Sheets as we were told before. There must be further documentation used to formulate the Staff Summary sheets and inform Colonel Moody of the situation prior to his meeting with Lt Gen Dallager and Lt Col Zeh.

I received a letter from Colonel Kellenbence saying that no records exist, which leads me to believe that again I am using the wrong terminology.

I am requesting that you provide me with the aforementioned material that was created by the legal office when reviewing my case file.

In both the 12 August 2003 and the 04 September 2003 letter from Colonel Eddy, he stated that the information was exempt from full release under Title 5 USC.

The DOD Regulation 5400.7/Air Force Supplement, "DOD Freedom of Information Act Program" dated 24 June 2002, provides in paragraph C1.3.1, "...As a matter of policy, DOD Components shall make discretionary disclosures of exempt records or information whenever disclosure would not forseeably harm an interest protected by a FOIA exemption, but this policy does not create any right enforceable in court..." I believe this means that the benefit of the doubt should go to the requester seeking information under FOIA, <u>even when an exemption might apply</u>. This would especially appear to be the case if the requester is the person on whom the information has been collected. I could not see where there would be any harmful statements other than the ones directed towards me.

Within the same supplement, paragraph C1.5.3, provides: "<u>Avoidance of Procedural Obstacles</u>. DOD Components shall ensure that procedural matters do not unnecessarily impede a requester from obtaining DOD records promptly. ..." I believe that this means that the regulation requires that the Academy honor the spirit and intent of the regulation, not the strict letter of the law.  I believe that the Academy knew exactly what I was requesting when I asked for the transcripts from my Hardlook MRC, however, I got a "no records" response and had to write another request and specifically use the word "notes" before my request was honored.
One definition of transcript coming directly from the dictionary is: written copy of dictated material. I would say that this is the same as notes and that the Academy did not follow the provision within this supplement.

Finally, AF Instruction 33-332, "Air Force Privacy Act Program," dated 8 November 2000, provides an alternate avenue for access to records maintained by a

4

federal agency on an individual. It allows the individual to review records maintained on him or her and also provides for a mechanism to correct those records.

Thank you for this consideration and please send your response directly to my home address:
Christopher Berardi
1288 Telephone Road
Rush, NY 14543

Very Respectfully,

Christopher Berardi

Enclosures:
1. August 12, 2003 letter from Colonel Eddy
2. September 4, 2003 letter from Colonel Eddy
3. September 17, 2003 letter from Colonel Kellenbence
4. FOIA request dated July 21, 2003 11:29 AM
5. FOIA request dated July 21, 2003 12:52 PM
6. FOIA request dated August 16, 2003 9:33 PM
7. FOIA request dated September 6, 2003 7:53 PM

5

**Subject:**      **Request for Information**
**Date:**        7/21/2003 10:45:03 AM Eastern Daylight Time
**From:**       Christopher Berardi
**To:**          SCBD.FOIA@usafa.af.mil

Dear Sir:

I am writing to request copies of documents pertaining to my case through the Freedom of Information Act.

I was disenrolled from the USAFA mid March and most of the information that has been made available to me contains errors and false information.  Requests to correct these errors have been denied even though they have been substantiated by the Academy IG. More than likely the information that I have not been allowed to see contains the same errors or information that was used in the decision to disenroll.

I would like to request the following:
1.   Transcripts from the recorder at my hardlook MRC proceeding
2.   JA SSS
3.   Staff Summary sheets pertaining to legal issues surrounding my case
4.   Executive Summary sheets pertaining to legal issues surrounding my case.
5.   Copy of legal review asking that Gen Dallager review and reconsider disenrollment
6.   Complete copy of Academy Board packet
7.   Information considered by Lt Gen Dallager relative to my case

If I am unable to obtain any of the above documentation, please inform me of the appeal process.

Thank you for your consideration.

Respectfully,
Christopher Berardi



# DEPARTMENT OF THE AIR FORCE

### HEADQUARTERS UNITED STATES AIR FORCE ACADEMY
USAF ACADEMY, COLORADO

12 August 2003

Colonel Steven R. Eddy
Vice Superintendent
2304 Cadet Drive, Suite 342
USAF Academy CO 80840-5001

Christopher Berardi
1288 Telephone Road
Rush NY 14543

Dear Mr Berardi

　　This responds to your Freedom of Information Act request of 21 July 03 for copies of the following documents: transcripts from the recorder at the hardlook MRC, JA SSS, staff summary sheets pertaining to legal issues surrounding your case, Executive Summary pertaining to legal issues surrounding your case, legal review asking for review by General Dallager, complete copy of the Academy Board packet, and information considered by General Dallager relative to your case. The IG documents reviewed by the Superintendent were previously provided to you.

　　Transcripts for the MRC do not exist; this is a "no records" response in regard to that aspect of your request. We have provided copies of all staff summary sheets produced by JA for General Dallager's review and a redacted MRC Executive Summary. The Executive Summary from the MRC contains internal advice and recommendations and is therefore exempt from full release under Title 5, United States Code, Section 552(b)(5). All legal reviews were submitted in the form of Staff Summary Sheets, which have been provided, and we are releasing a complete copy of the package reviewed by General Dallager and Academy Board members prior to the Superintendent's recommendation to the Secretary of the Air Force.

