# ATTACHMENT C TO EXHIBIT 1

## FOIA Appeal

## May 25, 2004

1. May 25, 2004 Appeal sent to USAFA

2. February 27, 2004 related FOIA

3. March 22, 2004 FOIA Appeal Response

4. April 8, 2004 related FOIA

5. May 12, 2004 FOIA Appeal Response

6. August 16, 2004 FOIA Appeal Response

7. July 22, 2005 Appeal to JACL

8. February 10, 2006 Appeal Response

A1C Christopher Berardi
Suite # 156
1130 Wright Brothers Ave
SJAFB NC  27531
SS# 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

May 25, 2004

Office of the Secretary of the Air Force
Thru:  10 CS/SCSF
4199 Academy Drive
USAF Academy, CO 80840-4200

To whom this may concern:

    I am writing to appeal the decision by the U.S. Air Force Academy to not provide me with information that I asked for through two FOIA requests.

    On February 27, 2004 (**Attachment 2**) I sent a FOIA request asking for any and all information in the possession of the Superintendent's Office and the 34th TRW including the offices of Major Pleasants, Lt Col Rose, Lt Col Hammes, and SSgt Gullickson.  In a FOIA response letter dated March 22, 2004, Brigadier General Weida replied by answering the request from the TRW and the aforementioned offices.  <u>I received no response at all in regard to my request from the Superintendent's Office.</u>  On April 8, 2004 (**Attachment 3**) I sent another FOIA request asking for any and all information from the Superintendent's Office pertaining to my case.  I received a reply to the request in a letter dated May 12, 2004 (**Attachment 1**) from Colonel Kellenbence in which he stated, "Your request is being totally denied. Any routing slips or staff summary sheets are exempt from release as they contain deliberative decision-making as part of the decision-making process under exemption 5.  The authority of this exemption is in the United States Code, Title 5, Section 552(b) (5) of the Freedom of Information Act."

    This FOIA appeal is based on several grounds.  First, my request asked for any and all information from the Superintendent's Office.  The request also asked that if any documents are withheld partially or in their entirety that they be individually identified.  The only items that Colonel Kellenbence addressed were routing slips and Staff Summary Sheets.  Based on conversations with Lt Col Lori Salgado, HQ USAFA/CCE and information sent to the office, I know there is more in my file than routing slips and Staff Summary Sheets, however, nothing was sent and nothing was individually identified. Since Colonel Kellenbence provided no attachments with his letter, am I to assume that all that exists in the Superintendent's file is routing slips and staff summary sheets?  The DOD Regulation 5400.7/Air Force Supplement, "DOD Freedom of Information Act Program" dated 24 June 2002, provides in paragraph C5.2.5.7., " When denying a request for records, in whole or in part, a DoD Component shall make a reasonable effort to estimate the volume of the records denied and provide this estimate to the requester." Not only were the withheld documents not individually identified as I

1

requested, there was no information indicating the volume of records denied. This request was not answered.

Second, a routing slip has already been released by the 34th TRW (**Attachment 4**) in response to a separate FOIA request in my case. Since the Freedom of Information Act exemptions are discretionary, they can be waived when exempt material is intentionally disclosed. Since the routing slip was intentionally disclosed by the 34th TRW, I see no reason why the remaining routing slips should not be disclosed. Furthermore, they contain no deliberative or pre-decisional material.

Third, the routing slips and responses were in regard to a letter written by my parents dated May 7, 2003. (**Attachment 5**).These responses had nothing to do with deliberative or pre-decisional material, but were merely answers to the questions that were set forth in the letter. Lt Col Lori Salgado underlined and annotated portions of this letter and asked for responses in order to answer the letter written by my parents. This letter had absolutely nothing to do with any decision made, but was a request for clarification or information. Assuming that all responses were purely factual and answered the outlined questions, these routing slips and responses would not qualify for exemption under 5 U.S.C. 552(b)(5).

Additionally, Lt Col Lori Salgado made a request through these routing slips with the annotated letter, asking that the indicated offices answer the questions that were outlined in my parents letter (**Attachment 6**). When comparing the letter from my parents, Attachment 5, to the <u>Inspector General Findings to the May 7, 2003 Berardi Letter to USAFA/CC</u> (**Attachment 7**), many of the outlined questions were not answered or if they were answered the information was not included in the report. Since this information is important to my BCMR appeal, and the questions were asked, it seems appropriate that I supply this information to the Board. When reviewing these documents, you will see that the information I requested was neither deliberative nor pre-decisional.

