## ATTACHMENT D TO EXHIBIT 1

### FOIA Appeal

### May 26, 2004

1. May 26, 2004 Appeal sent to USAFA

2. January 14, 2004 related FOIA

3. February 10, 2004 FOIA Appeal Response

4. March 1, 2004 related FOIA

5. April 2, 2004 related FOIA

6. April 12, 2004 related FOIA

7. May 17, 2004 FOIA Appeal Response

8. May 17, 2004 FOIA Appeal Response

9. August 16, 2004 FOIA Appeal Response

10. July 22, 2005 Appeal to JACL

11. February 10, 2006 Appeal Response

A1C Christopher Berardi
Suite # 156
1130 Wright Brothers Ave
SJAFB NC  27531
SS# 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

May 26, 2004

Office of the Secretary of the Air Force
Thru:  10 CS/SCSF
4199 Academy Drive
USAF Academy, CO 80840-4200

To whom this may concern:

I am writing to appeal the decision by the U.S. Air Force Academy to not provide me with information that I asked for through several FOIA requests.

On January 18, 2004, I sent a FOIA request (**Attachment 1**) to the USAF Academy requesting any and all information in possession of the Air Force Academy IG. I also asked that if any documents were withheld in their entirety, to identify the documents so I could request them through the appeal process. In a reply letter (**Attachment 2**) dated February 10, 2004, from Lt Col Zeh he responded by saying, "This in response to your Freedom of information Act Request of January 18, 2004. Attached are the records you request." At the bottom of this letter under Attachments it says "Releasable Records." No where in this response did it say that I had received all documents from the IG office nor did it identify what had been withheld.  The portion of my request asking for identification of documents that were not releasable had not been answered, therefore, I could not determine if I had received everything or if items were withheld. In a follow up phone call to the Academy Lt Col Zeh said that he had withheld e-mails and Staff Summary Sheets.  This confirmed that items had been withheld, but the letter did not state this so I had nothing to appeal.

On February 27, 2004, I sent a letter to Mr. McDanel in the USAFA FOIA office and asked him to request clarification from Lt Col Zeh (**Attachment 3**).  I never received a reply to this letter from Lt Col Zeh.  On April 21, 2004, I received an e-mail from Lt Wright telling me that Mr. McDanel was on leave.  His response stated, "yep, I got it and it's been sent to the proper office.  larry's on emergency leave right now so I'm fielding foias. if you have questions, just let me know."  On April 21, 2004, I received another e-mail from Lt Wright who appeared to be responding to the February 27, 2004 letter sent to Mr. McDanel. Lt Wright said that Lt Col Zeh confirmed in an e-mail that I had been given all releasable documentation, even though the e-mail from Lt Col Zeh stated that he was, "Coming back to you with documentation."  This caused some confusion for me because this letter should have been answered by Lt Col Zeh in writing so that I would have documentation to appeal with.  Furthermore, Lt Col Zeh stated that he was coming back with documentation and I could not see how Lt Wright had determined that Lt Col

1

Zeh told him I had been given all releasable documents. On April 21, 2004, I sent an e-mail back to Lt Wright asking for clarification. On April 26, 2004, I received an e-mail response from Lt Wright saying, "yeah, sorry about that…as for ltcol zeh's response, I confirmed with his secretary what his statement meant and he was indeed confirming that everything had been sent to you." On April 27, 2004, I received another e-mail from Lt Wright saying that he was absolutely mistaken on the e-mail from Lt Col Zeh's office and that I was right in assuming that a package would be sent. I never received a package answering the questions from the February 27, 2004 letter. Based on the lack of awareness portrayed in the e-mails it is hard to say what happened with this request. All correspondence with the FOIA office that was mentioned above is attached (**Attachment 4**).

On March 1, 2004, I sent another FOIA request to the USAFA and in the first two paragraphs of this request I asked for further clarifications from the February 10, 2004 FOIA reply (**Attachment 5**). On May 20, 2004, I received a response to this request with an attached letter from Lt Col Zeh that was dated March 26, 2004 (**Attachment 6**). The postmark on the envelope from the Academy was May 17, 2004 (A copy of the envelope showing this postmark is provided to you as the last page to Attachment 6). It took 56 days from the point of Lt Col Zeh writing this response to have it mailed. Since the response only contained 1 attachment I am at a loss to explain why this reply was delayed so far beyond FOIA regulations. If the information had arrived in the allotted time frame I would have been able to include the information in my BCMR appeal. Instead, I just had to inform the BCMR that my FOIA requests were not being answered according to regulations. Furthermore, the last sentence of this letter states, "After another review, this accounts for all USAFA/IG documents, both releasable and not releasable that you requested." Unfortunately, the documents that are not releasable still have not been identified so that I can appeal.

On April 2, 2004, I sent another FOIA request to the Academy asking for copies of all correspondence within the IG office including e-mails, notes, memos, etc. that pertained to my case (**Attachment 7**). I also requested copies of all Staff Summary Sheets. Again I asked that all denied documents be identified so that I could request them through the appeal process. On May 20, 2004, I received a response to this request with an attached letter from Lt Col Zeh that was dated April 14, 2004 (**Attachment 8**). The postmark on the envelope from the Academy was May 17, 2004 (A copy of the envelope showing this postmark is provided to you as the last page to Attachment 8). It took 49 days from the point of Lt Col Zeh writing this response to have it mailed. Again, the information arrived too late to include in my final correspondence with the BCMR. Furthermore, the last sentence if this letter states, "After another review, this accounts for all USAFA/IG documents, both releasable and not releasable that you requested." My original request asked that all documents that were not releasable be identified so that I could appeal. I asked for Staff Summary Sheets (plural). Lt Col Zeh informed me that the Staff Summary Sheet (singular) that I requested is a working document and not releasable under FOIA. Am I to assume from this response that I have copies of all documents from the IG office with the exception of one single Staff Summary Sheet?

2

After never receiving any type of response to the February 27, 2004, letter that addressed the response to the January 18, 2004 request, I sent another FOIA request to the Academy (**Attachment 9**). I merely took the February 27, 2004 letter to Mr. McDanel and made it into an official FOIA request hoping to get the answers that I was looking for. This request has not been answered.

On May 20, 2004, an e-mail was sent to Lt Col Zeh addressing some of our concerns regarding the responses to the FOIA's (**Attachment 10**). This e-mail was not answered leaving me no other option but to appeal the April 14, 2004 reply.

The following are response times from the USAFA/IG office:
1. January 18, 2004 FOIA request – not completely answered – I have been waiting for the remainder of the information for 86 business days.
2. February 27, 2004 letter – not answered at all, but this was not an official FOIA request.
3. March 1, 2004 FOIA request – answered, but received 58 business days from the point the Academy received the letter – 30 days beyond the 20 day allotted time.
4. April 2, 2004 FOIA request – partially answered, but received 34 business days from the point the Academy received the letter – 14 days beyond the allotted time.
5. April 12, 2004 FOIA request – no reply received – we are beyond the 30 business days response time.

DOD Regulation 5400.7/Air Force Supplement, "DOD Freedom of Information Act Program" dated 24 June 2002, provides in paragraph C1.3.1, "...As a matter of policy, DOD Components shall make discretionary disclosures of exempt records or information whenever disclosure would not forseeably harm an interest protected by a FOIA exemption, but this policy does not create any right enforceable in court..." I believe this means that the benefit of the doubt should go to the requester seeking information under FOIA, even when an exemption might apply. This would especially appear to be the case if the requester is the person on whom the information has been collected. I cannot individually appeal documents because I was not told what exists in the file; however, all documents that I have requested pertain to my case. Lt Col Zeh stated that the Staff Summary Sheet was a working document and not releasable under FOIA. I was disenrolled by the Superintendent in March of 2003 and the IG was not involved with my case until after this decision was made. His last investigative report was issued in the Fact Finding response to the May 7, 2003 letter from my parents. This was over a year ago. How could these documents possibly be considered working documents when he has conducted no further investigation into the matters for over a year? Additionally, all Staff Summary Sheets were released by the legal department. Why would Staff Summary Sheets be releasable from one office and not the other when the investigational material would have been identical? Again, 5 U.S.C. 552 supports the proposition that the exemption can be waived when exempt material is intentionally disclosed. Since the Staff Summary Sheets were intentionally disclosed by the JA

3

office, I see no reason why the remaining Staff Summary Sheets from other offices should not also be disclosed.