　　If you decide to appeal this decision, you should write to the Secretary of the Air Force within 60 days from the date of this letter. Include in your appeal your reasons for reconsideration, and attach a copy of this letter. Address any appeal as follows:

　　　　　　　　Office of the Secretary of the Air Force
　　　　　　　　Thru: 10 CS/SCSF
　　　　　　　　4199 Academy Drive
　　　　　　　　USAF Academy CO 80840-4200

　　　　　　　　　　Sincerely

　　　　　　　　　　STEVEN R. EDDY, Colonel, USAF

**Commitment To Excellence**

**(4)**

**Subject:**    **FOIA request**
**Date:**        8/16/2003 9:33:57 PM Eastern Daylight Time
**From:**        Christopher Berardi
**To:**          Laurence.Mcdanel@usafa.af.mil

Dear Sir:

I received the information that I requested and thank you for the response.

The information I received is prompting me to request additional information through the Freedom of Information Act.

The requester is myself, Christopher Berardi. I am currently at Keesler AFB, and will be going to Seymour Johnson AFB in approximately 3 weeks. I am giving you permission to send the information to my home address since I do not have an address at Seymour Johnson. The address is:
1288 Telephone Road
Rush, NY 14543

I do not have a telephone number where you will be able to reach me during business hours, but you have my permission to contact my parents, Anthony or Linda Berardi, if you need to contact someone.

I agree to pay the costs of processing fees.

A.   I received two copies of JA SSS reports and had the initial report from a previous request. There is additional information listed on these reports that I would like to request.
     1. The first JA SSS report dated 24 Feb 03 lists at the bottom 3 tabs that I would like to request:        MRC Review - if this is the same as I received - don't send
               Appeal - if this is my appeal packet - don't send
               Personal Data Summary
     2. The second JA SSS report dated 29 May 03 also lists 3 tabs at the bottom I would like to request:
          Casefile - if I received this and it is called something else please indicate that to
          me
               IG Report
               Additional Matters
     3. The third JA SSS report dated 2 June 03 also lists 3 tabs that I would like to request:
Proposed letter to SECAF
               Casefile - do not need if it the same as above
               Letter of Notification

B.   Additionally, I previously requested transcripts from the recorder at my Hardlook MRC proceeding. I possibly asked for the wrong thing. I was told by Major O'Neal, who was the recorder at my Hardlook, that he would be taking notes during this process. I would like to request a copy of the information that he recorded.

C.   There is one additional item that is unclear to me. In the 2 Jun 03 JA SSS report there is a statement, # 2, that reads, "Cadet Berardi disagreed with the Superintendent's decision and submitted additional matters arguing the disenrollment but has not addressed his request for ROTC (Tab 3). Since I cannot call to get this information and Col Moody is no longer at the Academy, can you provide an explanation for this statement?

Very Respectfully,
Christopher Berardi



# DEPARTMENT OF THE AIR FORCE

### HEADQUARTERS UNITED STATES AIR FORCE ACADEMY
### USAF ACADEMY, COLORADO

0 4 SEP 2003

Colonel Steven R. Eddy
Director of Staff
2304 Cadet Drive, Suite 342
USAF Academy CO  80840-5001

Mr. Christopher Berardi
1288 Telephone Road
Rush NY  14543

Dear Mr. Berardi

This responds to your Freedom of Information Act (FOIA) request of 16 August 2003 for copies of the following documents:

a.  JA SSS dated 24 February 2003

MRC Review – Previously provided.  This is material reviewed by MRC members prior to convening and was previously provided to you.

Appeal – Documents submitted by you.

Personal Data Summary – Provided in this FOIA reply.

b.  JA SSS dated 29 May 2003

Casefile – Previously provided.  This is the material reviewed by the MRC members and included any additional matters/appeal documents submitted by you.

IG Report – Previously provided.  This document was provided to you by the Inspector General's Office.

Additional Matters – Also referred to as "appeal" were documents provided by you.

**Commitment To Excellence**

(6)

c.  JA SSS dated 2 June 2003

> Proposed Letter to SECAF – Final letter signed by General Dallager provided in this FOIA reply.

> Casefile – Previously provided.  This is the material reviewed by the MRC members and included any additional matters/appeal documents submitted by you.

> Letter of Notification – Notification Letter to you dated 18 March 2003 signed by Lt Col G. Anthony Wolusky informing you of the Superintendent's recommendation.  You received a copy of this document on 18 March 2003.

d. Notes taken by the Recorder at the MRC - The Recorder's notes are used to compose the Executive Summary, which contains internal advice and recommendations.  The majority of these notes also contains internal advice and recommendations and are therefore exempt from release under Title 5, United States Code, Section 552(b)(5).  We are providing you a redacted version of the Recorder's notes.  We previously provided you a redacted MRC Executive Summary in response to your 21 July 2003 FOIA request.

e. Explanation of statement – You asked for an explanation of the statement that reads *Cadet Berardi disagreed with the Superintendent's decision and submitted additional matters arguing the disenrollment but has not addressed his request for ROTC.*  The FOIA applies to existing Air Force records and is not designed to offer explanations or answer questions therefore this is a "no records" response.