Fourth, Staff Summary Sheets have already been released by the JA office (**Attachment 8**). Why are Staff Summary Sheets releasable from one office and not another when my case remained the same for all offices throughout the process? Again, 5 U.S.C. 552 supports the proposition that the exemption can be waived when exempt material is intentionally disclosed. Since the Staff Summary Sheets were intentionally disclosed by the JA office, I see no reason why the remaining Staff Summary Sheets should not also be disclosed.

The DOD Regulation 5400.7/Air Force Supplement, "DOD Freedom of Information Act Program" dated 24 June 2002, provides in paragraph C1.3.1, "...As a matter of policy, DOD Components shall make discretionary disclosures of exempt records or information whenever disclosure would not forseeably harm an interest protected by a FOIA exemption, but this policy does not create any right enforceable in court..." I believe this means that the benefit of the doubt should go to the requester seeking information under FOIA, <u>even when an exemption might apply</u>. This would especially appear to be the case if the requester is the person on whom the information has been collected. I cannot individually appeal documents because I was not told what exists in the file. Within the same supplement, paragraph C1.5.3, provides: "<u>Avoidance of Procedural Obstacles</u>. DOD Components shall ensure that

2

procedural matters do not unnecessarily impede a requester from obtaining DOD records promptly. ..." I believe that this means that the regulation requires that the Academy honor the spirit and intent of the regulation, not the strict letter of the law. Not only did I not receive a prompt reply to the original request, I received no reply at all, thus delaying the process by additional months. I believe that the Academy knew exactly what I was requesting when I asked for routing slip responses and review of my records would have clearly indicated that this was not deliberative or decision making documentation. Denial of information that was neither deliberative nor pre-decisional only delays the process through appeal.

   Colonel Kellenbence denied my request based on exemption 552(b) (5) of the Freedom of Information Act. This exempts inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than the agency in litigation with the agency. However, Paragraph C3.2.1.5.3., states, "Inter- or intra-agency memoranda or letters that are factual, or those reasonable segregable portions that are factual, are routinely made available through discovery, and shall be made available to a requester..." In this case, there was no effort to segregate those portions of the withheld records that were purely factual. In the case Staff Summary Sheets, much of the information is factual and can be released. I would assume that responses to the routing slips would be factual as well since Lt Col Lori Salgado was asking to have questions and concerns addressed. In addition, if the Staff Summary Sheets contain a recommendation that is later adopted by the decision maker, then that recommendation must also be released. Paragraph C3.2.1.5.5.

   Finally, AF Instruction 33-332, "Air Force Privacy Act Program," dated 8 November 2000, provides an alternate avenue for access to records maintained by a federal agency on an individual. It allows the individual to review records maintained on him or her and also provides for a mechanism to correct those records.

   I would also like to add that if my original request had been answered in a timely fashion, I could have appealed this decision long before now. This is important because I am currently appealing my disenrollment from the Academy to the Air Force Board for the Correction of Military Records. I trust that the Academy shares my desire to have the administrative record in my case as complete as possible.

   In Summary, I am requesting notification of the existing documents pertaining to my case in the Superintendent's Office. If they are not exempt under Title 5, then I should receive copies of these documents. If for some reason Title 5 applies, I would like these documents individually identified with the reason that they are being withheld. Since the routing slips and their responses are not deliberative or pre-decisional as Colonel Kellenbence stated, I would like copies of these documents. Existing Staff Summary Sheets should only contain information that applies to my case and should only contain information that has been fully or partially disclosed. Additionally, they should only contain factual information. Therefore, there is no logical reason for withholding this kind of information. If these documents contain information that I am not aware of, then I have the right under the Air Force Privacy Act Program to review these records and use the mechanism to correct inaccurate information. I would also like to make clear that I am not only requesting routing slips and Staff Summary Sheets as the denial letter from Colonel Kellenbence seems to imply. I would like copies of <u>all</u>

documents in the Superintendent's Office, or a description of the documents being withheld. This would include any copies of police reports concerning my case that are or were in the possession of the Superintendent's Office, since I have only recently discovered the existence of more than one police report in my case. Clearly, the extent of the information available to the Superintendent and what he considered in the evaluation of my case would be highly relevant. That police report and any others relative to my case would not be subject to any FOIA exemptions since they contain factual information concerning a case that has long since been resolved. If the Superintendent's Office does not have a copy of these reports then the courtesy of a negative reply would be appreciated.