DOD Regulation 5400.7/Air Force Supplement, "DOD Freedom of Information Act Program" dated 24 June 2002, provides in paragraph C1.5.1: "Compliance with the FOIA. DoD personnel are expected to comply with the FOIA, this Regulation, and DoD FOIA policy in both letter and spirit." Regrettably, the following paragraphs of the DoD Regulation have not been followed:

1. C1.5.4 Prompt Action on Requests, "...DoD Components shall endeavor to provide a final response determination within the statutory 20 working days." Almost all of the responses from my requests have gone well beyond that statutory time, with no requests or information being sent saying there would be a delay. When the requests have been answered within the time frame the responses have been incomplete.

2. C1.5.4.2. Multitrack Processing, "When a Component has a significant number of pending requests that prevents a response determination being made within 20 working days, the requests shall be processed in a multitrack processing system, based on the date of receipt, the amount of work and time involved in processing the requests, and whether the request qualifies for expedited processing...DoD Components shall provide a requester whose request does not qualify for the fastest queue ... an opportunity to limit in writing by hard copy, facsimile, or electronically, the scope of the request in order to qualify for the fastest queue." Since this option was not used, I should have received replies to my requests within the statutory time frame.

3. C1.5.5. Use of Exemptions, "It is DoD policy to make records publicly available, unless the record qualifies for exemption under one or more of the nine exemptions. It is DoD policy that DoD Components shall make discretionary releases whenever possible; however, a discretionary release is normally not appropriate for records clearly exempt under exemptions 1, 3, 4, 6, 7(C) and 7(F).... Exemptions 2, 5, and 7(A) (B) (D) and (E)... are discretionary in nature, and DoD Components are encouraged to exercise discretionary releases whenever possible." It was not stated in the response letter what exemption the denial fell under, although Lt Col Zeh did refer to a single Staff Summary Sheet as a working document. That reference would indicate that he was relying on Exemption 5, the "Inter- or Intra- Agency Memoranda Exemption" which should be released whenever possible according to the guidance quoted above. In this regard, "Merely being an internal record is insufficient basis for withholding under this exemption." Paragraph C3.2.1.5. In addition, because my requests only dealt with information pertaining to myself, I feel assured that they would fall under a discretionary release.

4. C5.2.5.1 "Whenever possible, initial determinations to release or deny a record normally shall be made and the decision reported to the requester within 20 working days after receipt of the request by the official

4

designated to respond." In the cases of the March 1, 2004, April 2, 2004, and April 12, 2004 FOIA requests, none have been answered within 20 working days. Even though it appears that Lt Col Zeh answered the responses within the statutory time, they sat somewhere at the Academy for an additional 10-58 days as you can see by the postmark attached to the replies. The DoD Regulation states that unless I am informed otherwise, I shall receive the response to my requests within 20 working days.

5. C5.2.5.3. "When a request for a record is denied in whole or part, the official designated to respond shall inform the requester in writing of the name and title or position of the official who made the determination, and shall explain to the requester the basis for the determination in sufficient detail to permit the requester to make a decision concerning appeal. The requester specifically shall be informed of the exemptions on which the denial was based, inclusive of a brief statement describing what the exemption(s) cover...The requester shall also be advised of the opportunity and procedures for appealing an unfavorable determination..." Paragraph C1.5.3.7.1.17 (Added) (AF) of the DoD Regulation reiterates this requirement for Air Force organizations, including the U.S. Air Force Academy. However, this has not been done in any response from the USAFA/IG office. When I have been told that I am being denied documents, there is no reference in regard to what exemption this falls under, no brief statement describing the exemption, nor have I been notified of the appeal process.

6. C5.2.5.7. " When denying a request for records, in whole or in part, a DoD Component shall make a reasonable effort to estimate the volume of the records denied and provide this estimate to the requester...." Not only were the withheld documents not individually identified as I requested, there was no information indicating the volume of records denied.

7. C3.2.1.5.3. "Inter- or intra-agency memoranda or letters that are factual, or those reasonable segregable portions that are factual, are routinely made available through discovery, and shall be made available to a requester..." In this case, there was no effort to segregate those portions of the withheld records that were purely factual. In the case of the Staff Summary Sheet, much of the information is factual and can be released. In addition, if the Staff Summary Sheet contains a recommendation that is later adopted by the decision maker, then that recommendation must also be released. Paragraph C3.2.1.5.5.

8. C5.2.4. "Reasonably Segregable Portions. Although portions of some records may be denied, the remaining reasonably segregable portions must be released to the requester when it reasonably can be assumed that a skillful and knowledgeable person could not reconstruct the excised information." As indicated above, there was no apparent effort to segregate or redact the records withheld from disclosure and no discussion by the USAFA IG as to why this was not possible. The DoD Regulation is clear that this must be done and in the absence of a proper

5

determination by the Air Force Academy, I would request that SECAF review the documents and make an appropriate release determination.

The DOD Regulation 5400.7/Air Force Supplement, "DOD Freedom of Information Act Program" dated 24 June 2002, provides in paragraph C1.5.3: "<u>Avoidance of Procedural Obstacles</u>. DOD Components shall ensure that procedural matters do not unnecessarily impede a requester from obtaining DOD records promptly. ..." I believe that this means that the regulation requires that the Academy honor the spirit and intent of the regulation, not the strict letter of the law. Not only did I not receive a complete reply to the original request, I received no reply at all when trying to follow through with additional correspondence, thus delaying the process by additional months. In every FOIA request I have asked that documents that are not being released be identified so that I can appeal the decision. I cannot appeal a decision when the Academy will not tell me what documents are being withheld. Finally, AF Instruction 33-332, "Air Force Privacy Act Program," dated 8 November 2000, provides an alternate avenue for access to records maintained by a federal agency on an individual. It allows the individual to review records maintained on him or her and also provides for a mechanism to correct those records.

The only document that I can address is the single Staff Summary Sheet that Lt Col Zeh informed me that he is withholding because he says it is a working document. The Superintendent of the Air Force Academy upheld the decision made by the Academy Board to disenroll me from the Academy in March of 2003. The IG Fact Finding investigation was not started until after this decision. Since any investigational documents did not alter the decision of the Superintendent, they can not be deemed deliberative or pre-decisional since they followed the original decision and that was not changed. My parents received a letter from Lt Gen Dallager dated July 2, 2003 (**Attachment 11**), in which he wrote, "I understand that the Secretary of the Air Force reviewed your package and decided last week to disenroll your son to reserve status and serve 2 years enlisted duty. With this decision, I consider this case closed." Based on this reply, any Staff Summary Sheet is no longer a working document. Furthermore, Staff Summary Sheets that have been compiled from an investigative process should be factual and contain information used to make a determination. If these documents contain factual information pertaining to my case, then it should no longer fall under an exemption and be releasable.