If you decide to appeal this decision, you should write to the Secretary of the Air Force within 60 days from the date of this letter.  Include in your appeal your reasons for reconsideration, and attach a copy of this letter.  Address any appeals as follows:

> Office of the Secretary of the Air Force
> Thru:  10 CS/SCSF
> 4199 Academy Drive
> USAF Academy CO  80840-4200

> Sincerely

> STEVEN R. EDDY, Colonel, USAF

**Subject:**     **FOIA request**
**Date:**       9/6/2003 7:53:46 PM Eastern Standard Time
**From:**      Christopher Berardi
**To:**         Laurence.Mcdanel@usafa.af.mil

Dear Mr. Mcdanel:

On August 16, 2003, I sent you another request for additional information. Could you please confirm that you received this request and that it is being processed?

I am finishing my training at Keesler and will be moving to Seymour Johnson Air Force Base somewhere between September 8-11. At that time, I hope to be able to set up my own email address and have my own computer. Until then, I will need to continue to use my parent's account.

There is one additional piece of information that I would like to request. My attorney believes that there was a legal review written by Lt Col Wolusky prior to my appeal packet being sent to the SECAF office. I would like to have a copy of this as well.

My address and information is the same for the time being and I will pay the cost associated with this request.

Thank you for your time.

Very Respectfully,
Christopher Berardi



# DEPARTMENT OF THE AIR FORCE

### HEADQUARTERS UNITED STATES AIR FORCE ACADEMY
### USAF ACADEMY, COLORADO

17 September 2003

Colonel Wayne H. Kellenbence
Director of Staff
2304 Cadet Drive, Suite 342
USAF Academy CO  80840-5001

Mr. Christopher Berardi
1288 Telephone Road
Rush NY  14543

Dear Mr. Berardi

   This responds to your Freedom of Information Act request of 6 September 2003 for a copy of the legal review written by Lieutenant Colonel Wolusky prior to your appeal package being sent to the Secretary of the Air Force.

   A thorough search has been conducted at all locations most likely to have the requested records, but none were found.  We therefore conclude that no records exist.

   If you decide to appeal this decision, you should write to the Secretary of the Air Force within 60 days from the date of this letter.  Include in your appeal your reasons for reconsideration, and attach a copy of this letter.  Address any appeals as follows:

   Office of the Secretary of the Air Force
   Thru:  10 CS/SCSF
   4199 Academy Drive
   USAF Academy CO  80840-4200

   Sincerely

   WAYNE H. KELLENBENCE, Col, USAF

Commitment To Excellence

(9)



**DEPARTMENT OF THE AIR FORCE**
AIR FORCE LEGAL SERVICES AGENCY (AFLSA)

November 17, 2003

AFLSA/JACL
Information Litigation
1501 Wilson Blvd, 7th Floor
Arlington, VA 22209-2403

Mr. Christopher Barardi
1288 Telephone Road
Rush, NY 14543

Dear Mr. Barardi

    We received your FOIA appeal dated October 3, 2003 from HQ USAFA/DS and have
assigned it the following number: **JACL 04011.** Please refer to the JACL number in any future
correspondence with us regarding this appeal. Our policy is to process appeals in the order in
which we receive them. We received this appeal on November 17, 2003.

    Once we have completed our review, we will forward your appeal to the Office of the
Secretary of the Air Force for final action. That office will respond directly to you concerning
that action.

    Please notify our office if your address is incorrect or if it changes during this process.
Thank you for your patience and be assured that we will review your appeal as carefully and
quickly as possible. If you have any questions, our office can be reached at (703) 696-9141.

Sincerely

LORI HILDERBRAND
Paralegal Specialist,
Information Litigation Branch

cc: USAFA/DS



**DEPARTMENT OF THE AIR FORCE**
AIR FORCE LEGAL SERVICES AGENCY (AFLSA)

November 17, 2003

AFLSA/JACL
Information Litigation
1501 Wilson Blvd, 7th Floor
Arlington, VA 22209-2403

Mr. Christopher Barardi
1288 Telephone Road
Rush, NY 14543

Dear Mr. Barardi

We received your FOIA appeal dated October 3, 2003 from HQ USAFA/DS and have assigned it the following number: **JACL 04012.** Please refer to the JACL number in any future correspondence with us regarding this appeal. Our policy is to process appeals in the order in which we receive them. We received this appeal on November 17, 2003.

Once we have completed our review, we will forward your appeal to the Office of the Secretary of the Air Force for final action. That office will respond directly to you concerning that action.

Please notify our office if your address is incorrect or if it changes during this process. Thank you for your patience and be assured that we will review your appeal as carefully and quickly as possible. If you have any questions, our office can be reached at (703) 696-9141.

Sincerely

LORI HILDERBRAND
Paralegal Specialist,
Information Litigation Branch

cc: USAFA/DS



# DEPARTMENT OF THE AIR FORCE
### HEADQUARTERS UNITED STATE AIR FORCE ACADEMY
### USAF ACADEMY. COLORADO

26 Mar 03

Laurence L. McDanel .
10 CS/SCSF
4199 Academy Drive
USAF Academy CO  80840-4200

Christopher Berardi
1288 Telephone Road
Rush NY  14543

Dear Mr Berardi

1.  In response to your Freedom of Information Act appeal, we are providing you with unredacted copies of the Military Review Committee (MRC) recorder's notes and the MRC Executive Summary.  In addition, we are providing you with a copy of all the material contained under the tabs identified as "Appeal" and "Additional Matters" on the JA Staff Summary Sheets.  The specific materials are listed and included at Attachment 1 and Attachment 2, respectively.