Thank you for this consideration and please send your response directly to my home address:

Christopher Berardi
1288 Telephone Road
Rush, NY  14543

Very Respectfully,

Christopher Berardi

Attachments:
1. May 12, 2004 FOIA response letter from Colonel Kellenbence
2. February 27, 2004 FOIA request
3. April 8, 2004 FOIA request
4. Routing Slip from TRW
5. May 7, 2003 letter written to Lt Gen Dallager from my parents
6. Underlined and annotated letter from Lt Col Lori Salgado
7. IG Findings to May 7, 2003 letter
8. JA Staff Summary Sheets

4

| | |
|---|---|
| **Subject:** | **FOIA Request** |
| **Date:** | 2/27/2004 9:43:40 AM Eastern Standard Time |
| **From:** | christopher.berardi@seymourjohnson.af.mil |
| **To:** | Laurence.Mcdanel@USAFA.af.mil |

Mr. McDanel

Sir

I am writing to make a request under the Freedom of Information Act.

The requester is I, Christopher Berardi. I am currently stationed at Seymour Johnson AFB. I would like any information from this request sent to my home address which is:
1288 Telephone Road
Rush, NY 14543

You can reach me at 919-722-7305.

I agree to pay the cost of all processing fees. Please inform me if the cost will exceed $50.00.

I am requesting any and all information in the possession of the Superintendent's office and the 34th TRW (including the offices of Major Pleasants, Lt Col Rose, Lt Col Hammes, and SSgt Gullickson), pertaining to my case. I do not need duplicate documents if I have already received them from the IG office or the Legal Office, it can merely be referenced with a note that I have already received the document. If any documents are withheld in their entirety, please identify the documents so I can request them through the appeal process.

Very Respectfully,

CHRISTOPHER BERARDI, A1C, USAF
C4 Systems Project Manager
4 CS/SCXC
DSN 722-7305
Commercial (919)-722-7305



**DEPARTMENT OF THE AIR FORCE**

HEADQUARTERS UNITED STATES AIR FORCE ACADEMY
USAF ACADEMY, COLORADO

22 March 2004

Brig Gen Johnny A. Weida
Commandant of Cadets
2354 Fairchild Drive Suite 5A10
USAF Academy CO 80840-6264


A1C Christopher W. Berardi
1288 Telephone Road
Rush, NY 14543

Dear Airman Berardi

    This is response to your Freedom of Information Act request of 27 February 2004. Attached are the records you request. You have already received copies of the complete Military Review Committee package with Executive Summary, disenrollment paperwork including documents submitted on your behalf, and all legal reviews provided to you by USAFA Judge Advocates Office.

                                        Sincerely

                                        JOHNNY A. WEIDA
                                        Brigadier General, USAF
                                        Commandant of Cadets

Attachment
Releasable Records

**Commitment To Excellence**

(30)

**Subject:**     **FOIA**
**Date:**     4/8/2004 9:55:06 AM Eastern Standard Time
**From:**     christopher.berardi@seymourjohnson.af.mil
**To:**     Laurence.Mcdanel@USAFA.af.mil

Mr. McDanel

Sir

I am writing to make a request under the Freedom of Information Act.

The requester is I, Christopher Berardi. I am currently stationed at Seymour Johnson AFB. I would like any information from this request sent to my home address which is:
1288 Telephone Road
Rush, NY 14543

I can be reached at 919-722-7305.

I agree to pay the cost of all processing fees.

Please inform me if the cost will exceed $50.00.

On February 27, 2004, I sent a FOIA request to the Academy asking for " any and all information in the possession of the Superintendent's office and the 34th TRW (including the offices of Major Pleasants, Lt Col Rose, Lt Col Hammes, and SSgt Gullickson), pertaining to my case... If any documents are withheld in their entirety, please identify the documents so I can request them through the appeal process." I received a reply to this request from Brigadier General Weida dated March 22, 2004 that said, "This is a response to your Freedom of Information Act request of 27 February 2004. Attached are the records you request. You have already received copies of the complete Military Review Committee package with the Executive Summary, disenrollment paperwork including documents submitted on your behalf, and all legal reviews provided to you by USAFA Judge Advocate Office."

I would like to thank Brigadier General Weida for sending me the records that I requested; however, after reviewing the material it appears that I only received documents from the 34th TRW. As I re-read his letter, he does not mention me receiving any documentation from the Superintendent's office.

In a FOIA response from Lt Col Zeh dated February 10, 2004 I received a copy of the May 7, 2003 letter that was written by my parents to Lt Gen Dallager. In this letter, Lt Col Lori Salgado had underlined passages and indicated in the margin TRW, JA, IG, or CCE. With an attached TASKER to this letter it states, "Please answer each item that Lt Col Lori Salgado has underlined and annotated." In a phone conversation with Lt Col Zeh surrounding this letter, he reported that he had talked to Lt Col Lori Salgado and she said that she had checked the file and although she could not remember how she had requested the information, she knew that she had done it. In the FOIA reply from Brig Gen Weida I received a copy of a Routing and Transmittal Slip that was dated 7 May asking that the TRW to review the letter and reply with a COB of 9 May.