In Summary, I am requesting that the FOIA requests be answered in regard to individually identifying all documents that are not being released, along with the exemption that applies and a description of the reason for denial. I should not have to appeal the process for a Regulation that is already in place, I should have received these answers with the replies. In addition, I am appealing the decision to deny copies of the Staff Summary Sheets that exist within the USAFA/IG office. These documents can no longer be labeled pre-decisional nor can they be labeled as working documents based on the amount of time that has passed and the fact that the Superintendent officially closed my case in his July 2, 2003 letter. Any investigation being conducted by

the Academy at this point would not cover the same issues outlined in the original investigation. If the single Staff Summary Sheet is the only document that has been withheld from the IG office, I would appreciate it being documented as the only item withheld. If it is not a single withheld item, I would appreciate my FOIA's being completely answered and would request a list individually identifying withheld documents.

Thank you for this consideration and please send your response directly to my home address:

Christopher Berardi
1288 Telephone Road
Rush, NY 14543

Very Respectfully,

Christopher Berardi

Attachments:
1. January 18, 2004 FOIA request
2. February 10, 2004 FOIA reply from Lt Col Zeh
3. February 27, 2004 letter sent to Mr. McDanel
4. All FOIA correspondence surrounding February 27, 2004 letter
5. March 1, 2004 FOIA request
6. March 26, 2004 FOIA reply from Lt Col Zeh
7. April 2, 2004 FOIA request
8. April 14, 2004 FOIA reply from Lt Col Zeh
9. April 12, 2004 FOIA request
10. May 20, 2004 e-mail to Lt Col Zeh
11. July 2, 2003 letter from Lt Gen Dallager

**Subject:**    **FW: FOIA**
**Date:**    1/18/2004 1:17 PM Eastern Standard Time
**From:**    christopher.berardi@seymourjohnson.af.mil
**To:** Laurence.Mcdanel@usafa.af.mil

CHRISTOPHER BERARDI, A1C, USAF
C4 Systems Project Manager
4 CS/SCXC
DSN 722-7305
Commercial (919)-722-7305
-----Original Message-----
**From:** Berardi Christopher W A1C 4 CS/SCX
**Sent:** Sunday, January 18, 2004 1:17 PM
**To:** Mcdanel Laurence L Civ 10 CS/SCSF
**Subject:** FOIA

Mr. McDanel

Sir

I am writing to make a request under the Freedom of Information Act.

The requester is myself, Christopher Berardi. I am currently stationed at Seymour Johnson AFB. I would like any information from this request sent to my home address which is:
1288 Telephone Road
Rush, NY 14543

You can reach me at 919-722-7305.

I agree to pay the cost of all processing fees. Please inform me if the cost will exceed $50.00.

I am requesting any and all information in the possession of the Air Force Academy IG, pertaining to my case. If any documents are withheld in their entirety, please identify the documents so I can request them through the appeal process.

Thank you.

CHRISTOPHER BERARDI, A1C, USAF
C4 Systems Project Manager
4 CS/SCXC
DSN 722-7305
Commercial (919)-722-7305

cc: SAF/IG



# DEPARTMENT OF THE AIR FORCE

### HEADQUARTERS UNITED STATES AIR FORCE ACADEMY
### USAF ACADEMY, COLORADO

Lt Col David E. Zeh
HQ USAFA/IG
2304 Cadet Drive, Suite 329
USAF Academy CO  80840

FEB 1 0 2004

Mr. Christopher Berardi
1288 Telephone Road
Rush NY  14543

Dear Mr. Berardi

    This is in response to your Freedom of Information Act Request of January 18, 2004.  Attached are the records you request.

Sincerely

DAVID E. ZEH, Lt Col, USAF
Inspector General

Attachment
Releasable Records

**Commitment To Excellence**

**Subject:**    **(FW: FOIA)**
**Date:**    3/1/2004 7:30:57 AM Eastern Standard Time
**From:**    christopher.berardi@seymourjohnson.af.mil
**To:**    laurence.mcdanel@usafa.af.mil

From: Berardi Christopher W A1C 4 CS/SCX
    <christopher.berardi@seymourjohnson.af.mil>
To: Mcdanel Laurence L Civ 10 CS/SCSF <Laurence.Mcdanel@USAFA.af.mil>
Subject: FOIA
Date: Mon, 1 Mar 2004 07:30:57 -0500
MIME-Version: 1.0
X-Mailer: Internet Mail Service (5.5.2657.72)
Content-Type: multipart/alternative;
    boundary="----_=_NextPart_003_01C3FFDA.26D3CBF0"


Mr. McDanel

Sir

I am writing to make a request under the Freedom of Information Act.

The requester is I, Christopher Berardi. I am currently stationed at Seymour Johnson AFB. I would like any information from this request sent to my home address which is:
1288 Telephone Road
Rush, NY 14543

I can be reached at 919-722-7305.

I agree to pay the cost of all processing fees. Please inform me if the cost will exceed $50.00.

I am requesting three documents from the Academy.

In the 2/10/04 FOIA reply that I received from Lt Col Zeh, the USAFA/IG, there was a letter from Colonel Eddy written to Congressman Reynolds dated 31 Mar 03. On the second page of this letter under question #4, Colonel Eddy makes the statement, "These concerns can be found in the enclosed letter from Lt Col Rose." There was no letter attached to this document. I am requesting a copy of this letter that Col Eddy was referring to.

Also from the 2/10/04 reply that I received from Lt Col Zeh, there was a letter attached dated May 3, 2003 that he had written to may parents. On the first page of this letter # 2 he lists a Proposed Congressional Response and notes that it was (included). I am unable to locate this document, and am requesting that it be sent.

The third request is for missing documentation from my MRC packet. I will give you the AB #, but the document will have to be checked because there were two MRC packets generated and the second one had different numbers than mine. In my packet the page is referenced with AB # 75 with what looks like a hand written # 72 at the bottom. It is a MRC Softlook Interview Sheet written by Lt Col Rose (Major Rose at the time). At the bottom of this sheet it says (over) indicating that there was something written on the other side or that there was a second page. The remainder of this sheet would have included the proper signatures as well as the date that the document was written. What was included in my packet was definitely not the entire document. Please provide me with this document in its entirety.

Very Respectfully,

CHRISTOPHER BERARDI, A1C, USAF
C4 Systems Project Manager
4 CS/SCXC
DSN 722-7305
Commercial (919)-722-7305


From: Berardi Christopher W A1C 4 CS/SCX
   <christopher.berardi@seymourjohnson.af.mil>
To: Mcdanel Laurence L Civ 10 CS/SCSF <Laurence.Mcdanel@USAFA.af.mil>
Subject: RE: FOIA
Date: Mon, 1 Mar 2004 12:14:11 -0500
MIME-Version: 1.0
X-Mailer: Internet Mail Service (5.5.2657.72)
Content-Type: multipart/alternative;
   boundary="----_=_NextPart_003_01C3FFDA.26D3CBF0"


-----Original Message-----
**From:** Mcdanel Laurence L Civ 10 CS/SCSF [mailto:Laurence.Mcdanel@USAFA.af.mil]
**Sent:** Monday, March 01, 2004 11:36 AM
**To:** 'Berardi Christopher W A1C 4 CS/SCX'
**Subject:** RE: FOIA

Sir:  With your permission I will handle this as two request.  The first being information that you requesting in the first two paragraphs and the second being the information that you request in the third paragraph. Different offices will be task to provide a response and should expedite a response to you.


LAURENCE L. MCDANEL
Academy FOIA Office
10 CS/SCSF
COMM:  719-333-6231 DSN: 333-6231
laurence.mcdanel@usafa.af.mil


 Mr. Mcdanel

Sir, you proposed handling of my request is more than acceptable.  Thanks.