2.  With respect to your 29 September 2003 FOIA request, we have conducted a through search of USAFA/JA records and did not find any other documents generated from USAFA/JA concerning your disenrollment beyond those which have previously been or are now being provided at Attachment 2 and Attachment 3.  Accordingly, we conclude there are no other records.  In addition, the 10th Communications Squadron was asked to search for e-mail traffic from the USAFA/JA Staff Judge Advocate and Deputy Staff Judge Advocate however, archive tapes are only kept for 90 days.  Therefore, we found no records of e-mails that may have been generated by those individuals.

3.  Please notify us whether or not you would like to withdraw all or part of your pending appeal.  If you decide to appeal this decision, you should write to the Secretary of the Air Force within 60 days from the date of this letter.  Include in your response your reasons for reconsideration, and attach a copy of this letter.  Address your response as follows:

**Commitment To Excellence**

Office of the Secretary of the Air Force
Thru:  10 CS/SCSF
4199 Academy Drive
USAF Academy CO  80840

Sincerely

LAURENCE L. MCDANEL
Freedom of Information Manager

4 Attachments:
Appeal
Additional Matters
Documents Generated from HQ USAFA/JA
MRC Recorders Notes and Exec Summary



# DEPARTMENT OF THE AIR FORCE
### WASHINGTON DC

OFFICE OF THE GENERAL COUNSEL

2 9 JUL 2005

SAF/GCA
1740 Air Force Pentagon
Washington DC 20330-1740

Mr. Christopher Berardi
PO Box 3641
USAFA, CO 80840

Dear Mr. Berardi

This replies to your October 3, 2003 appeal (JACL # 04011 and JACL #04012) under the Freedom of Information Act (FOIA) of the determination by Colonel Steven R. Eddy, Vice Superintendent, USAF Academy, Colorado, that partially denied your request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for copies of various documents pertaining to your disenrollment from the USAF Academy and for copies of documents listed as tabs to three JA staff summary sheets you were previously provided.

This also replies to your October 3, 2003 and October 23, 2003 appeals (JACL #04013) under the FOIA of the "no records" determination by Colonel Wayne H. Kellenbence, Director of Staff, USAF Academy, Colorado, in response to your request for a legal review written by Lt Col Wolusky and additional notes, memorandums, e-mails, correspondence, etc. generated from HQ USAFA/JA regarding your disenrollment case.

In response to your October 3, 2003, 10 CS/SCSF released all matters in unredacted form to you on March 26, 2004 that were the subject of JACL #04011 and JACL #04012. Therefore, you have been provided all documents in response to your October 3, 2003 appeal as relates to JACL #04011 and JACL #04012.

Regarding the remaining portion of your October 3, 3003 and October 23, 2003 appeals (JACL #04013), I have been delegated the responsibility to conduct the Office of the Secretary of the Air Force review in your case. I have considered your appeals, and have determined that they should be denied.

In response to your September 6 and 29, 2003 FOIA requests (JACL #04013), HQ USAFA/JA searched your entire case file as well as the computer shared drive, and no responsive or additional records were located. Furthermore, subsequent to receipt of your appeals, a second search was conducted of your case file and the computer shared drive, and no responsive or additional records were located. Lastly, the 10th Communications Squadron searched all e-mail traffic from Colonel James E. Moody, USAFA Staff Judge Advocate, and Lt Col Wolusky, Deputy Staff Judge Advocate. However, archive tapes are only kept for 90 days.

2

Therefore, no responsive e-mails were located.  Additionally, Lt Col Wolusky was contacted at his current duty assignment, and he stated that any documents he may have generated pertaining to your case would be stored on the USAFA/JA shared drive.  However, two searches of the USAFA/JA shared drive revealed no additional legal reviews written by Lt Col Wolusky.

This constitutes the final Air Force action on your appeal.  The Freedom of Information Act, 5 U.S.C. § 552, provides for judicial review of this determination.

Sincerely

Don W. Fox
Deputy General Counsel
(Fiscal and Administrative Law)

# ATTACHMENT B TO EXHIBIT 1

## FOIA Appeal

### October 23, 2003

1. October 23, 2003 Appeal sent to USAFA

2. September 29, 2003 related FOIA

3. October 9, 2003 FOIA Appeal Response

4. November 17, 2003 Appeal to JACL

5. March 26, 2004 FOIA Appeal Response

6. July 20, 2005 Appeal Response

A1C Christopher Berardi
Suite # 156
1130 Wright Brothers Ave
SJAFB NC  27531
SS# 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

October 23, 2003

Office of the Secretary of the Air Force
Thru:  10 CS/SCSF
4199 Academy Drive
USAF Academy, CO 80840-4200

To whom this may concern:

I am writing to appeal the letter from Colonel Kellenbence dated
09 October 2003 that was an answer to my FOIA request of 29 September 2003,
determining that there were no further documents from the legal office pertaining
to my case. My request asked for any notes, memorandums, e-mails,
correspondence, etc. from the legal office regarding my disenrollment case.
Colonel Kellenbence stated in his October letter that I had previously received all
documents generated from the USAFA legal office.