I am requesting <u>any and all information from the Superintendent's office pertaining to my case</u>. This would include a copy of the replies to the Routing Slips that were sent to the TRW, JA, and IG offices. Since I do not have a copy of the Routing Slip that was sent to the IG or JA office, I am asking for a copy of their response to Lt Col Lori Salgado no matter how it was requested. Since Lt Col Lori Salgado referenced my file, I would like copies of all the information in my file that I have not already received.

<u>If any documents are withheld partially or in their entirety, please individually identify them as opposed to saying I am receiving just releasable records.</u> This gives me an opportunity to appeal documentation that has been withheld.

Very Respectfully

CHRISTOPHER BERARDI, A1C, USAF
C4 Systems Project Manager
4 CS/SCXC
DSN 722-7305
Commercial (919)-722-7305



**DEPARTMENT OF THE AIR FORCE**
HEADQUARTERS UNITED STATES AIR FORCE ACADEMY
USAF ACADEMY, COLORADO

MAY 1 2 2004

Colonel Wayne H. Kellenbence
Director of Staff
2304 Cadet Drive, Suite 342
USAF Academy CO 80840-5001

A1C Christopher Berardi
1288 Telephone Road
Rush NY 14543

Dear Airman Berardi

    This is in response to your Freedom of Information Act request of April 8, 2004, in which you requested any and all information from the Superintendent's office pertaining to your case.

    Your request is being totally denied. Any routing slips or staff summary sheets are exempt from release as they contain deliberative decision-making as part of the decision-making process under exemption 5. The authority for this exemption is in the United States Code, Title 5, Section 552(b)(5) of the Freedom of Information Act.

    You may appeal this decision by writing to the Secretary of the Air Force within 60 days of the date of this letter. Include in your appeal your reasons for reconsideration and attach a copy of this letter. Address your letter as follows:

        Office of the Secretary of the Air Force
        Thru: 10 CS/SCSF
        4199 Academy Drive
        USAF Academy CO 80840-4200

        Sincerely

        WAYNE H. KELLENBENCE, Col, USAF

**Commitment To Excellence**

**DEPARTMENT OF THE AIR FORCE**
HEADQUARTERS UNITED STATE AIR FORCE ACADEMY
USAF ACADEMY, COLORADO

AUG 16 2004

Colonel Wayne H. Kellenbence
Director of Staff
2304 Cadet Drive, Suite 342
USAF Academy CO 80840-5001

Cadet Christopher Berardi
1288 Telephone Road
Rush NY 14543

Dear Cadet Berardi

This is in response to your Freedom of Information Act (FOIA) appeal dated 25 May 2004, in which you appealed my decision denying all documents from the Superintendent's Office pertaining to your case. In your appeal, you ask for notification of all existing documents pertaining to your case that may be in the Superintendent's Office.

A thorough review of all information related to your disenrollment case located in the Superintendent's Office disclosed only one document that was responsive to your appeal. The document that was found was a Staff Summary Sheet, Subject: Discharge of Cadet - Berardi, Christopher W., dated 20 February 2003. None of the three tabbed documents referenced in the Staff Summary sheet were attached.

By way of explanation, my 12 May 2004 response to your FOIA request erroneously referred to routing slips and staff summary sheets. There were no routing slips found in the Superintendent's Office relating to your disenrollment case, and there was only one Staff Summary Sheet that related to your disenrollment case. While Staff Summary Sheets are ordinarily exempt from disclosure, I note the attached Staff Summary Sheet was already provided to you pursuant to a previous FOIA request. Accordingly, I have granted your appeal and provided the only document located that was responsive to your request.

Sincerely,

WAYNE H. KELLENBENCE, Colonel, USAF

Attachment:
Staff Summary Sheet, Subject: Discharge of Cadet - Berardi, Christopher W., dated 20 February 2003

Commitment To Excellence

C1C Christopher Berardi
PO Box 3641
USAFA, CO 80840

October 11, 2004

SAF/GCA
Thru: AFLSA/JACL
1501 Wilson Boulevard, 7th Floor
Arlington, VA 22209-2403

To whom this may concern:

I am writing this letter in regard to two separate FOIA appeal letters that were sent to the USAF Academy. These appeals should have been forwarded by the Air Force Academy to your office IAW paragraph C5.3.1 and Attachment 9 of the Air Force Supplement to DOD 5400.7, "DOD Information Act Program," dated 24 June 2002. Instead they were returned to me without corrective action as described below. I have attached both response letters that are outlined below. (Enclosure 1 & 2 pages 6-12)

**In a FOIA Appeal letter dated 25 May 2004**, (Enclosure 3 pages 13-16) I asked for information from FOIA requests that were not answered, dated 27 February 2004 and 8 April 2004 (Enclosure 4 pages 17-19). I received a reply from Colonel Kellenbence dated 16 August 2004, approximately 38 days beyond the regulation, but the response is very unclear and still does not answer the original FOIA requests or the appeal (Enclosure 1 pages 6-7).