Very Respectfully,

CHRISTOPHER BERARDI, A1C, USAF
C4 Systems Project Manager
4 CS/SCXC
DSN 722-7305
Commercial (919)-722-7305

**Subject:**   **FOIA**
**Date:**      4/2/2004 7:37:30 AM Eastern Standard Time
**From:**      christopher.berardi@seymourjohnson.af.mil
**To:**        Laurence.Mcdanel@USAFA.af.mil

Mr. McDanel

Sir

I am writing to make a request under the Freedom of Information Act.

The requester is I, Christopher Berardi.  I am currently stationed at Seymour Johnson AFB.  I would like any information from this request sent to my home address which is:
1288 Telephone Road
Rush, NY 14543

I can be reached at 919-722-7305.

I agree to pay the cost of all processing fees.  Please inform me if the cost will exceed $50.00.

I would like to request the following from the USAFA/IG office:

1. In my January 18, 2004 FOIA request to the USAFA/IG office I requested any and all information in the possession of the Air Force Academy IG, pertaining to my case.  Following the reply to this FOIA request, Lt Col Zeh reported in a phone conversation that he had not sent copies of e-mails that were sent back and forth.  I assumed that he was referencing copies of e-mails that had been written between him and members of the Berardi family.  In a more recent FOIA request to the TRW, I received copies of e-mails written by Lt Col Zeh USAFA/IG and a few copies of e-mails that included a cc to Major Meyer HQ USAFA/IG. To clarify my request, I would like copies of all correspondence in the form of e-mails, notes, memos, etc. pertaining to my case that were generated from or received by anyone in the USAFA/IG office.  I do not need copies of any e-mails that were written directly to me or my parents, nor do I need copies of any that we wrote to the IG office.
2. In the same FOIA request to the IG noted above, I asked that if any documents were withheld in their entirety, to please identify the documents so I can request them through the appeal process. In the same phone conversation noted above, Lt Col Zeh reported that he had withheld Staff Summary Sheets.  I am requesting copies of these Staff Summary Sheets as well.

Very Respectfully,

CHRISTOPHER BERARDI, A1C, USAF
C4 Systems Project Manager
4 CS/SCXC
DSN 722-7305
Commercial (919)-722-7305

LAURENCE L. MCDANEL
Academy FOIA Office
10 CS/SCSF
COMM: 719-333-6231 DSN: 333-6231
laurence.mcdanel@usafa.af.mil

**Subject:**     **FOIA**
**Date:**        4/21/2004 6:24:59 PM Eastern Standard Time
**From:**        christopher.berardi@seymourjohnson.af.mil
**To:**          Laurence.Mcdanel@USAFA.af.mil

Lt Wright,

I am going to need some clarification on the e-mails you sent me April 21, 2004 13:15:52 - 0400.

You sent me an e-mail April 21, 2004 13:15:52 - 0400 that said, "Below is an e-mail from Lt Col Zeh confirming that you have been given all releasable information from the IG." When I look below there is an e-mail to Mr. McDanel from Lt Col Zeh saying, "Coming back to you with documentation." This indicates to me that he is going to be sending information, not confirming that I have received all releasable documentation.

Then again on April 21, 2004 13:22:33 -0400 you sent me another e-mail that appears to be identical except that you said, "I am forwarding you the e-mail from our IG office confirming that you have received all releasable records." Below is the same copy of the e-mail from Lt Col Zeh saying that he is coming back with documentation.

Then again on April 21, 2004 13:24:15 -0400 you sent me another e-mail that appears to be identical to the one above. Below is the same copy of the e-mail from Lt Col Zeh saying that he is coming back with documentation.

I am just not finding the statement that says I have been given all releasable documentation.

On April 12, 2004 I sent a FOIA request to Mr. McDanel for Lt Col Zeh. I would expect that this request would be answered with a formal letter as all others have, not in an e-mail response from the FOIA office.

Was the April 12 FOIA request forwarded onto Lt Col Zeh?

Please clarify the above information for me.

Very Respectfully,

CHRISTOPHER BERARDI, A1C, USAF
C4 Systems Project Manager
4 CS/SCXC
DSN 722-7305
Commercial (919)-722-7305

**Subject:**    **FW: FOIA**
**Date:**      4/26/2004 7:26:52 AM Eastern Standard Time
**From:**     christopher.berardi@seymourjohnson.af.mil
**To:**        lindacberardi@aol.com

CHRISTOPHER BERARDI, A1C, USAF
C4 Systems Project Manager
4 CS/SCXC
DSN 722-7305
Commercial (919)-722-7305
-----Original Message-----
**From:** Mcdanel Laurence L Civ 10 CS/SCSF [mailto:Laurence.Mcdanel@USAFA.af.mil]
**Sent:** Friday, April 23, 2004 3:13 PM
**To:** Berardi Christopher W A1C 4 CS/SCX
**Subject:** RE: FOIA

yeah, sorry about that. the message kept getting returned to me by the gateway so i was trying to get it
sent through. guess they all ended up going through. i already sent you an email on the 20th telling you
your request from the 12th had been sent to the proper office and is being coordinated. as for ltcol zeh's
response, i confirmed with his secretary what his statement meant and he was indeed confirming that
everything had been sent to you.

LAURENCE L. MCDANEL
Academy FOIA Office
10 CS/SCSF
COMM: 719-333-6231 DSN: 333-6231
laurence.mcdanel@usafa.af.mil
-----Original Message-----
**From:** Berardi Christopher W A1C 4 CS/SCX [mailto:christopher.berardi@seymourjohnson.af.mil]
**Sent:** Wednesday, April 21, 2004 4:25 PM
**To:** Mcdanel Laurence L Civ 10 CS/SCSF
**Subject:** FOIA

Lt Wright,

I am going to need some clarification on the e-mails you sent me April 21, 2004 13:15:52 - 0400.

You sent me an e-mail April 21, 2004 13:15:52 - 0400 that said, "Below is an e-mail from Lt Col Zeh
confirming that you have been given all releasable information from the IG." When I look below there is
an e-mail to Mr. McDanel from Lt Col Zeh saying, "Coming back to you with documentation." This
indicates to me that he is going to be sending information, not confirming that I have received all
releasable documentation.

Then again on April 21, 2004 13:22:33 -0400 you sent me another e-mail that appears to be identical
except that you said, "I am forwarding you the e-mail from our IG office confirming that you have received
all releasable records." Below is the same copy of the e-mail from Lt Col Zeh saying that he is coming
back with documentation.

Then again on April 21, 2004 13:24:15 -0400 you sent me another e-mail that appears to be identical to
the one above. Below is the same copy of the e-mail from Lt Col Zeh saying that he is coming back with
documentation.

I am just not finding the statement that says I have been given all releasable documentation.

On April 12, 2004 I sent a FOIA request to Mr. McDanel for Lt Col Zeh.  I would expect that this request would be answered with a formal letter as all others have, not in an e-mail response from the FOIA office.

Was the April 12 FOIA request forwarded onto Lt Col Zeh?

Please clarify the above information for me.

Very Respectfully,

CHRISTOPHER BERARDI, A1C, USAF
C4 Systems Project Manager
4 CS/SCXC
DSN 722-7305
Commercial (919)-722-7305

**Subject:**  **FW:**
**Date:**  4/27/2004 7:39:02 AM Eastern Standard Time
**From:**  christopher.berardi@seymourjohnson.af.mil
**To:**  lindacberardi@aol.com

-----Original Message-----
**From:** Mcdanel Laurence L Civ 10 CS/SCSF [mailto:Laurence.Mcdanel@USAFA.af.mil]
**Sent:** Monday, April 26, 2004 6:12 PM
**To:** Berardi Christopher W A1C 4 CS/SCX
**Subject:** RE:

A1C Berardi,

I was absolutely mistaken on the email from LtCol Zeh, you were right in that a package was being
forwarded back to us.  Larry had pushed that on to the next person in the process for signature and I
missed that on his tracking log.  It is being processed though and will hopefully answer your questions.
Holler with questions,

Lt Wright for

LAURENCE L. MCDANEL
Academy FOIA Office
10 CS/SCSF
COMM:  719-333-6231 DSN: 333-6231
laurence.mcdanel@usafa.af.mil

**Subject:**     **FOIA**
**Date:**        4/12/2004 8:20:46 AM Eastern Standard Time
**From:**        christopher.berardi@seymourjohnson.af.mil
**To:**          Laurence.Mcdanel@USAFA.af.mil

Mr. McDanel

Sir

I am writing to make a request under the Freedom of Information Act.