All I have received, to date, are copies of three Staff Summary Sheets
signed by Colonel Moody, all of which contain false information.

The first Staff Summary Sheet I received was dated **24 Feb 03** and was
obtained by my attorney.  This SSS was written before the Academy Board
review and before my case went back to Lt Gen Dallager the second, third, and
fourth time.  In the summary of this report in response **#1** it says, "Cadet Berardi
accepts responsibility and sees his flaws in poor decision making but denies
learning anything from probation..."  This was a statement that I did not make,
but after receiving the recorder's notes, I realize that he incorrectly transcribed
this comment as something that I said.  In **# 2** of this SSS it states, "When C2C
Jaina Wright received her demerits for losing her ID, Col Coffman was no longer
the 34 TRG Commander and therefore the policy was changed."  This is a false
statement.  Lt Col Zeh has confirmed several times that the policy was never
changed between my receiving 40 demerits and C2C Jaina Wright receiving 15.
It could be that C2C Jaina Wright's AOC was following the only written policy,
which would make an ID card loss a Class B hit.  If this were the case, this
information should only have substantiated the fact that there was no policy
stating that 40 demerits should be assigned.  Summary item **# 3** states, "...Cadet
Berardi was on athletic, conduct and aptitude probation."  This is another false
statement.  I was never on athletic probation.  Shortly after we received a copy of
this report, my parents talked with Colonel Moody.  He assured them that if his
report contained inaccurate information that he certainly would want to correct it

1

before being sent to the SECAF office. We assumed that he would follow through and do this. We have not received the corrected version of this JA SSS report. Am I to assume that Colonel Moody never corrected the errors before sending it to the SECAF office since Colonel Kellenbence is saying that I have received everything?

After the first JA SSS there was a packet put together to be forwarded to the SECAF office of at least 300 pages. This packet was reviewed by Lt Col Wolusky in the legal department. During the time of this review my parents spoke to him on the telephone and he told them he would be doing a thorough review and he estimated it taking several days to complete. The findings from his review were enough for Colonel Moody to concur with Lt Col Zeh and ask that Lt Gen Dallager review the case one more time to consider reversal of the dismissal before the Acting Superintendent sent it to the SECAF office.

The second JA SSS dated **29 May 03** that went to Lt Gen Dallager supposedly contained the information from Lt Col Wolusky's review. In the Summary section **# 1** it states, "Sometime after the Academy Board, the SUPT was informed by the IG about Col Slavec's (34 TRG/CC) alleged comments, which could have biased the recommendation of the chain of command. The SUPT confirmed that he would not have altered his disenrollment decision on that point alone." This is also a false statement. At this point the comments made by Col Slavec were **no longer alleged, but confirmed** in the 17 April 03 IG report. The 7 May 03 IG report stated, "The Superintendent evaluated this situation, and while the comments were probably not well thought out, under the circumstances the chain of command did not see any basis to believe that they improperly influenced the processing of this case." This report along with the 17 April 03 IG report confirms that the comments were not alleged and the Superintendent himself stated that the comments were made by saying that they were not well thought out. It also states that the chain of command did not see any basis to believe that they improperly influenced the processing of this case. Therefore, am I to assume that by merely asking the chain of command if there was Command Influence, and by them saying, "no", then it is dismissed? Summary item **# 2** states, "The report found that Cadet Berardi's AOC incorrectly told the cadet he could not correct mistakes in his record before Academy Board review and several instances where AOC's were not supportive of the cadet during the probation process. Otherwise, the IG's observations relate to administrative matters that would not have substantial impact on the MRC, Academy Board or disenrollment decision." I do not believe that anything would have changed the MRC decision because many of those involved were players in the problems I had, however, I do not think that anyone except for the Academy Board could comment on whether or not information would have impacted their decision. If you go back and review some of the information in my appeal packet, you would note that the two above mentioned items in the JA SSS were two of the least important. Nowhere do I see mention of the false police report, my AOC threatening me, the biased actions that took place at my

2

Softlook MRC, the non standard format that was used for my counseling that resulted in a Form 10 for me, false and inaccurate information in my MRC packet, Cadet McIntyre's academic history being included in my packet, the possibility of AFCWI not being followed, inequitable punishments, and the lack of written policies. Or am I to assume that these are just "administrative matters?" Summary item # 4 states, "At the time of disenrollment, Cadet Berardi was on athletic, conduct and aptitude probation." **I was not on athletic probation and this was pointed out to Colonel Moody by my parents and Lt Col Zeh.** Where is the information from Lt Col Wolusky's thorough review? There either has to be further documentation of the review of my case or I can safely assume that this review was not done thoroughly by the legal department.

In the third JA SSS dated **2 June 03** Summary item # 1 states, "Cadet Berardi filed an Inspector General (IG) complaint and hired a civilian attorney alledging his case was handled improperly." This statement is not completely accurate. My attorney wrote a letter alledging that my case was not handled properly. I brought many individual items to the IG and asked that they be addressed individually. Almost all of these items were substantiated by the IG report, but this is not stated anywhere on this JA SSS. Summary item # 3 states, "At the time of disenrollment, Cadet Berardi was on athletic, conduct and aptitude probation." As I have stated two times in the above information, **I was not on athletic probation**. Colonel Moody knew that this information was not correct. Lt Col Wolusky should have known if he reviewed my case, and Lt Col Zeh was aware all along that this information was not correct.