In the 27 February 2004 FOIA request I asked for any and all information in the Superintendent's office and that any withheld documents be identified so that I could request them through appeal. This request was never answered. In the 8 April 2004 FOIA request I again asked for any and all information in the Superintendents office, but specifically asked for responses to routing slips containing information that was requested by Lt Col Lori Salgado. Additionally I asked for any information from Lt Col Lori Salgado's file and again asked that any documents withheld be identified. In a 12 May 2004 response, Colonel Kellenbence stated that my request for routing slips and staff summary sheets was being totally denied. I did not ask for staff summary sheets and I received no response in regard to any other documentation in the office, withheld or not.

In the 16 August 2004 FOIA Appeal reply (Enclosure 1 pages 6-7) Colonel Kellenbence stated that, "A thorough review of all information related to your disenrollment case located in the Superintendent's office disclosed only one document that was responsive to your appeal." Attached to this letter was the 20 February 2003 staff summary sheet that I already received a copy of through another request. I did not ask for information only relating to my <u>disenrollment</u> case. Documentation in the Superintendent's office went beyond my disenrollment, which is why I asked for any and all information.

Essentially, what Colonel Kellenbence is telling me is that there is only one document that exists in the Superintendent's office pertaining to my case. I know that Lt Col Lori Salgado had a file regarding my case because she referenced it several times in phone conversations with my parents. I specifically asked about this file in one of my requests, but have still not received

1

a reply. Furthermore, Lt Gen Dallager was aware that the BCMR was reviewing my case. So I would find it hard to believe that documents would be destroyed during this process. I have received a copy of a TASKER sent by Lt Col Lori Salgado in a FOIA request to the TRW, but there is no mention that this exists in the Superintendent's office or if it was withheld. I also received a copy of a routing slip sent along with the TASKER requesting answers to particular questions. If there is no information regarding this request, then I will assume that either individuals did not follow a directive from the Superintendent's office, that documentation has been destroyed, or that information is being withheld and not listed a such. These thing were specifically asked for in the FOIA request and readdressed in the appeal, however, I received no reply to this matter.

I also now question the response from Colonel Kellenbence in the 12 May 2004 reply that stated he was totally denying my request for routing slips and staff summary sheets. This response indicated to me that the documents existed. If they did not exist, I would have received a "no records" response. However, none of these documents were attached to the appeal response.

Furthermore, in the past I have received a letter from the USAFA FOIA office asking that I notify them as to whether or not the response satisfied my request or if I wanted the appeal forwarded to the Litigation office. I received no such letter from the USAFA FOIA office in regard to this appeal.

**In the FOIA Appeal letter dated 26 May 2004,** (Enclosure 5 pages 20-25) I asked for the fifth time that my FOIA requests to the USAFA/IG office be answered.

In a 18 January 2004 FOIA request to the USAFA/IG office I asked for any and all information pertaining to my case and that any documents withheld be identified. In a 10 February 2004 reply, Lt Col Zeh attached releasable documents, but did not identify what he was not releasing. On 27 February 2004 I sent another letter asking for clarification, but received no response to this letter. On 2 April 2004 I sent another FOIA request asking for documentation and that withheld documents be identified. In a response dated 17 May 2004, the withheld documents were still not identified. On 12 April 2004 I sent another FOIA asking for information from the IG office and that withheld documents be identified. This FOIA was never answered (Enclosure 6 pages 26-24).

I received a reply from Colonel Kellenbence dated 16 August 2004 (Enclosure 2 pages 8-12), approximately 39 days beyond the regulation. Attached to this letter was a copy of one staff summary sheet and a Superintendent's option sheet. I was told in the response that one staff summary sheet and e-mail correspondence were being withheld.

Colonel Kellenbence goes on to say in the letter that it is the opinion of the Academy that the responses to my FOIA requests did comply with the requirements of FOIA. I would like to dispute this statement, since there are more instances of FOIA requirements not being met than there were of them being met.
1. C1.5.4 <u>Prompt Action on Requests</u>, "...DoD Components shall endeavor to provide a final response determination within the statutory 20 working days." The 1 March 04 request was answered in a letter postmarked 17 May 04. The 2 April 04 request was answered in a letter postmarked 17 May 04. This is well beyond FOIA regulation. Additionally, the 12 April 2004 FOIA was never answered.