The requester is I, Christopher Berardi. I am currently stationed at Seymour Johnson AFB. I would like any information from this request sent to my home address which is:
1288 Telephone Road
Rush, NY 14543

I can be reached at 919-722-7305.

I agree to pay the cost of all processing fees. Please inform me if the cost will exceed $50.00.

On 2/27/2004 I sent an e-mail to you requesting the following information (below in red) from Lt Col Zeh. I thought that if I just needed clarification that I would not need to make it an official FOIA request and that the information could be passed along quickly. I did not feel the request needed any investigation, but was merely a written confirmation of what I had received and a written statement about what was withheld.

Since 30 days have passed and I have not received a response, I would like to make the following a FOIA request:

I am writing to make a request in regard to the recent reply I received from Lt Col Zeh dated Feb 10, 2004.

As you know from my FOIA request, I asked for any and all information in the possession of the Air Force Academy IG pertaining to my case. I also asked that any documents withheld in their entirety be identified so I can request them through the appeal process.

My parents made a phone call to Lt Col Zeh the day the packet arrived and Lt Col Zeh confirmed that all information had been sent with the exception of e-mails to and from any member of the Berardi family. We do not need copies of these e-mails.

While I am not disputing whether I have received all the information, there is no statement in his letter that says I have copies of all the releasable records from the IG office. In order to properly address a concern I have with my BCMR appeal, I need Lt Col Zeh to include this statement in his cover letter so I have written documentation stating this has been done. This has been the standard practice with the other FOIA replies I have received.

In the same above mentioned phone call, Lt Col Zeh stated that he had withheld his own Staff Summary Sheets that were generated during the investigation. As I asked in my request, I need these documents to be identified in writing. I would also like to know the reason they are being withheld.

As you are aware, there is no proper way for me to relay verbal information, so it needs to be in writing. Below is a list of all the documentation that Lt Col Zeh indicated I have received. If this completes the FOIA request, I need that confirmed in writing.

**Materials previously received from the Academy IG, Lt Col Zeh:**
Incoming Congressional Inquiry
Proposed Congressional Response
Berardi's and Lawyer Letters 14/15 Apr 03
USAFA/IG Findings
Cadet Berardi letter 21 Mar 03
E-mail referencing Missing ID card demerits 1 Apr 03
Cadet Berardi MFR & Journal 8 Aug 02
Cadet Berardi e-mail 8 Apr 03
Errors in CPR-II letter 5 Apr 03
Counseling Accountability e-mail 3 Apr 03
AFCW Form 36 6 Aug 02
USAFA Form 0-299 23 Oct 02
USAFA/JA SSS 20 Feb 03
Blank Form 10 E-mail 8 Apr 03
Cadet Berardi MRC pkg, 20 Feb 03

**Materials attached to February 10, 2003 FOIA reply from Lt Col Zeh:**
Letter from Lt Col Zeh to Berardi dated May 3, 2003
Partial Cadet Berardi Case Timeline
Letter from Lt Gen Dallager dated July 2, 2003
E-mail dated April 1, 2003 ID alleged ID card policy
AFCW Form 36 August 6, 2003
Inspector General Findings to the May 7, 2003 Berardi letter
Original page 97 out of MRC package
Historical Comments Aaron McIntyre
Fax sent to Lt Col Zeh from Major Deckard regarding Congressional inquiry
USAFA Inspector General fact finding report April 17, 2003
TASKER
Berardi letter dated May 7, 2003 with Lt Col Lori Salgado's hand written notes
Letter written to Congressman Reynolds from Col Eddy dated March 31, 2003

The only document I can not be assured of is #2 in the list of materials previously received. I would like this document identified with a date. I question whether or not I have a copy of this document. Could Lt Col Zeh please verify?

Since this is not a new request, but clarification of the original, can I assume that this can be done without delay?

Very Respectfully,

CHRISTOPHER BERARDI, A1C, USAF
C4 Systems Project Manager
4 CS/SCXC
DSN 722-7305
Commercial (919)-722-7305

# DEPARTMENT OF THE AIR FORCE

### HEADQUARTERS UNITED STATES AIR FORCE ACADEMY
### USAF ACADEMY, COLORADO

26 March 2004

Lt Col David E. Zeh
Inspector General
2304 Cadet Drive, Suite 329
USAF Academy, CO 80840

A1C Christopher W. Berardi
1288 Telephone Road
Rush, NY 14543

Dear Airman Berardi,

This is in response to your Freedom of Information Act request of 1 Mar 04. I have researched your request with the following results.

In reference to your 1 Mar 04 FOIA request, the attachment that was mentioned in the document from Col Eddy to Rep Reynolds is enclosed. This was a double-spaced draft document that was not signed nor sent to Rep Reynolds. It was an oversight on my part. This draft congressional response document is the same document that I was referring to in the 3 May 03 letter to your parents.

After another review, this accounts for all USAFA/IG documents, both releasable and not releasable that you requested.

Sincerely,

DAVID E. ZEH, Lt. Col, USAF
Inspector General

Attachment
Releasable Records

**Commitment To Excellence**



# DEPARTMENT OF THE AIR FORCE

### HEADQUARTERS UNITED STATES AIR FORCE ACADEMY
### USAF ACADEMY, COLORADO

14 Apr 2004

Lt Col David E. Zeh
Inspector General
2304 Cadet Drive, Suite 329
USAF Academy, CO 80840

A1C Christopher W. Berardi
1288 Telephone Road
Rush, NY 14543

Dear Airman Berardi,

This is in response to your Freedom of Information Act request of 2 April 04.  I have researched your requests with the following results.

The USAFA/IG office e-mail records you requested in paragraph 1 of your FOIA are enclosed.  The Staff Summary Sheet (SSS) mentioned in paragraph 2 of your request is a working document and not releasable under FOIA.

After another review, this accounts for all USAFA/IG documents, both releasable and not releasable that you requested.

Sincerely,

DAVID E. ZEH, Lt. Col, USAF
Inspector General

Attachment
Releasable Records

**Commitment To Excellence**



## DEPARTMENT OF THE AIR FORCE
HEADQUARTERS UNITED STATE AIR FORCE ACADEMY
USAF ACADEMY, COLORADO

AUG 1 6 2004

Colonel Wayne H. Kellenbence
Director of Staff
2304 Cadet Drive, Suite 342
USAF Academy CO 80840-5001

Cadet Christopher Berardi
1288 Telephone Road
Rush NY 14543

Dear Cadet Berardi

 This is in response to your Freedom of Information Act (FOIA) appeal dated 26 May 2004, in which you appeal Lieutenant Colonel Zeh's 14 April 2004 denial of a Staff Summary Sheet in the possession of the USAF Academy Inspector General's Office. Your letter also made a general request that all of your previous FOIA requests be more accurately answered with regard to individually identifying all documents that were not released and the reason for their denial.