Again, I am requesting any and all documentation generated from the legal department pertaining to my case. I can assume if there is no further documentation that a thorough review was not done pertaining to my case and that false information in these reports was left uncorrected for no apparent reason.

Very Respectfully,

Christopher Berardi

3

**Subject:** **FOIA Request**
**Date:** 9/29/2003 10:00:32 PM Eastern Standard Time
**From:** christopher.berardi@seymourjohnson.af.mil
**To:** Laurence.Mcdanel@usafa.af.mil

Dear Sir:

I received the previous information that I requested and thank you for the response.

There is one piece of additional information that I need to request.

The requester is myself, Christopher Berardi. I am currently at Seymour Johnson AFB. I am giving you permission to send the information to my home address:
Christopher Berardi
1288 Telephone Road
Rush, NY 14543

I do not have a telephone number where you will be able to reach me during business hours, but you have my permission to contact my parents, Anthony or Linda Berardi, if you need to contact someone.

I agree to pay the costs of processing fees.

Lt Col Wolusky, who was one of Colonel Moody's Staff Legal Advisors, reviewed my appeal packet prior to it being sent to the SECAF office. My appeal packet was over 100 pages long and I know it took him several days to complete the review. During this process, my parents spoke to him on the phone and he told them that he was doing a thorough review. We were told through the last request that all legal reviews were in the form of Staff Summary Sheets, however, the information in the JA SSS reports that we received was very vague and did not cover even a portion of the material. There must be additional documentation that was used to prepare Colonel Moody for his meeting with Lt Gen Dallager and to inform him of my situation. Please provide me with any documentation, including, but not limited to, notes, memorandum, emails, correspondence, etc., that generated from my case within legal department.

Thank you.

Respectfully,
Christopher Berardi



# DEPARTMENT OF THE AIR FORCE

### HEADQUARTERS UNITED STATES AIR FORCE ACADEMY
### USAF ACADEMY, COLORADO

0 9 OCT 2003

Colonel Wayne H. Kellenbence
Director of Staff
2304 Cadet Drive, Suite 342
USAF Academy CO  80840-5001

Mr. Christopher Berardi
1288 Telephone Road
Rush NY  14543

Dear Mr. Berardi

    This responds to your Freedom of Information Act request of 29 September 2003 for notes, memorandums, e-mails, correspondence, etc., generated from HQ USAFA/JA regarding your disenrollment case.

    You have previously been provided copies of all documents generated from the USAFA legal office regarding your disenrollment case.

    If you decide to appeal this decision, you should write to the Secretary of the Air Force within 60 days from the date of this letter.  Include in your appeal your reasons for reconsideration, and attach a copy of this letter.  Address any appeals as follows:

        Office of the Secretary of the Air Force
        Thru:  10 CS/SCSF
        4199 Academy Drive
        USAF Academy CO  80840-4200

        Sincerely

        WAYNE H. KELLENBENCE, Col, USAF

**Commitment To Excellence**



**DEPARTMENT OF THE AIR FORCE**
AIR FORCE LEGAL SERVICES AGENCY (AFLSA)

November 17, 2003

AFLSA/JACL
Information Litigation
1501 Wilson Blvd, 7th Floor
Arlington, VA 22209-2403

Mr. Christopher Barardi
1288 Telephone Road
Rush, NY 14543

Dear Mr. Baradi

　　　　We received your FOIA appeal dated October 23, 2003 from HQ USAFA/DS and have assigned it the following number: **JACL 04013.** Please refer to the JACL number in any future correspondence with us regarding this appeal. Our policy is to process appeals in the order in which we receive them. We received this appeal on November 17, 2003.

　　　　Once we have completed our review, we will forward your appeal to the Office of the Secretary of the Air Force for final action. That office will respond directly to you concerning that action.

　　　　Please notify our office if your address is incorrect or if it changes during this process. Thank you for your patience and be assured that we will review your appeal as carefully and quickly as possible. If you have any questions, our office can be reached at (703) 696-9141.

　　　　　　　　　　　　　Sincerely

　　　　　　　　　　　　　LORI HILDERBRAND
　　　　　　　　　　　　　Paralegal Specialist,
　　　　　　　　　　　　　Information Litigation Branch

cc: USAFA/DS



**DEPARTMENT OF THE AIR FORCE**
HEADQUARTERS UNITED STATE AIR FORCE ACADEMY
USAF ACADEMY. COLORADO

26 Mar 03

Laurence L. McDanel
10 CS/SCSF
4199 Academy Drive
USAF Academy CO  80840-4200

Christopher Berardi
1288 Telephone Road
Rush NY  14543

Dear Mr Berardi

1.  In response to your Freedom of Information Act appeal, we are providing you with
unredacted copies of the Military Review Committee (MRC) recorder's notes and the
MRC Executive Summary.  In addition, we are providing you with a copy of all the
material contained under the tabs identified as "Appeal" and "Additional Matters" on the
JA Staff Summary Sheets.  The specific materials are listed and included at Attachment 1
and Attachment 2, respectively.