2

2. C1.5.4.2. <u>Multitrack Processing</u>, "When a Component has a significant number of pending requests that prevents a response determination being made within 20 working days, the requests shall be processed in a multitrack processing system, based on the date of receipt, the amount of work and time involved in processing the requests, and whether the request qualifies for expedited processing…DoD Components shall provide a requester whose request does not qualify for the fastest queue … an opportunity to limit in writing by hard copy, facsimile, or electronically, the scope of the request in order to qualify for the fastest queue." Since this option was not used, I should have received replies to my requests within the statutory time frame.
3. C5.2.5.1 "Whenever possible, initial determinations to release or deny a record normally shall be made and the decision reported to the requester within 20 working days after receipt of the request by the official designated to respond." In the cases of the March 1, 2004, April 2, 2004, and April 12, 2004 FOIA requests, none have been answered within 20 working days. Even though it appears that Lt Col Zeh answered the responses within the statutory time, they sat somewhere at the Academy for an additional 10-58 days as you can see by the postmark attached to the replies. The DoD Regulation states that unless I am informed otherwise, I shall receive the response to my requests within 20 working days.
4. C5.2.5.3. "When a request for a record is denied in whole or part, the official designated to respond shall inform the requester in writing of the name and title or position of the official who made the determination, <u>and shall explain to the requester the basis for the determination in sufficient detail to permit the requester to make a decision concerning appeal.</u> The requester specifically shall be informed of the exemptions on which the denial was based, inclusive of a brief statement describing what the exemption(s) cover…The requester shall also be advised of the opportunity and procedures for appealing an unfavorable determination…" Paragraph C1.5.3.7.1.17 (Added) (AF) of the DoD Regulation reiterates this requirement for Air Force organizations, including the U.S. Air Force Academy. However, this has not been done in any response from the USAFA/IG office. When I have been told that I am being denied documents, there is no reference in regard to what exemption this falls under, no brief statement describing the exemption, nor have I been notified of the appeal process. **When this regulation is not followed, it hinders my ability to appeal because I am not aware of the basis for the denial.**
5. C5.2.5.7. " When denying a request for records, in whole or in part, a DoD Component shall make a reasonable effort to estimate the volume of the records denied and provide this estimate to the requester.…" Not only were the withheld documents not individually identified as I requested, there was no information indicating the volume of records denied.
6. C3.2.1.5.3. "Inter- or intra-agency memoranda or letters that are factual, or those reasonable segregable portions that are factual, are routinely made available through discovery, and shall be made available to a requester…" In this case, there was no effort to segregate those portions of the withheld records that were purely factual. In the case of the Staff Summary Sheet, much of the information is factual and can be released. In addition, if the Staff Summary Sheet contains a recommendation that is later adopted by the decision maker, then that recommendation must also be released. Paragraph C3.2.1.5.5.
7. C5.2.4. "<u>Reasonably Segregable Portions</u>. Although portions of some records may be denied, the remaining reasonably segregable portions must be released to the requester when it reasonably can be assumed that a skillful and knowledgeable person

3

could not reconstruct the excised information." As indicated above, there was no apparent effort to segregate or redact the records withheld from disclosure and no discussion by the USAFA IG as to why this was not possible. The DoD Regulation is clear that this must be done and in the absence of a proper determination by the Air Force Academy, I would request that SECAF review the documents and make an appropriate release determination.

Additionally, it appears that the Appeal response from Colonel Kellenbence did not follow regulations either.
1. C5.3.3.2. Final determinations of appeals normally shall be made after 20 working days of receipt. This was not done.
2. C5.3.4.2. If a determination cannot be made and the requestor notified within 20 working days, the appellate authority shall acknowledge to the requestor, in writing, the date of receipt of the appeal, the circumstances surrounding the delay, and the anticipated date for the substantive response. I received nothing in writing that the response was going to be delayed or the reason for the delay.
3. C5.3.5.2.1. The basis for the refusal shall be explained to the requestor, in writing, both in regard to the applicable statutory exemption or exemptions invoked under the provisions of a FOIA. Colonel Kellenbence did not list the applicable exemptions in his response.
4. C5.3.5.2.6. The response shall advise the requestor of the right to judicial review. There was no information in Colonel Kellenbence's response regarding judicial review.
5. He advised me that I could appeal his decision by writing to the Secretary of the Air Force. I can find nothing in the regulations regarding appealing an appeal that has been returned by an IDA.
6. I received no response from this appeal from the Litigation Department. This appeal should have been forwarded since documentation was withheld.