 A thorough search was conducted for information related to your disenrollment case in the USAF Academy Inspector General's Office and two documents were found that were responsive to your appeal (with the exception of e-mail correspondence from you and your mother, and responses thereto). The documents that were found were: (1) A Staff Summary Sheet, Subject: C2C Berardi Disenrollment Package - Readdress due to Congressional Inquiry, dated 16 April 2003, and; (2) The Superintendent's options for disposition in the Military Review Committee (MRC) case of C2C Christopher W. Berardi, dated 14 March 2003. I am partially granting your appeal and providing these documents. (See Attachments 1 and 2). None of the fifteen tabbed documents referenced in Attachment 1 (Staff Summary Sheet) are attached.

 Upon examination of the USAF Academy Inspector General's Office file that relates to you it was discovered there were documents that relate to your disenrollment case that were not released pursuant to previous FOIA requests you made, and were not specifically identified as such. These documents fall under an exception to the FOIA which provides that documents created in a deliberative decision-making process may be withheld from disclosure. DoD 5400.7/Air Force Supplement, Paragraph C3.2.1.5 states that this exemption applies to information that is internal advice or subjective evaluations that are reflected in deliberative records. Therefore, I am not releasing the following documents under this exception:

 (1) Staff Summary Sheet, Re: Reply to Parent Letter - Mr. and Mrs. Berardi, dated 21 May 2003 (1 page), and;



**Commitment To Excellence**

(2) E-mail correspondence taken from Lt Col David E. Zeh's computer, Re: IG Inquiry, undated, (1 Page).

In regard to your request that we individually identify all documents that were not released and the reason for their denial, we have reviewed the Academy's responses to all of your previous FOIA requests (to include responses to your various appeals). With the exception of Lieutenant Colonel Zeh's 14 April 2004 denial of a Staff Summary Sheet in the possession of the USAF Academy Inspector General's Office and the documents identified above we are not releasing, it is our opinion that the responses to your FOIA requests did comply with the requirements of FOIA.

Accordingly, we have provided you all documents from all sources related to your disenrollment case, except those identified in this letter which I am not releasing. Therefore, if you still believe there are documents that have not been addressed please identify exactly which FOIA responses made during the period 26 March 2004 to 26 May 2004 (the 60 day time limit to file appeals under FOIA) denied records and did not adequately describe the denied records.

You may appeal this decision by writing to the Secretary of the Air Force within 60 days of the date of this letter. Include in your appeal your reasons for reconsideration and attach a copy of this letter. Address your letter as follows:

> Office of the Secretary of the Air Force
> Thru: 10 CS/SCSF
> 4199 Academy Drive
> USAF Academy CO 80840-4200

Sincerely,

WAYNE H. KELLENBENCE, Colonel, USAF

Attachments:
1. Staff Summary Sheet, Subject: C2C Berardi Disenrollment Package - Readdress due to Congressional Inquiry, dated 16 April 2003 (2 Pages)
2. The Superintendent's options for disposition in the Military Review Committee (MRC) case of C2C Christopher W. Berardi, dated 14 March 2003 (1 page)

C1C Christopher Berardi
PO Box 3641
USAFA, CO 80840

October 11, 2004

SAF/GCA
Thru: AFLSA/JACL
1501 Wilson Boulevard, 7th Floor
Arlington, VA 22209-2403

To whom this may concern:

I am writing this letter in regard to two separate FOIA appeal letters that were sent to the USAF Academy. These appeals should have been forwarded by the Air Force Academy to your office IAW paragraph C5.3.1 and Attachment 9 of the Air Force Supplement to DOD 5400.7, "DOD Information Act Program," dated 24 June 2002. Instead they were returned to me without corrective action as described below. I have attached both response letters that are outlined below. (Enclosure 1 & 2 pages 6-12)

**In a FOIA Appeal letter dated 25 May 2004**, (Enclosure 3 pages 13-16) I asked for information from FOIA requests that were not answered, dated 27 February 2004 and 8 April 2004 (Enclosure 4 pages 17-19). I received a reply from Colonel Kellenbence dated 16 August 2004, approximately 38 days beyond the regulation, but the response is very unclear and still does not answer the original FOIA requests or the appeal (Enclosure 1 pages 6-7).

In the 27 February 2004 FOIA request I asked for any and all information in the Superintendent's office and that any withheld documents be identified so that I could request them through appeal. This request was never answered. In the 8 April 2004 FOIA request I again asked for any and all information in the Superintendents office, but specifically asked for responses to routing slips containing information that was requested by Lt Col Lori Salgado. Additionally I asked for any information from Lt Col Lori Salgado's file and again asked that any documents withheld be identified. In a 12 May 2004 response, Colonel Kellenbence stated that my request for routing slips and staff summary sheets was being totally denied. I did not ask for staff summary sheets and I received no response in regard to any other documentation in the office, withheld or not.

In the 16 August 2004 FOIA Appeal reply (Enclosure 1 pages 6-7) Colonel Kellenbence stated that, "A thorough review of all information related to your disenrollment case located in the Superintendent's office disclosed only one document that was responsive to your appeal." Attached to this letter was the 20 February 2003 staff summary sheet that I already received a copy of through another request. I did not ask for information only relating to my disenrollment case. Documentation in the Superintendent's office went beyond my disenrollment, which is why I asked for any and all information.

Essentially, what Colonel Kellenbence is telling me is that there is only one document that exists in the Superintendent's office pertaining to my case. I know that Lt Col Lori Salgado had a file regarding my case because she referenced it several times in phone conversations with my parents. I specifically asked about this file in one of my requests, but have still not received

1

a reply. Furthermore, Lt Gen Dallager was aware that the BCMR was reviewing my case. So I would find it hard to believe that documents would be destroyed during this process. I have received a copy of a TASKER sent by Lt Col Lori Salgado in a FOIA request to the TRW, but there is no mention that this exists in the Superintendent's office or if it was withheld. I also received a copy of a routing slip sent along with the TASKER requesting answers to particular questions. If there is no information regarding this request, then I will assume that either individuals did not follow a directive from the Superintendent's office, that documentation has been destroyed, or that information is being withheld and not listed a such. These thing were specifically asked for in the FOIA request and readdressed in the appeal, however, I received no reply to this matter.

I also now question the response from Colonel Kellenbence in the 12 May 2004 reply that stated he was totally denying my request for routing slips and staff summary sheets. This response indicated to me that the documents existed. If they did not exist, I would have received a "no records" response. However, none of these documents were attached to the appeal response.

Furthermore, in the past I have received a letter from the USAFA FOIA office asking that I notify them as to whether or not the response satisfied my request or if I wanted the appeal forwarded to the Litigation office. I received no such letter from the USAFA FOIA office in regard to this appeal.

**In the FOIA Appeal letter dated 26 May 2004,** (Enclosure 5 pages 20-25) I asked for the fifth time that my FOIA requests to the USAFA/IG office be answered.

In a 18 January 2004 FOIA request to the USAFA/IG office I asked for any and all information pertaining to my case and that any documents withheld be identified. In a 10 February 2004 reply, Lt Col Zeh attached releasable documents, but did not identify what he was not releasing. On 27 February 2004 I sent another letter asking for clarification, but received no response to this letter. On 2 April 2004 I sent another FOIA request asking for documentation and that withheld documents be identified. In a response dated 17 May 2004, the withheld documents were still not identified. On 12 April 2004 I sent another FOIA asking for information from the IG office and that withheld documents be identified. This FOIA was never answered (Enclosure 6 pages 26-24).

I received a reply from Colonel Kellenbence dated 16 August 2004 (Enclosure 2 pages 8-12), approximately 39 days beyond the regulation. Attached to this letter was a copy of one staff summary sheet and a Superintendent's option sheet. I was told in the response that one staff summary sheet and e-mail correspondence were being withheld.

Colonel Kellenbence goes on to say in the letter that it is the opinion of the Academy that the responses to my FOIA requests did comply with the requirements of FOIA. I would like to dispute this statement, since there are more instances of FOIA requirements not being met than there were of them being met.