2.  With respect to your 29 September 2003 FOIA request, we have conducted a through
search of USAFA/JA records and did not find any other documents generated from
USAFA/JA concerning your disenrollment beyond those which have previously been or
are now being provided at Attachment 2 and Attachment 3.  Accordingly, we conclude
there are no other records.  In addition, the 10th Communications Squadron was asked to
search for e-mail traffic from the USAFA/JA Staff Judge Advocate and Deputy Staff
Judge Advocate however, archive tapes are only kept for 90 days.  Therefore, we found
no records of e-mails that may have been generated by those individuals.

3.  Please notify us whether or not you would like to withdraw all or part of your pending
appeal.  If you decide to appeal this decision, you should write to the Secretary of the Air
Force within 60 days from the date of this letter.  Include in your response your reasons
for reconsideration, and attach a copy of this letter.  Address your response as follows:

**Commitment To Excellence**

Office of the Secretary of the Air Force
Thru:  10 CS/SCSF
4199 Academy Drive
USAF Academy CO  80840

Sincerely

LAURENCE L. MCDANEL
Freedom of Information Manager

4 Attachments:
Appeal
Additional Matters
Documents Generated from HQ USAFA/JA
MRC Recorders Notes and Exec Summary

A1C Christopher Berardi
Suite # 156
1130 Wright Brothers Avenue
SJAFB NC 27531
SS# 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


April 4, 2004


10 CS/SCSF
4199 Academy Drive
USAF Academy, CO  80840-4200

Dear Mr. McDanel,

In the letter I received from you dated 26 March 04 you requested that I notify you in regard to whether or not I wanted to withdraw all or part of my pending appeal. The JACL numbers in my case are JACL 04011, JACL 04012, and JACL 04013.

There were four appeals written within two letters to the Office of the Secretary.  I have attached those letters for your reference and will answer your request directly from those letters.

In the October 3, 2003 appeal letter to the SECAF office I addressed three separate FOIA replies from the USAF Academy.
1. The first appeal was in response to a reply from Colonel Eddy dated 12 August 03. **The portion of this appeal regarding the redacted information from my MRC packet I will withdraw.**  You provided me with this information in your 26 March 04 reply.
2. Also within the same letter from Colonel Eddy dated 12 August 03, I appealed his response that all legal reviews were in the form of Staff Summary Sheets. I had requested a copy of the legal review asking that Gen Dallager review and reconsider disenrollment. Sandie Miles, from the JA office told us that Lt Col Wolusky was doing the review. We personally talked to Lt Col Wolusky about the review of my case that included my appeal packet to the SECAF office.  He felt that it would take a couple of days to review all the material, but we could be assured that it would be thorough. Lt Col Zeh, USAFA/IG confirmed that the legal department was reviewing my appeal packet.  Colonel Eddy's response that all legal reviews were in the form of Staff Summary Sheets is unacceptable for a few reasons.  My appeal packet was very extensive and with the attachments was probably a couple of hundred pages long.  If Lt Col Wolusky did a thorough review as he claimed, I would like to know where this information exists.  There were two Staff Summary Sheets that would pertain to the time frame of this review.  The June 2, 2003 Staff Summary Sheet contained no reference to any of the information in my appeal packet with the exception of a statement saying that I filed an IG report and hired a civilian attorney.  The second Staff Summary Sheet dated May 29, 2003 contained approximately three sentences regarding my entire appeal packet.  I do not call this a thorough review. **This portion of my appeal letter has not been satisfied and I consider it still pending.**

3.  The second appeal was in response to a letter dated 04 September 03 from Colonel Eddy. I requested the redacted copy of the Recorder's notes as well as the materials listed under the tabs of the JA SSS reports. **The portion of this appeal regarding the redacted Recorder's notes and the tabs from the JA SSS reports I will withdraw.** You provided me with this information in your 26 March 04 reply.

4.  The third appeal was in response to a letter dated 17 September 03 from Colonel Kellenbence. In this request I had specifically asked for the legal review that was done by Lt Col Wolusky. His reply stated that there were no records. This entire scenario does not add up. My attorney supplied the legal office at the USAFA my appeal packet that was extensive. We were told that there was a review by three different people. There is no possible way that Lt Col Wolusky could have reviewed this packet and kept all of the information in his head. He would have had to make notes. When the FOIA replies tell me that the only legal reviews are in the form of Staff Summary Sheets and these sheets only contain 3 or 4 sentences regarding my appeal, it does not match the previous information I was given. You provided the documents that were attached to the JA Staff Summary Sheets and these are basically all copies of documents that I had written. **Therefore, this portion of my appeal letter has not been satisfied and I consider it still pending.**

In my October 23, 2003 appeal letter to the SECAF office, I addressed one FOIA reply from the USAF Academy. My request was surrounding the same information from the legal department, but I expanded the request to cover all documentation. The reply from Colonel Kellenbence in a letter dated 09 October 2003 stated that I had received all documents generated from the USAFA legal office. Without further explanation, this contradicts what I was told by Sandie Miles, Lt Col Wolusky and Lt Col Zeh. Colonel Kellenbence states that I have received all information from the legal department. Outside what I submitted and the IG report, I am being told that the legal office only generated three Staff Summary Sheets all of which contained false information. If a legal review took place as I was told, there would have to be further documentation. **Therefore, this appeal letter has not been satisfied and I consider it still pending.**

This appeal packet contained allegations of Command Influence. The USAFA/IG investigation confirmed that the comments were made. From this point on, there appears to be no further investigation into the matter. The USAFA/IG investigation did not fully determine that Command Influence existed, but it did not deny my allegation either. The USAFA/JA appears to not even have addressed the issue since the Academy cannot provide me with any documentation surrounding a review or investigation. Lt Gen Dallager only addressed the issue to the point of telling me that the Chain of Command said there was no Command Influence. The Chain of Command was where the Command Influence existed, so obviously they should not be determining this issue.