It is extremely difficult to address this issue based on the information that I have been given. I can find no information on appealing an appeal that has been returned by the IDA, I have not been given the option of a judicial review, and I do not know what exemptions were applied to the denials.

Since my appeals have been returned to me, I am forwarding them directly to your office in an effort to obtain relief. At this point I would like a complete response to my request and an accounting for its improper administrative processing by the Academy. I continue to incur costs and expenses in this effort that would have been completely unnecessary had the Academy followed Air Force and DOD guidelines. Please provide me with a status of my case at your earliest convenience so that I will know how to proceed.

Thank you for this consideration and please send your response directly to my home address:
Christopher Berardi
1288 Telephone Road
Rush, NY 14543

Very Respectfully,

Christopher Berardi

4

Enclosures
1. (Pages 6-7) Response to 25 May 2004 FOIA Appeal dated 16 August 2004
2. (Pages 8-12) Response to 26 May 2004 FOIA Appeal dated 16 August 2004
3. (Pages 13-16) 25 May 2004 FOIA Appeal
4. (Pages 17-19) Partial Attachments to 25 May 2004 FOIA Appeal
5. (Pages 20-25) 26 May 2004 FOIA Appeal
6. (Pages 26-34) Partial Attachments to 26 May 2004 FOIA Appeal

5

**Subject:**   **FOIA Appeal Information**
**Date:**   6/28/2005 10:02:00 PM Eastern Standard Time
**From:**   Linda C Berardi
**To:**   kevin.baron@pentagon.af.mil
**CC:**   clucy@hollandhart.com

Colonel Baron,

I apologize for the delay in getting this information to you, but I have been trying to look up documents and dates so I can give you some sort of order to this mess.

1. Chris received acknowledgment letters for the appeals from Lori Hilderbrand on 11/17/2003 for JACL 0411, JACL 0412, and JACL 0413.
2. On 3/26/2004 Chris received a partial FOIA appeal response from Mr. McDanel. In this letter he asked Chris if he wanted to withdraw all or part of his appeal based on the reply
3. On 4/4/2004 Chris wrote a letter back to Mr. McDanel and explained to him what parts he would withdraw and what parts he still considered pending.
4. On 4/15/2004 Chris e-mailed Mr. McDanel asking for confirmation that the appeal had been sent.
5. On 4/20/2004 Chris received an e-mail from Lt. Wright (filling in for Mr. McDanel) saying, "yep i got it and it's been sent to proper office..." (quite a professional reply)
6. Shortly after that e-mail we got a letter of confirmation from Mr. McDanel dated 4/6/2004. More than likely it did not go out on time because of Mr. McDanel's absence from the office.
7. Chris sent an appeal to the Academy (addressed to the SECAF office) dated 5/25/2004
8. Chris received a reply from Colonel Kellenbence regarding this FOIA in a letter dated 8/16/2004
9. Chris sent an appeal to the Academy (addressed to the SECAF office) dated 5/26/2004
10. Chris received a reply from Colonel Kellenbence regarding this appeal on 8/16/2004. He withheld information that Chris was asking for in this appeal. On the bottom of the letter for this response Colonel Kellenbence wrote that Chris could appeal his decision to the SECAF office. Chris and I both felt that this was a really odd reply based on the fact that this was an appeal to the Secretary of the Air Force. Chris heard nothing at all following this response from Colonel Kellenbence.
11. On 10/11/2004 Chris sent an appeal letter to SAF/GCA explaining the problem and asking for clarification on how to appeal an appeal that he did not have a final answer on yet. He received no response to this letter.
12. On 2/19/2005 Chris sent a letter to AFLSA/JACL inquiring about his appeals.
13. On 3/1/2005 Chris received a letter from Earl Johnson saying that the appeals (04011, 04012, and 04013) had been forwarded to the Secretary of the Air Force General Counsel's office pending final determination. He also said in the letter that he was unaware of any other appeals including Chris' most recent letter.
14. On 3/10/2005 I called Earl Johnson to see if we could straighten out this confusion. He told me that he had forwarded the first three appeals (04011, 04012, and 04013) to the General Counsel's office on 4/12/2004, which means that they had been there almost a year at the time of this call. When I questioned him about the 5/25 and 5/26 appeals, he knew nothing about them. When I asked him about the appeal that Chris sent in a letter dated 10/11/2004, he said that he had received the letter 10/13/2004 and e-mailed it to the General Counsel's office on the same day. He told me that they do not accept FOIA appeals directly from individuals and that his office did not consider this an appeal, but just correspondence.