1. C1.5.4 <u>Prompt Action on Requests</u>, "…DoD Components shall endeavor to provide a final response determination within the statutory 20 working days." The 1 March 04 request was answered in a letter postmarked 17 May 04. The 2 April 04 request was answered in a letter postmarked 17 May 04. This is well beyond FOIA regulation. Additionally, the 12 April 2004 FOIA was never answered.

2

2.  C1.5.4.2. <u>Multitrack Processing</u>, "When a Component has a significant number of pending requests that prevents a response determination being made within 20 working days, the requests shall be processed in a multitrack processing system, based on the date of receipt, the amount of work and time involved in processing the requests, and whether the request qualifies for expedited processing...DoD Components shall provide a requester whose request does not qualify for the fastest queue ... an opportunity to limit in writing by hard copy, facsimile, or electronically, the scope of the request in order to qualify for the fastest queue." Since this option was not used, I should have received replies to my requests within the statutory time frame.

3.  C5.2.5.1 "Whenever possible, initial determinations to release or deny a record normally shall be made and the decision reported to the requester within 20 working days after receipt of the request by the official designated to respond." In the cases of the March 1, 2004, April 2, 2004, and April 12, 2004 FOIA requests, none have been answered within 20 working days. Even though it appears that Lt Col Zeh answered the responses within the statutory time, they sat somewhere at the Academy for an additional 10-58 days as you can see by the postmark attached to the replies. The DoD Regulation states that unless I am informed otherwise, I shall receive the response to my requests within 20 working days.

4.  C5.2.5.3. "When a request for a record is denied in whole or part, the official designated to respond shall inform the requester in writing of the name and title or position of the official who made the determination, <u>and shall explain to the requester the basis for the determination in sufficient detail to permit the requester to make a decision concerning appeal.</u> The requester specifically shall be informed of the exemptions on which the denial was based, inclusive of a brief statement describing what the exemption(s) cover...The requester shall also be advised of the opportunity and procedures for appealing an unfavorable determination..." Paragraph C1.5.3.7.1.17 (Added) (AF) of the DoD Regulation reiterates this requirement for Air Force organizations, including the U.S. Air Force Academy. However, this has not been done in any response from the USAFA/IG office. When I have been told that I am being denied documents, there is no reference in regard to what exemption this falls under, no brief statement describing the exemption, nor have I been notified of the appeal process. **When this regulation is not followed, it hinders my ability to appeal because I am not aware of the basis for the denial.**

5.  C5.2.5.7. " When denying a request for records, in whole or in part, a DoD Component shall make a reasonable effort to estimate the volume of the records denied and provide this estimate to the requester...." Not only were the withheld documents not individually identified as I requested, there was no information indicating the volume of records denied.

6.  C3.2.1.5.3. "Inter- or intra-agency memoranda or letters that are factual, or those reasonable segregable portions that are factual, are routinely made available through discovery, and shall be made available to a requester..." In this case, there was no effort to segregate those portions of the withheld records that were purely factual. In the case of the Staff Summary Sheet, much of the information is factual and can be released. In addition, if the Staff Summary Sheet contains a recommendation that is later adopted by the decision maker, then that recommendation must also be released. Paragraph C3.2.1.5.5.

7.  C5.2.4. "<u>Reasonably Segregable Portions</u>. Although portions of some records may be denied, the remaining reasonably segregable portions must be released to the requester when it reasonably can be assumed that a skillful and knowledgeable person

3

could not reconstruct the excised information." As indicated above, there was no apparent effort to segregate or redact the records withheld from disclosure and no discussion by the USAFA IG as to why this was not possible. The DoD Regulation is clear that this must be done and in the absence of a proper determination by the Air Force Academy, I would request that SECAF review the documents and make an appropriate release determination.

Additionally, it appears that the Appeal response from Colonel Kellenbence did not follow regulations either.
1. C5.3.3.2. Final determinations of appeals normally shall be made after 20 working days of receipt. This was not done.
2. C5.3.4.2. If a determination cannot be made and the requestor notified within 20 working days, the appellate authority shall acknowledge to the requestor, in writing, the date of receipt of the appeal, the circumstances surrounding the delay, and the anticipated date for the substantive response. I received nothing in writing that the response was going to be delayed or the reason for the delay.
3. C5.3.5.2.1. The basis for the refusal shall be explained to the requestor, in writing, both in regard to the applicable statutory exemption or exemptions invoked under the provisions of a FOIA. Colonel Kellenbence did not list the applicable exemptions in his response.
4. C5.3.5.2.6. The response shall advise the requestor of the right to judicial review. There was no information in Colonel Kellenbence's response regarding judicial review.
5. He advised me that I could appeal his decision by writing to the Secretary of the Air Force. I can find nothing in the regulations regarding appealing an appeal that has been returned by an IDA.
6. I received no response from this appeal from the Litigation Department. This appeal should have been forwarded since documentation was withheld.

It is extremely difficult to address this issue based on the information that I have been given. I can find no information on appealing an appeal that has been returned by the IDA, I have not been given the option of a judicial review, and I do not know what exemptions were applied to the denials.

Since my appeals have been returned to me, I am forwarding them directly to your office in an effort to obtain relief. At this point I would like a complete response to my request and an accounting for its improper administrative processing by the Academy. I continue to incur costs and expenses in this effort that would have been completely unnecessary had the Academy followed Air Force and DOD guidelines. Please provide me with a status of my case at your earliest convenience so that I will know how to proceed.

Thank you for this consideration and please send your response directly to my home address:
Christopher Berardi
1288 Telephone Road
Rush, NY 14543

Very Respectfully,

Christopher Berardi

4

Enclosures
1. (Pages 6-7) Response to 25 May 2004 FOIA Appeal dated 16 August 2004
2. (Pages 8-12) Response to 26 May 2004 FOIA Appeal dated 16 August 2004
3. (Pages 13-16) 25 May 2004 FOIA Appeal
4. (Pages 17-19) Partial Attachments to 25 May 2004 FOIA Appeal
5. (Pages 20-25) 26 May 2004 FOIA Appeal
6. (Pages 26-34) Partial Attachments to 26 May 2004 FOIA Appeal

**Subject:**   **FOIA Appeal Information**
**Date:**   6/28/2005 10:02:00 PM Eastern Standard Time
**From:**   Linda C Berardi
**To:**   kevin.baron@pentagon.af.mil
**CC:**   clucy@hollandhart.com

Colonel Baron,

I apologize for the delay in getting this information to you, but I have been trying to look up documents and dates so I can give you some sort of order to this mess.