I outlined in my October 23, 2003 FOIA appeal letter the mistakes within the three JA SSS reports. Some of the errors were in the original February report, but if a review or investigation took place based on my appeal packet, the same errors should not have been repeated in the May and June JA SSS reports. Some of the information in these reports actually conflicts with the IG investigation. When I questioned the IG about the errors in the JA SSS reports, he confirmed that the information was not correct. If this was the only information that was presented to the

2

Superintendent or the SECAF office, then both of these offices were provided false and inaccurate information by the USAFA/JA office prior to their final decisions.

Since all FOIA replies regarding information within the legal department indicate that there was no review or investigation, my appeal would be satisfied with a reply from the Academy stating that since no records can be found it has been determined that no review or investigation took place. Without the information or a statement from the Academy, I will consider all of the above mentioned still pending.

DoD Regulation 5400.7 / Air Force Supplement dated 24 June 2002 paragraph C5.3.3.2. states that final determinations on appeals normally shall be made in 20 working days after receipt. Paragraph C5.3.4.1. of the same Regulation states that if additional time is needed due to unusual circumstances described in C5.2.6., above, the final decision may be delayed for the number of working days (not to exceed 10), that were not used as additional time for responding to the initial request. The same Regulation, paragraph C5.3.4.2. states that if determination cannot be made and the requester notified within 20 working days, the appellate authority shall acknowledge to the requester, in writing, the date of receipt of the appeal, the circumstances surrounding the delay, and the anticipated date for substantive response. According to this instruction, the reply I received from your office was 63 days late since I received no letter telling me that additional time was needed. I would like to be provided with an approximate time that I can expect this pending material to be addressed.

Thank you for your time.

Very Respectfully,

Christopher Berardi

Enclosures:
1. October 3, 2003 Appeal letter
2. October 23, 2003 Appeal letter

3



**DEPARTMENT OF THE AIR FORCE**
WASHINGTON DC

OFFICE OF THE GENERAL COUNSEL

2 6 JUL 2005

SAF/GCA
1740 Air Force Pentagon
Washington DC 20330-1740

Mr. Christopher Berardi
PO Box 3641
USAFA, CO 80840

Dear Mr. Berardi

This replies to your October 3, 2003 appeal (JACL # 04011 and JACL #04012) under the Freedom of Information Act (FOIA) of the determination by Colonel Steven R. Eddy, Vice Superintendent, USAF Academy, Colorado, that partially denied your request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for copies of various documents pertaining to your disenrollment from the USAF Academy and for copies of documents listed as tabs to three JA staff summary sheets you were previously provided.

This also replies to your October 3, 2003 and October 23, 2003 appeals (JACL #04013) under the FOIA of the "no records" determination by Colonel Wayne H. Kellenbence, Director of Staff, USAF Academy, Colorado, in response to your request for a legal review written by Lt Col Wolusky and additional notes, memorandums, e-mails, correspondence, etc. generated from HQ USAFA/JA regarding your disenrollment case.

In response to your October 3, 2003, 10 CS/SCSF released all matters in unredacted form to you on March 26, 2004 that were the subject of JACL #04011 and JACL #04012. Therefore, you have been provided all documents in response to your October 3, 2003 appeal as relates to JACL #04011 and JACL #04012.

Regarding the remaining portion of your October 3, 3003 and October 23, 2003 appeals (JACL #04013), I have been delegated the responsibility to conduct the Office of the Secretary of the Air Force review in your case. I have considered your appeals, and have determined that they should be denied.

In response to your September 6 and 29, 2003 FOIA requests (JACL #04013), HQ USAFA/JA searched your entire case file as well as the computer shared drive, and no responsive or additional records were located. Furthermore, subsequent to receipt of your appeals, a second search was conducted of your case file and the computer shared drive, and no responsive or additional records were located. Lastly, the 10th Communications Squadron searched all e-mail traffic from Colonel James E. Moody, USAFA Staff Judge Advocate, and Lt Col Wolusky, Deputy Staff Judge Advocate. However, archive tapes are only kept for 90 days.

2

Therefore, no responsive e-mails were located. Additionally, Lt Col Wolusky was contacted at his current duty assignment, and he stated that any documents he may have generated pertaining to your case would be stored on the USAFA/JA shared drive. However, two searches of the USAFA/JA shared drive revealed no additional legal reviews written by Lt Col Wolusky.

This constitutes the final Air Force action on your appeal. The Freedom of Information Act, 5 U.S.C. § 552, provides for judicial review of this determination.

Sincerely

Don W. Fox
Deputy General Counsel
(Fiscal and Administrative Law)