After putting this all on paper, I am going to make an assumption about what happened.

There is no doubt in my mind that the original appeals that were assigned numbers have been sitting un-addressed for over a year. This is clearly a violation of DoD Regulation 5400.7 governing the DoD FOIA Program. Appeals C5.3. Not only have they just been sitting, there was never any correspondence saying that the office required more time to answer them.

I am going to guess that the 5/25 and 5/26 appeals are still sitting at the Academy. If they had been sent to AFLSA/JACL, they would have been assigned document numbers and Chris would have received a letter. Additionally, Mr. McDanel did not correspond with Chris at all regarding whether he wanted to withdraw any of the appeal based on Colonel Kellenbence's reply. This would also explain the response from Colonel Kellenbence at the bottom of the reply saying that Chris could appeal this to the Secretary of the Air Force. He was treating this document as a regular FOIA request as opposed to an appeal. Both of these appeals were clearly addressed to the Office of the Secretary of the Air Force.

In regard to the 10/11/2004 appeal letter that Chris sent directly to AFLSA/JACL: I think that if you read the letter you will see that this was an appeal not just merely correspondence. According to FOIA regulation if an appeal is inadvertently sent to the wrong office it is supposed to be forwarded to the correct office in a timely manner. If it is truly deemed as mere correspondence, I think that Chris deserved an answer to that letter a long time ago.

I hope this helps in your endeavor to sort this out for us. I will let you contact the Academy regarding the 5/25 and 5/26 FOIA appeals since I am sure that you carry much more clout than the mother of a cadet. The 10/11/2004 letter needs to be addressed as well. Since this appears to be somewhere in your offices, I would appreciate you tracking that down as well.

As always I appreciate your help. Since I have taken the time to get this all down on paper, I am going to copy Mr. Lucy in as well.

Very Respectfully

Linda Berardi



**DEPARTMENT OF THE AIR FORCE**
AIR FORCE LEGAL SERVICES AGENCY (AFLSA)

July 22, 2005

AFLSA/JACL
Information Litigation
1501 Wilson Blvd., 7th Floor
Arlington, VA 22209-2403

C1C Christopher Berardi
PO Box 3641
USAFA, CO 80840

Dear C1C Berardi,

    We received your FOIA appeal dated May 25, 2004 from 10 CS/SCSF and have assigned it the following number: **JACL 05076**. Please refer to the JACL number in any future correspondence with us regarding this appeal. Our policy is to process appeals in the order in which we receive them. We received this appeal on July 22, 2005.

    Once we have completed our review, we will forward your appeal to the Office of the Secretary of the Air Force for final action. That office will respond directly to you concerning that action.

    Please notify our office if your address is incorrect or if it changes during this process. Thank you for your patience and be assured that we will review your appeal as carefully and quickly as possible. If you have any questions, our office can be reached at (703) 696-9141.

Sincerely

EARL L. JOHNSON
Paralegal Specialist
Information Litigation Branch

cc: 10 CS/SCSF



**DEPARTMENT OF THE AIR FORCE**
WASHINGTON DC

OFFICE OF THE GENERAL COUNSEL

FEB 10 2006

SAF/GCA
1740 Air Force Pentagon
Washington, DC 20330-1740

2Lt Christopher W. Berardi
1288 Telephone Road
Rush NY 14543

Dear Lieutenant Berardi

    This replies to your May 25, 2004 appeal (JACL #05076) under the Freedom of Information Act (FOIA) of the May 12, 2004 determination of the Director of Staff, United States Air Force Academy (USAFA/DS), that denied your request for any and all information in the possession of the Academy Superintendent's Office pertaining to your case. I understand the case to which your request referred was your disenrollment from the Academy in 2003.

    On August 16, 2004 USAFA/DS responded to your appeal and released to you the only record responsive to your request, a Staff Summary Sheet, that was located in the files of the Academy Superintendent's Office. Thereafter, in an October 11, 2004 letter to the General Litigation Division, Air Force Legal Services Center (AFLSA/JACL) you indicated that you wished to continue your appeal because you said you "knew" there was more in your file than the Staff Summary Sheet.

    I have been delegated the responsibility to conduct the Office of the Secretary of the Air Force review in your case. I have considered your appeal and determined that it should be denied.

    In response to your FOIA request, a thorough search of files in the Academy Superintendent's Office was conducted. Only the Staff Summary Sheet provided to you on August 16, 2004 was located in the files. Because no information was redacted from the Staff Summary Sheet, releasing it afforded you full relief on your appeal.

    This constitutes the final Air Force action on your appeal.

Sincerely

Don W. Fox
Deputy General Counsel
(Fiscal and Administrative Law)