1.   Chris received acknowledgment letters for the appeals from Lori Hilderbrand on 11/17/2003 for JACL 0411, JACL 0412, and JACL 0413.
2.   On 3/26/2004 Chris received a partial FOIA appeal response from Mr. McDanel. In this letter he asked Chris if he wanted to withdraw all or part of his appeal based on the reply
3.   On 4/4/2004 Chris wrote a letter back to Mr. McDanel and explained to him what parts he would withdraw and what parts he still considered pending.
4.   On 4/15/2004 Chris e-mailed Mr. McDanel asking for confirmation that the appeal had been sent.
5.   On 4/20/2004 Chris received an e-mail from Lt. Wright (filling in for Mr. McDanel) saying, "yep i got it and it's been sent to proper office..." (quite a professional reply)
6.   Shortly after that e-mail we got a letter of confirmation from Mr. McDanel dated 4/6/2004. More than likely it did not go out on time because of Mr. McDanel's absence from the office.
7.   Chris sent an appeal to the Academy (addressed to the SECAF office) dated 5/25/2004
8.   Chris received a reply from Colonel Kellenbence regarding this FOIA in a letter dated 8/16/2004
9.   Chris sent an appeal to the Academy (addressed to the SECAF office) dated 5/26/2004
10.   Chris received a reply from Colonel Kellenbence regarding this appeal on 8/16/2004. He withheld information that Chris was asking for in this appeal. On the bottom of the letter for this response Colonel Kellenbence wrote that Chris could appeal his decision to the SECAF office. Chris and I both felt that this was a really odd reply based on the fact that this was an appeal to the Secretary of the Air Force. Chris heard nothing at all following this response from Colonel Kellenbence.
11.   On 10/11/2004 Chris sent an appeal letter to SAF/GCA explaining the problem and asking for clarification on how to appeal an appeal that he did not have a final answer on yet. He received no response to this letter.
12.   On 2/19/2005 Chris sent a letter to AFLSA/JACL inquiring about his appeals.
13.   On 3/1/2005 Chris received a letter from Earl Johnson saying that the appeals (04011, 04012, and 04013) had been forwarded to the Secretary of the Air Force General Counsel's office pending final determination. He also said in the letter that he was unaware of any other appeals including Chris' most recent letter.
14.   On 3/10/2005 I called Earl Johnson to see if we could straighten out this confusion. He told me that he had forwarded the first three appeals (04011, 04012, and 04013) to the General Counsel's office on 4/12/2004, which means that they had been there almost a year at the time of this call. When I questioned him about the 5/25 and 5/26 appeals, he knew nothing about them. When I asked him about the appeal that Chris sent in a letter dated 10/11/2004, he said that he had received the letter 10/13/2004 and e-mailed it to the General Counsel's office on the same day. He told me that they do not accept FOIA appeals directly from individuals and that his office did not consider this an appeal, but just correspondence.

After putting this all on paper, I am going to make an assumption about what happened.

There is no doubt in my mind that the original appeals that were assigned numbers have been sitting un-addressed for over a year. This is clearly a violation of DoD Regulation 5400.7 governing the DoD FOIA Program. Appeals C5.3. Not only have they just been sitting, there was never any correspondence saying that the office required more time to answer them.

I am going to guess that the 5/25 and 5/26 appeals are still sitting at the Academy. If they had been sent to AFLSA/JACL, they would have been assigned document numbers and Chris would have received a letter. Additionally, Mr. McDanel did not correspond with Chris at all regarding whether he wanted to withdraw any of the appeal based on Colonel Kellenbence's reply. This would also explain the response from Colonel Kellenbence at the bottom of the reply saying that Chris could appeal this to the Secretary of the Air Force. He was treating this document as a regular FOIA request as opposed to an appeal. Both of these appeals were clearly addressed to the Office of the Secretary of the Air Force.

In regard to the 10/11/2004 appeal letter that Chris sent directly to AFLSA/JACL: I think that if you read the letter you will see that this was an appeal not just merely correspondence. According to FOIA regulation if an appeal is inadvertently sent to the wrong office it is supposed to be forwarded to the correct office in a timely manner. If it is truly deemed as mere correspondence, I think that Chris deserved an answer to that letter a long time ago.

I hope this helps in your endeavor to sort this out for us. I will let you contact the Academy regarding the 5/25 and 5/26 FOIA appeals since I am sure that you carry much more clout than the mother of a cadet. The 10/11/2004 letter needs to be addressed as well. Since this appears to be somewhere in your offices, I would appreciate you tracking that down as well.

As always I appreciate your help. Since I have taken the time to get this all down on paper, I am going to copy Mr. Lucy in as well.

Very Respectfully

Linda Berardi



# DEPARTMENT OF THE AIR FORCE
### HEADQUARTERS UNITED STATES AIR FORCE ACADEMY
USAF ACADEMY, COLORADO

MEMORANDUM FOR AFLSA/JACL
                1501 WILSON BLVD, ROOM 706             JUL 1 8 2005
                ARLINGTON VA 22209

FROM: HQ USAFA/DS
       2354 Fairchild Drive, Suite 5A35
       USAF Academy CO 80840-6200

SUBJECT: Freedom of Information Act (FOIA) Appeal (C1C Christopher Berardi--26 May 2004)

1. The attached FOIA appeal is forwarded in accordance with DOD 5400.7/AF Sup 1, paragraph C5.3.1.

2. This letter confirms my consideration and rejection of the arguments provided by Mr. Christopher Berardi in his May 26, 2004, letter. I concur with the reasoning for denial provided by the USAFA/JA, attachment 4.

3. Points of contact are Major Paul Maraian, USAFA/JA, DSN 333-0739 and Mr. Laurence McDanel, 10 CS/SCSF, DSN 333-6231.

WAYNE H. KELLENBENCE, Col, USAF
Director of Staff

5 Attachments:
1. Original Appeal Letter
2. Denial Letter
3. Copies of Denied Records
4. Legal Opinion
5. AFLSA/JACL-IL Memo W/Attach

**Commitment To Excellence**

8



**DEPARTMENT OF THE AIR FORCE**
AIR FORCE LEGAL SERVICES AGENCY (AFLSA)

July 22, 2005

AFLSA/JACL
Information Litigation
1501 Wilson Blvd., 7th Floor
Arlington, VA  22209-2403

C1C Christopher Berardi
PO Box 3641
USAFA, CO 80840

Dear C1C Berardi,

We received your FOIA appeal dated May 26, 2004 from HQ USAFA/DS and have assigned it the following number: **JACL 05077**. Please refer to the JACL number in any future correspondence with us regarding this appeal.  Our policy is to process appeals in the order in which we receive them.  We received this appeal on July 22, 2005.

Once we have completed our review, we will forward your appeal to the Office of the Secretary of the Air Force for final action.  That office will respond directly to you concerning that action.

Please notify our office if your address is incorrect or if it changes during this process. Thank you for your patience and be assured that we will review your appeal as carefully and quickly as possible.  If you have any questions, our office can be reached at (703) 696-9141.

Sincerely

EARL L. JOHNSON
Paralegal Specialist
Information Litigation Branch

cc:  HQ USAFA/DS



# DEPARTMENT OF THE AIR FORCE
## WASHINGTON DC

OFFICE OF THE GENERAL COUNSEL

SAF/GCA
1740 Air Force Pentagon
Washington, DC 20330-1740

FEB 1 0 2006

2Lt Christopher W. Berardi
1288 Telephone Road
Rush NY 14543

Dear Lieutenant Berardi

    This replies to your May 26, 2004 appeal (JACL #05077) under the Freedom of Information Act (FOIA) of the April 14, 2004 determination of USAFA/IG that partially denied your April 2, 2004 request for electronic mail messages and other correspondence and Staff Summary Sheets "pertaining to [your] case."

    On August 16, 2004 USAFA/DS responded to your appeal and released two documents to you and withheld two others, a Staff Summary Sheet, that was located in the files of the Academy IG and an electronic mail message from the IG. Although the USAFA/DS response letter indicated that the electronic mail message was taken from Lt Col David E. Zeh's computer, the withheld document is a printed copy of the containing hand written notes.

    I have been delegated the responsibility to conduct the Office of the Secretary of the Air Force review in your case.

    Although FOIA Exemption 5 would permit the Staff Summary Sheet and printed copy of the electronic mail message to be withheld, I have determined that it is appropriate to make a discretionary release of them. They are attached. I understand from your appeal package that your parents received the letter attached to the Staff Summary Sheet and from other of your appeals that a copy of your parent's letter to Lt Gen Dallager has been released to you in response to other requests.

    This constitutes the final Air Force action on your appeal.

Sincerely

Don W. Fox
Deputy General Counsel
(Fiscal and Administrative Law)

Attachment:
Released Documents