**ATTACHMENT E TO EXHIBIT 1**

**FOIA Appeal**

**July 22, 2005**

1. July 22, 2005 Appeal sent to USAFA

2. January 25, 2005 related FOIA

3. June 13, 2005 FOIA Appeal Response

4. August ?, 2005 FOIA Appeal Response

5. August 22, 2005 Appeal sent to JACL

6. February 10, 2006 Appeal Response

C1C Christopher Berardi
PO Box 3641
USAFA, CO 80840
SS# 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

July 22, 2005

Office of the Secretary of the Air Force
Thru: 10 CS/SCSF
4199 Academy Drive
USAF Academy, CO 80840-4200

To whom this may concern:

I am writing to appeal the decision by the U.S. Air Force Academy to withhold information from a FOIA request that I wrote on January 25, 2005, requesting any and all information in the possession of the PE office, pertaining to me, from June 2000 to September 2004.

I received a reply to this FOIA request from the Academy dated June 13, 2005. The packet of documentation that was attached to the letter was 627 pages long. The letter stated that 491 of the pages were being released. They were basically repetitive information from my Military Review Committee (MRC) packet and I have no appeal regarding these pages.

The letter also stated that the Academy had redacted information from 136 of the pages of miscellaneous documents that were found within the 627 pages. The authority for not releasing the redacted portions of the documents were, "(1) 5 U.S.C. 552 (b)(5) (reference (a)); and (2) 5 U.S.C. 552 (b)(6) (reference (a)). [The references to the United States Code (U.S.C.) includes the corresponding provisions of the DoD Regulation 5400.7/Air Force Supplement, dated 24 June 2002]."

The Department of Justice Form No. 4-694a provides an "Explanation of Exemptions, Subsections of Title 5, United States Code, Section 552" (FOIA):
    (b)(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency
    (b)(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy

The DoD Regulation 5400.7/AFSUP 1, dated 24 June 2002, states
    Paragraph C3.2.1.5. (5 U.S.C. 552 (b)(5) (reference (a)) states that documents containing information considered privileged in litigation, primarily under the deliberative process privilege can be withheld.
    Paragraph C3.2.1.6. (5 U.S.C. 552 (b)(6) (reference (a)) states that information in personnel and medical files, as well as similar information in other files that would invade personal privacy may also be withheld.

For purposes of this appeal, I have broken down the pages that were withheld. What is confusing to me is that the two exemptions that the Air Force Academy listed for the reasons for withholding the information do not seem to apply to each document, and I cannot tell which exemption was applied to which document or if both were applied. Many documents appear to

1

have had handwritten notes in the margins that were redacted, but if these notes do not contain names, then (b)(6) would not apply. Some pages appear to only have names redacted, which would imply a (b)(6) exemption, but not necessarily (b)(5). There is also a possibility that a few of the documents were withheld because both exemptions apply. The following is a list of the documents or portions thereof withheld and my decision whether to appeal the Air Force Academy's decision:

1.      Page 1 is a Fax cover sheet with all info redacted - this I will not appeal.
2.      Page 2 is a Personnel Summaries Sheet from MRC packet with handwritten notes redacted - **this I will appeal**. Since 5 U.S.C. 552 (b)(6) does not apply to this, I will assume that the Academy applied 5 U.S.C. 552 (b)(5). As discussed below, since this information would be releasable under the Privacy Act, then it must be released in its entirety to me.
3.      Pages 3-6 is our March 18, 2003 letter with handwritten notes in margins redacted - **this I will appeal.**
4.      Pages 7-10 are Chronology of Events pertaining to me with handwritten notes redacted - **this I will appeal.**
5.      Page 11 is the last page of SSS signed by me from MRC packet with handwritten notes redacted - **this I will appeal**
6.      Pages 12-15 are the March 18 and Congressional Fax covers with handwritten notes redacted - **this I will appeal.**
7.      Page 16 is half of the first page of the May 7 letter – this I will not appeal.
8.      Pages 17-21 have been withheld in their entirety. Each of these pages is identical - someone took a blank piece of paper and wrote on it, "- cont. -7 May 2003 letter from Anthony & Linda Berardi to Lt Gen Dallager – page withheld in its entirety". Since none of the above exemptions would warrant taking out an entire document, **I will appeal.** DODR 5400.7/AFSUP 1, paragraph C5.2.2 (**future references to paragraphs in this sequence will be to the DODR/AFSUP**) states that although a portion of some records may be denied, the remaining segregable portions must be released. In no case shall the deleted areas be left "white" without the use of brackets to show the bounds. When a record is denied in whole, the response advising the requester of that determination will specifically state that it is not reasonable to segregate portions of the record for release.
9.      Page 22 is a grade report with handwritten notes redacted - **this I will appeal.**
10.     Pages 23-77 are multiple copies of the second police report with names redacted – **this I will appeal**. What strikes me about the redaction of names from these reports is that my MRC packet police report contained the name HENRY (another AF Academy cadet) and all of the comments that applied to him and no one bothered to redact them. This constitutes waiver of the normal FOIA (b)(6) exemption. In addition, the names are contained in a record about me and are therefore releasable under the Privacy Act. (See below and Voelker v. IRS, 646 F.2d 332, 333-35 (8th Circuit 1981) and Wren v. Harris, 675 F2d. 1144, 1147 (10th Circuit 1982)).
11.     Page 36 is an MFR from 10 SFS/SF. The date, the receiver, and items #1 and 2 have been redacted along with a note at the end of (b) and information before Major Lambert's name. On the bottom of the page listed under attachments, it says report(s). In the information that was provided to me in the FOIA response, the pages following this document were copies of the second police report (pages 37-77). Again, I will need clarification on which listed authority exempted this document (b)(5), (b)(6), or both. Under the authority of (b)(6), you can merely redact the names; however it appears that more than just names were redacted. Since the attachments to this contained the second police report I will assume that the document is factual in content, unlike the first police

report that was included in my MRC packet that was not factual. Any factual information pertaining to the police reports is releasable under C3.2.1.5.3 and made available through discovery. C3.2.1.5. states that merely being an internal record is an insufficient basis for withholding. <u>Clarification is needed in regard to the authority for exemption for each individual item redacted from this document.</u>

12.     Pages 78-79 are my November counseling Form 174 with signatures redacted – this I will not appeal because I already have these forms with signatures on them, however signatures should not be redacted from forms that are already in my MRC packet, since under the Privacy Act these records are contained in a system of records that applies to me.

13.     Pages 80-106 are additional multiple copies of second police report with names redacted – this I will not appeal.

14.     Pages 107-108 is a MFR that I wrote. It appears that they redacted something that I wrote; however the way that it was done does not follow regulation. It appears that a post-it note was placed on the document and they wrote redacted on the post-it note; taking out an approximate 3"x 3" part of the MFR – **I will appeal** this based on C5.2.2 stating that although a portion of some records may be denied, the remaining segregable portions must be released. In no case shall the deleted areas be left "white" without the use of brackets to show the bounds.

15.     Pages 109-113 is the Executive Summary with the entire deciding factors section redacted – this I will not appeal because we already have an un-redacted copy.

16.     Pages 114-128 are all Cadet Wing Status Summaries. Several of the pages are completely blank – **this I will appeal based** on the fact that I do not know which exemption the Air Force Academy applied to these documents. If it applied (b)(5) I will appeal. If it applied (b)(6) I will not appeal. If he applied both, I will appeal.

17.     Pages 129-136 is a redacted copy of the recorder's notes – **this I will appeal** because the notes of the MRC proceeding are factual in nature and made a part of the record for review.  They are routinely disclosed in other cases in accordance with Air Force academy practice and any exemptions have therefore been waived.

To avoid being repetitive, I will group the following pages together: Pages 17-21 and 107-108 have the reason for my appeal written within #8 and #14 above. Pages 36 and 114-128 need clarification and my appeal is written in #11 and #16 above. My reasons for appealing Pages 2, 3-6, 7-10, 11, 12-15, 22, and 23-77 are written below:

•       On all of these pages referenced in the paragraph above with the exception of pages 23-77, it appears that handwritten notes in the margins have been redacted.

•       It is important to remember where these documents came from. They all existed in a back up file (retrievable by my name and social security number) kept by the PE office after my official file had been corrected by the letter from the BCMR. I was told that this file was kept for the purpose of having the information available should any questions arise concerning my disenrollment. We were also told by Colonel Davis that the PE office had suggested using the file for training or review purposes. Therefore the information in this file was official and factual, making it releasable under C3.2.1.5.3. which states, Inter- or intra-agency memoranda or letters that are factual, or those reasonable segregable portions that are factual, are routinely made available through discovery, and shall be made available to a requester.

•       C1.5.5 states that exemption 5 is discretionary in nature, and DoD components are encouraged to exercise discretionary releases whenever possible.  This policy statement is

intended to maximize public access to public information and has been routinely violated in this FOIA release.

- C3.2.1.5.2. states that any record or reasonably segregated portion of such a record hypothetically would be made available routinely through the discovery process and therefore should not be withheld under FOIA. Discovery is the formal process by which litigants obtain information from each other for use in litigation. Since these documents ended up in the PE office, I will assume that these were comments written and shared throughout the disenrollment process and should therefore be made available.

- C3.2.1.5.4. states that a direction or order from a superior to a subordinate, though contained in internal communication, generally cannot be withheld from a requester if it constitutes policy guidance or a decision, as distinguished from a discussion of preliminary matters or a request that would compromise the decision making process. Since I cannot see the comments that are redacted, I cannot specifically comment, however, any direction redacted cannot be withheld based on the fact that the file was in PE for anyone to view. This information is no longer preliminary nor will my viewing it compromise a decision that has already made.

- C3.2.1.5.5. states that internal communication concerning a decision that subsequently has been made a matter of public record must be made available to a requester when the rationale for the decision is expressly adopted or incorporated by reference in the record containing the decision. Since these records were available in the PE office as a public record of my disenrollment case, they should be released.

- The DOD Regulation 5400.7/Air Force Supplement, "DOD Freedom of Information Act Program" dated 24 June 2002, provides in paragraph C1.3.1, "...As a matter of policy, DOD Components shall make discretionary disclosures of exempt records or information whenever disclosure would not forseeably harm an interest protected by a FOIA exemption, but this policy does not create any right enforceable in court..." I believe this means that the benefit of the doubt should go to the requester seeking information under FOIA, even when an exemption might apply. This would especially appear to be the case if the requester is the person on whom the information has been collected. I could not see where there would be any harmful statements other than the ones directed towards me.

- There should be nothing in these comments that I am not allowed to see. Based on the fact that the documents were kept for review of the disenrollment process would mean that any handwritten notes should be comments or concerns that I had already heard.

- AF Instruction 33-332, "Air Force Privacy Act Program," dated 8 November 2000, provides an alternate avenue for access to records maintained by a federal agency on an individual. It allows the individual to review records maintained on him or her and also provides for a mechanism to correct those records. In addition, C1.5.13.4 provides that requesters who seek records about themselves that are contained in a Privacy Act system of records and who cite or imply the FOIA or both Acts will have their request processed under the provisions of both Acts. This is consistent with 5 USC 552a (t)(2) which states that no agency shall rely on any FOIA exemption to withhold information otherwise accessible under the Privacy Act. See also Viotti v. United States Air Force, 902 F. Supp. 1331, 1336-37 (D. Colo. 1995), aff'd, 153 F.3d 730 (10th Cir. 1998). This means, for example, that the marginal notes redacted from my records would be releasable if those records are contained in a system of records that pertain to me and are retrievable by my personal identifiers.

In addition to the pages that had information redacted from them, the Air Force Academy withheld documents in their entirety as well. I will address these documents individually:

1.    The Academy withheld four, 1 page Staff Summary Sheets attached to copies of previous FOIA requests listing 5 U.S.C. 552 (b)(5) (reference (a)) for the reason of exemption – **this I will appeal** for the following reason. I cannot reference my copies of the FOIA replies since I cannot correlate with the dates you provided; I will need to know the dates of the FOIA requests or replies (not the dates of the Staff Summary Sheets) in order to make a decision to appeal the information. The Academy denied my request based on exemption 552(b) (5) of the Freedom of Information Act. This exempts inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than the agency in litigation with the agency. However, Paragraph C3.2.1.5.3., states, "Inter- or intra-agency memoranda or letters that are factual, or those reasonable segregable portions that are factual, are routinely made available through discovery, and shall be made available to a requester..." In the case of Staff Summary Sheets, most of the information should be factual and can be released. In addition, if the Staff Summary Sheets contain a recommendation that is later adopted by the decision maker, then that recommendation must also be released. Paragraph C3.2.1.5.5. In addition, Staff Summary Sheets have been provided in previous FOIA requests I have submitted and therefore waiver applies.

2.    The Academy withheld 93 pages of e-mail correspondence listing 5 U.S.C. 552 (b)(5) (reference (a)) and 5 U.S.C. 552 (b)(6) (reference (a)) for the reason of exemption. I respectfully appeal this denial. Based on the discussion above regarding the Privacy Act and the need to release documents under that Act that might otherwise be exempt under FOIA, this information must be released. See, for example, Hoffman v. Brown, No. 1:96cv53-C, slip op. at 4 (W.D.N.C. Nov. 26, 1996), aff'd, 145 F.3d 1324 (4th Cir. 1998) (unpublished table decision), ordering production of e-mail and other correspondence regarding requester's employment. This case has been cited with approval in the Department of Justice Overview of the Privacy Act of 1974, 2004 Edition.

3.    The Academy withheld 57 pages of draft congressional responses to Mr. Thomas M. Reynolds and an MFR written by Major Scott A. Rose listing 5 U.S.C. 552 (b)(5) (reference (a)) for the reason of exemption. This is a decision that **I will appeal.** Since these draft documents were answering a Congressional Inquiry from Congressman Reynolds, they cannot be considered privileged information in litigation. These documents were drafted after the Superintendent disenrolled me, therefore would not be considered deliberative in nature or part of the decision making process. At this point the decision had already been made. However, because they contain factual information that was released to Congressman Reynolds in regard to my disenrollment, they are releasable under C3.2.1.5.3. The IG office has already released two different copies of the preliminary Congressional Response to me, and therefore the Academy has waived any exemption that might otherwise apply. I provided copies of these documents to the IG in Tab 16 and 17 of the IG investigation book. I fail to see the difference between the pages that were released and the ones that they are withholding. Unless the IG office is claiming that they had no authority to release the two I have received, then there is no reason not to release the additional pages. The Academy did not list the authority of 5 U.S.C. 552 (a)(3), so I must assume that these documents differ from the ones I had previously received. The MFR written by Lt Col Rose should also be releasable if it was factual information supporting the Congressional draft response. The Academy did not list the authority of 5 U.S.C. 552 (a)(3) for this document either, so I have to assume that it is

different from the MFR written by Lt Col Rose that the IG office previously provided to me. I provided a copy of the MFR that I received in Tab 31 of the IG investigation book. Finally, these documents were part of a system of records maintained under my name and should therefore be releasable under the Privacy Act as previously discussed.

In Summary, I am requesting that all information I have appealed within the 136 pages containing redacted information be provided. I am also requesting the four Staff Summary Sheets attached to the FOIA packages, as well as the e-mail correspondence and the draft congressional responses.

Please remember that the FOIA response was approximately 80 days late; a prompt rely to this appeal would be greatly appreciated.

Thank you for this consideration and please send your response directly to my home address since I keep no correspondence regarding my disenrollment in my room at the Academy:
Christopher Berardi
1288 Telephone Road
Rush, NY  14543

Very Respectfully,

Christopher Berardi

Attachments:
1. FOIA reply letter dated 13 June 2005

6

Lt Col Zeh
X-MimeOLE: Produced By Microsoft Exchange V6.5.7226.0
Content-class: urn:content-classes:message
MIME-Version: 1.0
Content-Type: multipart/alternative;
    boundary="----_=_NextPart_003_01C50322.5E8D0A00"
Subject: FOIA
Date: Tue, 25 Jan 2005 14:11:22 -0700
X-MS-Has-Attach:
X-MS-TNEF-Correlator:
Thread-Topic: FOIA
Thread-Index: AcUDImvI3cDyKxCgSruJabIDwE2vgw==
From: "Berardi Christopher W C1C USAFA/CS28" <C05Chris.Berardi@USAFA.af.mil>
To: "Mcdanel Laurence L Civ 10 CS/SCSF" <Laurence.Mcdanel@USAFA.af.mil>


Mr. McDanel

Sir

I am writing to make a request under the Freedom of Information Act.

The requester is I, Christopher Berardi.  I am currently a C1C at the United States Air Force Academy.  I would like any information from this request sent to my home address which is:
1288 Telephone Road
Rush, NY 14543

You can reach me at Squadron 28 by leaving a message. I will return your call as soon as I receive the message.

I agree to pay the cost of all processing fees.  Please inform me if the cost will exceed $50.00.

I am requesting any and all information in the possession of the PE office, pertaining to me, from June 2000 to September 2004. This would include copies of e-mails or any other type of correspondence.  If any documents are withheld in their entirety, please identify the documents so I can request them through the appeal process.

Thank you.


Respectfully,
C1C Christopher Berardi

# DEPARTMENT OF THE AIR FORCE

**HEADQUARTERS UNITED STATES AIR FORCE ACADEMY**
**USAF ACADEMY, COLORADO**

APR 2 6 2005

Laurence L. McDanel
FOIA/PA Office
4199 Academy Drive
USAF Academy CO 80840-4200

C1C Christopher Berardi
1288 Telephone Road
Rush, NY 14543

Dear C1C Berardi

This is in reference to your FOIA request of January 25, 2005. This is to advise you that we are still actively working your requests. We hope to complete our search soon and provide you a reply.

Sincerely

LAURENCE L. MCDANEL

**Commitment To Excellence**



# DEPARTMENT OF THE AIR FORCE

### HEADQUARTERS UNITED STATES AIR FORCE ACADEMY
### USAF ACADEMY, COLORADO

1 3 JUN 2005

Colonel Thomas G. Philipkosky
Inspector General
2304 Cadet Drive, Suite 329
USAF Academy CO 80840

Cadet Christopher Berardi
1288 Telephone Road
Rush NY 14543

Dear Cadet Berardi

     This is in response to your Freedom of Information Act request of 25 January 2005, requesting, "…any and all information in the possession of the PE office, pertaining to me, from June 2000 to September 2004. This would include copies of e-mails or any type of correspondence."

     To begin with a point of clarification; at the present time there is no information in the possession of the United States Air Force Academy Policy & Evaluation (P & E) Office that relates to you. Any and all documents that were located in the United States Air Force Academy P & E Office are now in my possession and as such are records of the United States Air Force Academy Inspector General's Office.

     Below I have identified the documents in my possession and how I have treated them for the purpose of your request:

     1. Attached are 491 pages of documents that I am releasing.

     2. Attached in redacted form are 136 pages of miscellaneous documents found within the lot of documents taken from the United States Air Force Academy Policy & Evaluation Office. My authority for not releasing the redacted portions of these documents is: (1) 5 U.S.C. 552 (b)(5) (reference (a)); and (2) 5 U.S.C. 552 (b)(6) (reference (a)). [The references to the United States Code (U.S.C.) includes the corresponding provisions of the DoD Regulation 5400.7/Air Force Supplement, dated 24 June 2002.]

     3. Found within the lot of documents taken from the United States Air Force Academy Policy & Evaluation Office, were 4 copies of previous Freedom of Information Act requests and answers. A 1 page Staff Summary Sheet (SSS) was on top of each of these four packets. The SSSs are dated as follows / and the packets contain the following number of pages: (1) 20040305 / 25 pages; (2) 20040305 / 39 pages; (3) 20040402 / 41 pages; (4) 20040415 / 14 pages. I am withholding the SSSs under the authority of 5 U.S.C. 552 (b)(5) (reference (a)). [The reference to the United States Code (U.S.C.) includes the corresponding provision of the DoD Regulation 5400.7/Air Force Supplement, dated 24 June 2002.]. And I am withholding the remainder of these 4 packets as it is a duplicate request under the authority of 5 U.S.C. 552 (a)(3)



Commitment To Excellence

(reference (a)). [The reference to the United States Code (U.S.C.) includes the corresponding provision of the DoD Regulation 5400.7/Air Force Supplement, dated 24 June 2002.]

4. Found within the lot of documents taken from the United States Air Force Academy Policy & Evaluation Office, were 93 pages of e-mail correspondence by and between various parties. I am withholding these e-mails under the authority of: (1) 5 U.S.C. 552 (b)(5) (reference (a)); and (2) 5 U.S.C. 552 (b)(6) (reference (a)). [The references to the United States Code (U.S.C.) include the corresponding provisions of the DoD Regulation 5400.7/Air Force Supplement, dated 24 June 2002.]

5. Also found within the lot of documents taken from the United States Air Force Academy Policy & Evaluation Office, were 57 pages that are a draft congressional response to Mr. Thomas M. Reynolds and a Memorandum For Record written by Major Scott A. Rose. Please note that there are multiple copies of each of these documents. I am withholding these under the authority of 5 U.S.C. 552 (b)(5) (reference (a)). [The reference to the United States Code (U.S.C.) includes the corresponding provision of the DoD Regulation 5400.7/Air Force Supplement, dated 24 June 2002.]

You may appeal this decision by writing to the Secretary of the Air Force within 60 days of the date of this letter. Include in your appeal your reasons for reconsideration and attach a copy of this letter. Address your letter as follows:

        Office of the Secretary of the Air Force
        Thru:  10 CS/SCSF
        4199 Academy Drive
        USAF Academy CO 80840-4200

                Sincerely

                THOMAS G. PHILIPKOSKY, Col, USAF
                Inspector General

Attachments:

1. Miscellaneous documents found within the lot of documents taken from the United States Air Force Academy Policy & Evaluation Office in unredacted form (491 pages).
2. Miscellaneous documents found within the lot of documents taken from the United States Air Force Academy Policy & Evaluation Office in redacted form (136 pages).

**This totals 627 pages that are attached.**



# DEPARTMENT OF THE AIR FORCE

### HEADQUARTERS UNITED STATES AIR FORCE ACADEMY
#### USAF ACADEMY, COLORADO

Colonel Thomas G. Philipkosky
Inspector General
2304 Cadet Drive, Suite 329
USAF Academy CO 80840

26 AUG

Cadet Christopher Berardi
1288 Telephone Road
Rush NY 14543

Dear Cadet Berardi

     This is in response to your Freedom of Information Act appeal dated 22 July 2005. I have considered your appeal and stand by my decision, and will forward your appeal in accordance with the DoD Freedom of Information Act Program, DoD Regulation 5400.7/Air Force Supplement, 24 June 2002.

THOMAS G. PHILIPKOSKY, Colonel, USAF
Inspector General

**Commitment To Excellence**



**DEPARTMENT OF THE AIR FORCE**
AIR FORCE LEGAL SERVICES AGENCY (AFLSA)

August 22, 2005

AFLSA/JACL
Information Litigation
1501 Wilson Blvd., 7th Floor
Arlington, VA  22209-2403

C1C Christopher Berardi
PO Box 3641
USAFA, CO 80840-4200

Dear C1C Berardi,

We received your FOIA appeal dated July 22, 2005 from USAFA/IG and have assigned it the following number:  **JACL 05092**. Please refer to the JACL number in any future correspondence with us regarding this appeal.  Our policy is to process appeals in the order in which we receive them.  We received this appeal on August 22, 2005.

Once we have completed our review, we will forward your appeal to the Office of the Secretary of the Air Force for final action.  That office will respond directly to you concerning that action.

Please notify our office if your address is incorrect or if it changes during this process. Thank you for your patience and be assured that we will review your appeal as carefully and quickly as possible.  If you have any questions, our office can be reached at (703) 696-9141.

Sincerely

EARL E. JOHNSON
Paralegal Specialist
Information Litigation Branch

cc:  USAFA/IG



**DEPARTMENT OF THE AIR FORCE**
WASHINGTON DC

OFFICE OF THE GENERAL COUNSEL

SAF/GCA
1740 Air Force Pentagon
Washington, DC 20330-1740

FEB 10 2006

2Lt Christopher W. Berardi
1288 Telephone Road
Rush NY 14543

Dear Lieutenant Berardi

    This replies to your July 22, 2005 appeal (JACL #05092) under the Freedom of Information Act (FOIA) of the June 13, 2005 partial denial of your January 25, 2005 FOIA request by Col Thomas G. Philipkosky, Inspector General, United States Air Force Academy. You had requested "<u>any and all</u> information in the possession of the PE office, pertaining to me, from June 2000 to September 2004." (Underlining in original.).

    I have been delegated the responsibility to conduct the Office of the Secretary of the Air Force review in your case. I have considered your appeal under both the FOIA and the Privacy Act, and have determined that under the Privacy Act it should be granted in part.

    Attached are copies of the 136 pages released to you with redactions by the Academy, and the 269 pages fully withheld by the Academy. Unfortunately, completely clean copies of the 136 pages released with redactions were not retained by the Academy. The copies that were forwarded in the appeal file appear to be copies of the pages that were highlighted showing the recommended redactions. The highlighting, when copied, made some of the material is illegible on the "unredacted" pages that we received. The best available copies are attached.

    Social Security Numbers and dates of birth of third parties have been redacted. This information is neither about you nor pertaining to you. Consequently, it is not a "record" within the meaning of the Privacy Act. Accordingly, the information has been withheld pursuant to FOIA Exemption 6, to prevent a clearly unwarranted invasion of those individuals' privacy interests.

This constitutes the final Air Force action on your appeal.

Sincerely

Don W. Fox
Deputy General Counsel
(Fiscal and Administrative Law)

Attachment:
Releasable Documents

JACL 05092 Releasable Records

# ATTACHMENT F TO EXHIBIT 1

## FOIA Appeal

## February 13, 2006

1.  February 13, 2006 Appeal sent to USAFA

2.  October 17, 2005 related FOIA

3.  August 22, 2005 Appeal to JACL

Lt. Christopher Berardi
1288 Telephone Road
Rush, NY 14543
SS# 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

February 13, 2006

Office of the Secretary of the Air Force
Thru: 10 CS/SCSF
4199 Academy Drive
USAF Academy, CO 80840-4200

To whom this may concern:

I am writing to appeal several points in the 20 January 2006 FOIA response from the United States Air Force Academy (USAFA). This response is to my 17 October 2005 FOIA request asking that USAFA renew all previous FOIA requests and provide any further documents not previously provided or listed as being withheld. These documents include, but are not limited to, an additional police report concerning the Notre Dame incident. Furthermore in my 17 October 2005 request I indicated that I had received two police reports through previous FOIA requests, but information from the recent USAFA IG investigation revealed that there were actually three reports.

I am appealing all partial and total denials listed in the 20 January 2006 response that provide the exemption for denial as 5 U.S.C. 552 (b)(5) as well as listing the following concerns individually:

I will break down these points in order that the USAFA response was written for ease in following.

The first paragraph of the USAFA response concerning the partial release and total denials did not fulfill my request that USAFA revisit all previous FOIA requests. More specifically my request did not ask that USAFA only revisit the responses where I received partial releases or total denials, but asked that USAFA revisit all of my previous FOIA requests based on documentation found during the IG investigation. I wrote twenty-seven FOIA requests, but in the response USAFA only commented on six of these requests. My further explanation should shed some light on why I made this request.

The last paragraph on the first page of the 20 January 2006 response indicates that USAFA tasked all offices to forward documentation relating to me during the 2000-2003 timeframe. This is another constraint that I did not request. Although I left the Academy in 2003, documentation continued with the BCMR, the IG office, and the Legal office. In fact only four of the twenty seven that I wrote fell

1

within this timeframe. Even though this constraint was improperly applied I will limit my comments to the 2000-2003 timeframe.

The first section on Page 2 of the 20 January 2006 response under the title of Total Release relates to the documents retrieved from hard drives and e-mails within the 2000-2003 timeframe. I will comment on them with the lettering provided in the 20 January 2006 response:

a. Letter to Major Pleasants from Cadet Berardi. This is not the letter that I sent to Major Pleasants; it was the response that he sent to me. The letter that I sent to him is included in the 419 pages of Attachment #8; specifically page 264.

b. Three drafts of Security Forces police reports. USAFA stated this was dated 19 October 2002. This is not the date the document was prepared, but the date of the incident. As substantiated during the IG investigation, all of the documentation from Security Forces lacked signatures and proper dates and as a result the day the police reports were written could neither be tied to a specific date nor chronologically organized with any certainty, therefore (according to the IG office) it would be incorrect to say that these documents are dated 19 October 2002. The documents that USAFA sent, do not say draft anywhere, so I question how USAFA can call them drafts when the documents appear to be written in the same manor as what USAFA refers to as actual police reports. The USAFA IG office informed me that this was the additional police report that they found during the investigation and that possibly it could have been a draft, but there was no way of telling this. I would like to know how USAFA concluded that these were drafts when the investigating officer and IG could not determine this during their investigation. Furthermore, the reports are written in an identical manner to the police report in my CPR II and do not say draft, therefore I must conclude that this is actually a police report or the one in my MRC packet and disenrollment decision was a draft. If the report were truly a draft, I would be curious to know which report it was a draft to. It would make no sense to have a draft to the report that was in my MRC packet because the report in my MRC listed one offender and referred to me as both HENRY and BERARDI in several places, whereas the alleged draft referred to me solely as BERARDI. This means that if this document were truly a draft then the names were changed from correct to incorrect; this would appear to defeat the purpose of a draft. Furthermore it is hard to believe that the report with one offender is a draft to the report that contained the circumstances of four different offenders.

c. I have no comment regarding this information; it had been previously received.

On page 2 under the heading Partial Releases USAFA sent me a list of cadet's and their assignments, redacting their social security numbers. While I never

2

asked for a cadet list with their assignments, I find it hard to believe that this is releasable material when USAFA redacted address information surrounding security forces officers from my police reports.

Continuing on page 2 under the heading <u>Total Denial</u>, I have the following comments:

   a. Miscellaneous Draft USAFA/JA legal reviews. USAFA did not provide any dates with this response so it is very difficult to determine what this was a review for, how many there actually were, or what they pertain to. Based on previous responses from the Academy, I am surprised to find that these exist.

      1. On 6 September 2003 I sent a FOIA request asking for a legal review written by Lt Col Wolusky. The 17 September 2003 FOIA response from the USAFA said that, "A thorough search has been conducted at all locations likely to have the requested records, but none were found."

      2. To broaden the span of search, on 29 September 2003 in a FOIA request I asked that the Academy, "Please provide me with **any documentation**, including, but not limited to, notes, memorandum, e-mails, correspondence, etc., that generated from my case within the legal department. In the 9 October 2003 response from the Academy it stated, "You have been previously provided copies of all documents generated from the USAFA legal office regarding your disenrollment case." Nothing was listed as being withheld.

      3. On 23 October 2003 I appealed this response. In the 26 March 2004 response from the Academy (dated 26 March 2003 – wrong by 1 year) I received a response stating, "With respect to your 29 September 2003 request, we have conducted a through search of USAFA/JA records and did not find any other documents generated from USAFA/JA concerning your disenrollment... Accordingly, we conclude there are no other records." Nothing listed as being withheld. This appeal was forwarded on to the JACL office.

      4. In the final Appeal response, from SAF/GCA dated 20 July 2005 (<u>almost 2 years after I wrote the appeal</u>) they stated, "In response to your September 6 and 29, 2003 FOIA requests (JACL #04013), HQ USAFA/JA searched your entire case file as well as the computer shared drive, and no responsive or additional records were located. Furthermore, subsequent to receipt of your appeals, a second search was conducted of your case files and the computer shared drive and no responsive or additional records were located."

      5. **I was told at least 3 times that this information did not exist and that thorough searches were conducted to reach these responses.**

      6. **Essentially what USAFA is telling me now is that the 20 July 2005 Appeal response that I received from the Secretary of the Air Force General Counsel was incorrect since USAFA was able to retrieve information for the 20 January 2006 response which**

**searched computer shared drives for information between 2000-2003.**

Based on the documents in the 20 January 2006 response, where did 26 pages come from when all the responses previously received said there was nothing? I would like a breakdown by date of the 26 pages of draft legal reviews as well as the subject matter being reviewed.

b. Please provide me with dates and brief descriptions from these draft FOIA responses withheld.

c. Please provide me with dates and brief descriptions from these draft Staff Summary Sheets withheld.

d. There is no reason to withhold a talking paper regarding myself. These documents should contain no information that I am not already aware of.

e. I have previously received the draft Congressional responses.

f. This is not really a description. Is there a date on this document? Is there a subject matter?

g. The reply states that this is questions and answers concerning myself. Are they dated? Do they concern disenrollment? Do they concern grades? This response was not descriptive enough to determine what was withheld.

h. Page 3. While I am not asking for any information on this document, it is shocking that Major Pleasants would be writing the draft for a response to a letter that outlined problems that I was having with him. This would answer why the 7 May 2003 response letter actually contradicted the IG Fact Finding Report.

i. I have already been provided this MFR.

j. Please provide a date for this document.

Continuing on Page 3 there is a heading marked <u>Partial Releases</u> under summary found in a USAFA Security Forces electronic database.

**a.** Incident report summary. Thank you for sending this. **I did not receive it from my 27 April 2004 FOIA request asking for, "any and all information from the 10th SFS-SFA that applies to me." Nor was it listed as being withheld in the 24 May 2004 FOIA response.**

b. In relation to the file from the USAFA legal office that the USAFA/IG office took possession of in August of 2004, USAFA commented on the Partial Releases from this record. May I also say that while USAFA made a point of telling me that my attorney, Mr. Charles Lucy asked that the file be retained, it was in the Legal office until August of 2004, therefore being subject to the 29 September 2003 FOIA request and any subsequent requests surrounding the initial ones. Comments below *

*Also on page 3 a second <u>Partial Release</u> list pertaining to the USAFA Legal office File.

a. Thank you – these were all documents that I had.

b. While I understand that this is a discretionary exemption, I fail to understand why comments regarding myself would be redacted. As stated

4

above comments should contain no information that I had not heard before.

c. Same as above

*Continuing on with Page 3 at the bottom, there is a list of <u>Total Denials</u> from documentation found within the USAFA Legal Office File. While I am only going to particularly comment on a few of these denials, **I would like to remind USAFA that these documents should have been covered under my 29 September 2003 FOIA request asking that the Academy, "Please provide me with any documentation, including, but not limited to, notes, memorandum, e-mails, correspondence, etc., that generated from my case within the legal department." On 9 October 2003 you responded to me by saying, "You have been previously provided copies of all documents generated from the USAFA legal office regarding your disenrollment case." After appealing this decision in October of 2003, I was told in March of 2004 that there were no other records. The Appellate decision in July of 2005 again told me that there no responsive or additional records, however, now that the IG Investigation is over and I have graduated, there are 19 additional matters.**

    a. I was not told in the Appellate decision or any Academy decision that this document existed

    b. I was not told in the Appellate decision or any Academy decision that this document existed

    c. I already have this

    d. I was not told in the Appellate decision or any Academy decision that this document existed

    e. I was not told in the Appellate decision or any Academy decision that this document existed

    f. I was not told in the Appellate decision or any Academy decision that this document existed

    g. Please provide the dates of all of these documents. I cannot determine if I already have these without the dates

    h. I was not told in the Appellate decision or any Academy decision that this document existed

    i. I already have this

    j. I was provided this document from the BCMR and given an opportunity to comment on the information that was written.

    k. I was not told in the Appellate decision or any Academy decision that this document existed

    l. I was not told in the Appellate decision or any Academy decision that this document existed. I was also not told in the 24 May 2004 response in regard to 10 SFS/SFA that it existed either.

    m. I have this in un-redacted Form

    n. I have the FOIA response

    o. I have the FOIA response

    p. Starting Page 4 - I have the FOIA response

q. I have the FOIA response
r. I have the FOIA response
s. I was not told in the Appellate decision or any Academy decision that this document existed

Continuing with Page 4, in regard to the paragraph concerning the police reports, USAFA stated, "In your FOIA request you ask for a third police report and where it was found. By way of explanation, in your FOIA Request dated 27 April 2004 you asked for, "any and all information from the 10th SFS-SFA that applies' to you. In the response provided by the USAFA, dated 24 May 2004, you were provided all three police reports in the possession of the USAFA. Therefore your statement that you, 'have received two police reports through previous FOIA requests, but now have information, from the IG investigation that there were actually three report...' is inaccurate since this office has previously provided all three reports. In order to avoid any confusion, however, copies of all SF reports are provided again and attached at Attachment 11." I have the following comments to make regarding this response:

1.  USAFA repeated my 27 April 2004 request asking for any and all documents from the 10th SFS-FSA that applied to me. Please explain why the alleged "draft" document you referenced on page 2 (b) was not included in this response and not listed as being withheld? The FOIA that was sent requesting documentation did not exclude drafts.

2.  **The statement indicating USAFA provided all three reports contradicts the 24 June 2004 FOIA response from the Academy saying, "Because there were only two reports prepared by Security Forces..." I will have to assume from the statement above that this was another FOIA response that was incorrect or that the 20 January 2006 response is incorrect.**

3.  Furthermore, there are not 3 reports in the packet of material that was sent in the FOIA response, nor in the identical packet that was sent in this response. The first group of papers pages 1-5 is an incomplete copy of pages 6-14. While many of the documents are missing from pages 1-5, the ones that are there are identical to pages 6-14 with the exception of Major Pleasants signature on page 3. Please note that Major Pleasants signed this document on 4 November 2002. All of these pages were found in my CPR II which can be determined by the page and AB #'s at the bottom. Does this mean that there were 2 police reports in my MRC packet that no one questioned? This was all considered one at the time of my disenrollment. Please note that pages 1 and 6, the beginning of what USAFA is referring to as the first 2 are identical (only one person listed as being the offender).

4.  Pages 15-43 were the documents that were found as the result of a FOIA response from the Academy dated 22 March 2004 and requested by the IG office following this discovery. Please note, page 15 lists 4

offenders, making this the second report. There are no further pages, so I have 2 reports not three.

5.  Please also note that Major Pleasants signed page 3 on 4 November 2002. In the second group of documents (pages 15-43) many contain the date of 7 November 2002, which was 3 days after Major Pleasants singed the first document.

6.  Since page 11 of these documents is almost identical to 2 (b), what makes one of these documents a draft and not the other?

7.  Pages 1-14 were in my CPR II and the MRC packet. I can conclude that this was the first report since it was in my MRC packet (Although now USAFA is saying there were two police reports in my MRC packet something that the IG investigation did not even find). The only date on these beyond the incident date was 4 November 2002. In the Tracking Table supplied in the 22 March 2004 FOIA response it stated, "Second police report received, but still not correct. I believe that we can conclude that the second report was actually what USAFA is calling a draft on Page 2 (b), since the report was partially corrected as stated. The name HENRY was removed and BERARDI was subsequently added as the substitute, but the report did not correct the belligerent statement; that is why the MFR was added to my packet. The Tracking Table also said they were working with SF to get a third report, but they were not correcting it, so the MFR would suffice. From what the Academy stated above, they already had 3 reports.

8.  At the time of this discovery, we thought that what we were calling the second report was what you sent as pages 15-43 which was not received until 24 May 2004. The IG concluded this as well until he discovered the additional report (what USAFA is calling a draft). The IG's suggested sequence of reports was that the one you sent as the additional was the second and the one discovered through the FOIA was the third, but nothing could be conclusive because nothing contained the proper dates.

9.  Nor could the document sent in 2 (b) be absolutely called a draft because there is nothing indicating that it was.

10. Are you saying that the IG investigative report that was shared with me was wrong? Both the IO and IG confirmed that there was an additional report. While they suggested that it could have been a draft, they also concluded that there was no way of substantiating this information. Furthermore, if there has been a recent discovery substantiating this report as a draft I request that information be shared with me.

11. Are you suggesting that they were referencing a different report and possibly there could be four? The 20 January 2006 response stated I was sent three reports. The one listed in 2(b) that was referenced by the IG would make the fourth and I would still be missing one.

12. I believe that the document that the IG and IO referenced as the additional report was the document listed as being a draft in 2 (b). While I had not seen this report when they discussed it with me, we were told

that the only difference from the one that was in my CPR II was the fact that they had changed the name HENRY to BERARDI. This description matches identically with the report sent in 2 (b) which is referenced as a draft.

13. The Tracking Table provided in the 22 May 2004 FOIA response clearly says that the second police report received was incorrect and that they were working with SF to get a third report, but that SF was not going to correct it so the MRF would suffice. Here they are saying that they did not get a third police report, but you claim that we have received three.

14. I even went as far as to cut and paste the name BERARDI over the redacted report that read HENRY to see if there was the possibility that somehow I had been given the report in 2 (b) and my name was accidentally redacted, however the characters would not fall in the same place and it changed the sentence placement on the lines.

15. I could continue on and look at these responses and try to apply every possible scenario; however, I would always come back to the fact a previous FOIA request (or this one) was answered incorrectly.

No matter how you look at this determination, there are conflicts with the answers in regard to previous FOIA responses where FOIA documentation was withheld and not listed as such.

One thing remains consistent, I am proud to be a part of the United States Air Force and I will proudly, with the utmost integrity, serve my country. While I made some mistakes in regard to following particular Academy rules, I never faltered from telling the truth or admitting if I had done something wrong. Throughout this process, my claims, allegations, thoughts, statements, etc. have remained the same because they are based on what is the truth; there are no contradictions from my first statement to my last.

My purpose for requesting this documentation, which the Academy was aware of, was to substantiate some of my claims and try to understand what happened in the process that seemed to go so wrong. This process was severely delayed by the Academy because it failed to adhere to FOIA regulations. When the BCMR brought me back to the Academy they stated that there were far too many instances of errant or poorly justified actions in the overall disenrollment process.

I am finding that the responses from the Academy, in regard to FOIA's continue in this same errant manner. There are so many contradictions from one answer to another that it has become impossible for them to determine which responses are correct and which ones are not. They have obfuscated the FOIA process to such an extent that it has become a way for them to try to substantiate what happened, not provide proper documentation and adhering to FOIA regulation. The Secretary of the Air Force General Counsel report now contradicts what the

Academy has reported. The Academy's answers contradict the final findings of an IG investigation. And the FOIA responses contradict one another.

For these reasons, I do not believe that an administrative appeal rights are moot because this case is in litigation. **<u>Responses like this are precisely why this case is in litigation.</u>** Furthermore, the only part of this FOIA that is in litigation is the Academy's inability to reply according to the timeframe outlined in the FOIA Regulations. Therefore I will exercise my right to appeal.

Respectfully,

Lt. Christopher Berardi

Attachments:
   1. Copy of FOIA response letter dated January 20, 2006

cc:   Mr. Charles Lucy
      Mr. William Myers III

**Subject:**      **FOIA**
**Date:**         10/17/2005 8:07:44 PM Eastern Daylight Time
**From:**         C05Chris.Berardi@USAFA.af.mil
**To:**           Laurence.Mcdanel@USAFA.af.mil

Mr. McDanel

Sir

I am writing to renew all previous FOIA requests in asking that you provide documents not previously provided or listed as being withheld, including, but not limited to an additional police report surrounding the Notre Dame incident. I have received two police reports through previous FOIA requests, but now have information, from the IG investigation, that there were actually three reports.

I have been told that the additional police report that I have not received contains no dates or signatures, therefore I would like to know where the document was located.

I am requesting expedited processing on this matter under FOIA Regulation Paragraph C1.5.4.3. with the reason being that it was previously requested information that was not sent.

Since all previous FOIA requests were made before the official start of the IG investigation mentioned above, the documentation requested would not be subject to any of the restrictions on the release of information contained in an IG investigation.

I am currently a C1C at the United States Air Force Academy.  I would like any information from this request sent to my home address which is:
1288 Telephone Road
Rush, NY  14543

Thank you.

Very Respectfully,
C1C Christopher Berardi



**DEPARTMENT OF THE AIR FORCE**

HEADQUARTERS UNITED STATES AIR FORCE ACADEMY

USAF ACADEMY, COLORADO

12 December 2005

Laurence L. McDanel
FOIA/PA Office
4199 Academy Drive
USAF Academy CO 80840-4200

C1C Christopher Berardi
1288 Telephone Road
Rush, NY 14543

Dear C1C Berardi

This is in reference to your FOIA request of 17 October 2005. This is to advise you that we are still actively working your request. We hope to complete our search soon and provide you a reply.

Sincerely

LAURENCE L. MCDANEL

**Commitment To Excellence**



**DEPARTMENT OF THE AIR FORCE**
HEADQUARTERS UNITED STATES AIR FORCE ACADEMY
USAF ACADEMY, COLORADO

Maj Gen Irving L. Halter, Jr.                                    JAN 2 0 2006
Vice Superintendent
2354 Fairchild Drive, Suite 5A34
USAF Academy CO  80840

2d Lt Christopher Berardi
1288 Telephone Road
Rush NY  14543

Dear Lieutenant Berardi

    This is in response to your FOIA Request dated 17 October 2005 (**Attachment 1**), requesting, "a renewal of all previous FOIA requests." Your FOIA requests to the USAFA fall into the following categories:  Referred to HQ USAF/FOIA Office, Previously Provided, Full Release of Information, No records Exist, Appealed, Partial Release, and Full Release.  I have re-examined the FOIA requests and responses (below) that related to Partial Releases and Full Releases and stand by the previous FOIA responses.

    <u>Partial Releases:</u>

    a.  FOIA 04-034, dated 27 February 2004;
    b.  FOIA 04-046, dated 2 April 2004, 5:36 A.M.;
    c.  FOIA 04-047, dated 2 April 2004, 5:37 A.M.; and
    d.  FOIA 04-058, dated 27 April 2004.

    <u>Total Denials:</u>

    a.  FOIA 04-052, dated 8 April 2004, 7:54 A.M.; and
    b.  FOIA 04-053, dated 8 April 2004, 7:55 A.M.

    Additionally, in preparation to readdress all the FOIA responses partially and fully withheld, the USAFA tasked all offices most likely to have documents that relate to you during the timeframe 2000-2003.  The results of this query were documents electronically found (hard drives and e-mails) in the possession of the USAFA/JA personnel AND an incident report summary found in a USAFA Security Forces electronic database.  In relation to these findings, I make the following determinations for the purpose of this FOIA request:

**Commitment To Excellence**

<u>First, documents electronically found (hard drives and e-mails) in the possession of the USAFA/JA personnel:</u>

<u>Total Release:</u>

a.  Letter to Major Pleasants from Cadet Berardi, (2 pages each, 3 copies, total of 6 pages) attached at **Attachment 2**.

b.  Three Drafts of Security Forces police reports (6 pages each, total of 18 pages), dated 19 October 2002, attached at **Attachment 3**.

c.  Chronology of events that relate to Cadet Berardi, dated 9 Jan 2003 (3 copies, 2 pages each, total of 6 pages) attached at **Attachment 4**.

<u>Partial Releases:</u>

List of Cadets and their assignments (2 pages), attached at **Attachment 5**; other Cadets' information is redacted and withheld under 5 U.S.C. 552 (b)(6).

<u>Total Denial:</u>

a.  Miscellaneous <u>Draft</u> USAFA/JA legal reviews (26 pages); withheld under 5 U.S.C. (b)(5).

b.  Miscellaneous <u>Draft</u> FOIA responses to Cadet Berardi (17 pages); withheld under 5 U.S.C. 552 (b)(5).

c.  Miscellaneous <u>Draft</u> Staff Summary Sheets that relate to Cadet Berardi (3 pages); withheld under 5 U.S.C. 552 (b)(5).

d.  Two talking papers on Cadet Berardi drafted by Maj Pleasants, dated 15 April 2003 (3 copies, 2 pages each, total of 6 pages); withheld under 5 U.S.C. 552 (b)(5).

e.  Two Draft Congressional responses (3 copies of one draft, 5 pages each, 15 pages total) and another draft (2 copies, 6 pages each, total of 12 pages); withheld under 5 U.S.C. 552 (b)(5) (total of 27 pages).

f.  A letter from "Jim" signed by "Brian" (4 copies, 1 page each, total of 4 pages); withheld under 5 U.S.C. 552 (b)(5).

g.  Questions and answers concerning Cadet Berardi (2 copies, 1 page each, total of 2 pages); withheld under 5 U.S.C. 552 (b)(5).

h. Draft Response to Anthony and Linda Berardi's letter 7 May 2003 from Major Pleasants (2 copies, 2 pages each, total of 4 pages); withheld under 5 U.S.C. 552 (b)(5).

i. Memorandum for record from Major Scott A. Rose regarding Cadet Berardi's Probation Journal dated 25 October 2002 (3 pages); withheld under 5 U.S.C. 552 (b)(5).

j. Draft memorandum from Lt Col Joseph A. Milner regarding Cadet Beradi and FOIA tracking number 06-006 (1 page); withheld under 5 U.S.C. 552 (b)(5).

Second, incident report summary found in a USAFA Security Forces electronic database:

Partial Releases:

a. Incident report summary found in a USAFA Security Forces electronic database (5 pages), attached at **Attachment 6**; other Cadets' information is redacted and withheld under 5 U.S.C. 552 (b)(6).

b. Further, in August 2004 the USAFA/IG took possession of a file that was in the possession of the USAFA Legal Office. The file was kept by the legal office at the suggestion of your attorney, Mr. Charles Lucy, with the rationale being there was an investigation pending (**Attachment 7**). In relation to this file, I make the following determinations for the purpose of this FOIA request:

Partial Release:

a. Attached at **Attachment 8** are 419 pages. Information is redacted and withheld under 5 U.S.C. 552 (b)(5) and (6).

b. Probation placement, MRC, or Class D memorandum (1 page) attached at **Attachment 9**; redacted portions withheld under 5 U.S.C. 552 (b)(5).

c. Memorandum for record from Cadet Berardi, dated 27 October 2002 (1 page) attached at **Attachment 10**; redacted portions withheld under 5 U.S.C. 552 (b)(5).

Total Denial:

a. E-mail from Richard Peterson to Colonel Michael McAntee, dated 8 July 2004 (1 page); withheld under 5 U.S.C. 552 (b)(5).

b. E-mail from Capt William Pleasants to Maj Scott Rose, dated 4 October 2002 (1 page); withheld under 5 U.S.C. 552 (b)(5).

c.  E-mail from Maj Scott Rose to Capt William Pleasants, dated 9 September 2002 (1 page); withheld under 5 U.S.C. 552 (b)(5).

d.  E-mail from 1st Lt Brian Holinka to Sandie Miles, dated 25 March 2004 (2 pages); withheld under 5 U.S.C. 552 (b)(5).

e.  E-mail from James Murphy to Sandie Miles (both personnel of the USAFA Legal Office), dated 23 January 2004 (1 page); withheld under 5 U.S.C. 552 (b)(5).

f.  Miscellaneous notes from Sandie Miles (2 pages); withheld under 5 U.S.C. 552 (b)(5).

g.  Four Staff Summary Sheets (1 page each; total of 4 pages) related to Cadet Berardi and four USAFA/JA internal suspense sheets (1 page each; total of 4 pages) related to Cadet Berardi); withheld under 5 U.S.C. 552 (b)(5) (total of 8 pages).

h.  One USAFA/JA internal suspense sheet (1 page) with a tasker page (1 page) and a fax cover sheet (1 page) attached (total of 3 pages); withheld under 5 U.S.C. 552 (b)(5).

i.  Memorandum for record from Major Scott A. Rose regarding Cadet Berardi's Probation Journal dated 25 October 2002 (2 copies - one 2 pages and one 3 pages; total of 5 pages); withheld under 5 U.S.C. 552 (b)(5).

j.  USAFA Legal Office legal review related to Cadet Berardi's BCMR dated 6 November 2003 (4 pages; 2 copies, total of 8 pages) and a related fax coversheet (1 page); withheld under 5 U.S.C. 552 (b)(5).

k.  Memorandum for HQ USAFA/DS from AFLSA/JACL, dated 10 February 2004 (2 pages and 2 copies; total 4 pages); withheld under 5 U.S.C. 552 (b)(5).

l.  Memorandum for AFLSA/JACL from 10 CS/SCSF, dated 26 March 2004 (1 page); withheld under 5 U.S.C. 552 (b)(5).

m.  Matters that were previously given to you in redacted form per your FOIA Request dated 16 August 2003/FOIA number 03-078. These documents related to your Military Review Committee (recorder's notes and executive summary) (13 pages).

n.  The FOIA file related to your FOIA Request dated 21 July 2003/FOIA number 03-070. This includes the USAFA's tracking and processing documents; withheld under 5 U.S.C. 552 (b)(5) (131 pages).

o.  The FOIA file related to your FOIA Request dated 27 April 2004/FOIA number 04-058. This includes the USAFA's tracking and processing documents; withheld under 5 U.S.C. 552 (b)(5) (36 pages).

p. The FOIA file related to your FOIA Request dated 6 September 2003/FOIA number 03-81. This includes the USAFA's tracking and processing documents; withheld under 5 U.S.C. 552 (b)(5) (10 pages).

q. The FOIA file related to your FOIA Request dated 16 August 2003/FOIA number 03-078. This includes the USAFA's tracking and processing documents; withheld under 5 U.S.C. 552 (b)(5) (40 pages).

r. The FOIA file related to your FOIA Request dated 29 September 2003/FOIA number 04-002. This includes the USAFA's tracking and processing documents; withheld under 5 U.S.C. 552 (b)(5) (3 pages).

s. The file that responded to a Congressional Inquiry from Representative Thomas M. Reynolds, dated 9 June 2003. This includes the USAFA's tracking and processing documents; withheld under 5 U.S.C. 552 (b)(5) (20 pages).

In your request you ask for a third police report and where it was found. By way of explanation, in your FOIA Request dated 27 April 2004 you asked for, "any and all information from the 10th SFS-SFA that applies" to you. In the response provided by the USAFA, dated 24 May 2004, you were provided all three police reports in the possession of the USAFA. Therefore your statement that you, "...have received two police reports through previous FOIA requests, but now have information, from the IG investigation that there were actually three reports..." is inaccurate since this office has previously provided all three reports. In order to avoid any confusion, however, copies of all SF reports are provided again and attached at **Attachment 11.**

Further, in this case since most of the records you requested were found in a Privacy Act Systems of Records, everything was processed under the Privacy Act and FOIA. If a record was exempt under the Privacy Act, then it was analyzed under FOIA and the greatest amount of releasable material has been released to you.

The reference to the United States Code (U.S.C.) includes the corresponding provision of the DoD Regulation 5400.7/Air Force Supplement, dated 24 June 2002.

Lastly, administrative appeal rights are moot since this case is in litigation.

Sincerely

IRVING L. HALTER, JR., Maj Gen, USAF
Vice Superintendent

Attachments: (listed on next page)

1.  FOIA Request, dated 17 October 2005 (at 6:07 P.M.) (1 page).
2.  Letter to Major Pleasants from Cadet Berardi, (2 pages each, 3 copies, total of 6 pages).
3.  Three Drafts of Security police Reports, dated 19 October 2002 (18 pages).
4.  Chronology of events that relate to Cadet Berardi, dated 9 Jan 2003 (2 pages, 3 copies, 6 pages total).
5.  List of Cadets and their assignments (2 pages).
6.  Incident report summary found in a USAFA Security Forces electronic database (5 pages).
7.  E-mail from Mr. Charles Lucy, dated 4 August 2004 (1 page).
8.  Document released from the USAFA Legal Office file (419 pages).
9.  Probation placement, MRC, or Class D memorandum (1 page).
10. Memorandum for record from Cadet Berardi, dated 27 October 2002 (1 page).
11. Three Police reports which were previously provided and are now being provided again (43 pages).



# DEPARTMENT OF THE AIR FORCE
## AIR FORCE LEGAL SERVICES AGENCY (AFLSA)

February 19, 2006

General Litigation Division
1501 Wilson Blvd, 7th Floor
Arlington, VA 22209

William G. Myers III
Holland & Hart LLP
Suite 1400, U.S. Bank Plaza
101 South Capitol Blvd.
Boise, ID 83701

Dear Mr. Myers

    After additional review, the Air Force is making an additional discretionary release of records previously withheld or released with redactions in the January 20, 2006 responses to your client, 2Lt Christopher W. Berardi, in connection with his July 6 and October 17, 2005 requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

    The Social Security Numbers and birth dates of individuals other than Lt Berardi havw been redacted from the records being released in order to prevent clearly unwarranted invasion of those individuals' personal privacy pursuant to FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Completely clean copies of some pages released with redactions in addition to Social Security Numbers and birth dates were unavailable. For those pages we have provided the best copy possible.

Sincerely

JOHN M. PELLETT
Deputy Chief, Information Litigation Branch

Attachments:
1. List of Released Records
2 - 40. Released Records

cc:
Ms Karen Melnik (w/o Atchs 2 - 40)
USAFA/JAC (w/o Atchs 2 - 40)
10 CS/SCSF (w/o Atchs 2 - 40)

List of Released Records

Records withheld in connection with the January 20, 2006 response to the FOIA request dated July 6, 2005 (at 4:20 P.M.):

Attachment 2.    July 30, 2004 electronic mail correspondence between Mr. James Murphy and Major Paul Maraian, formerly fully withheld (1 Page).

Attachment 3.    Draft response to May 25, 2004 FOIA Appeal, formerly fully withheld (1 page).

Attachment 4.    Draft response to May 26, 2004 FOIA Appeal, formerly fully withheld (2 pages).

Attachment 5.    Draft Staff Summary Sheet related to May 25, 2004 FOIA Appeal, formerly fully withheld (1 page).

Attachment 6.    Draft Staff Summary Sheet related to May 26, 2004 FOIA Appeal, formerly fully withheld (1 page).


Records withheld or released with redactions in connection with the response to the FOIA request dated October 17, 2005:

Attachment 7.    Draft USAFA/JA legal reviews, formerly fully withheld (26 pages).

Attachment 8.    Draft FOIA responses to Cadet Berardi, formerly fully withheld (17 pages).

Attachment 9.    Draft Staff Summary Sheets that relate to Cadet Berardi, formerly fully withheld (3 pages).

Attachment 10.    Two talking papers by Maj Pleasants on Cadet Berardi dated April 15, 2003, formerly fully withheld (3 copies of each, 6 pages).

Attachment 11.    Two Draft Congressional responses, formerly fully withheld (3 copies of one draft, 5 pages each, 15 pages; 2 copies of another draft, 6 pages each, 12 pages; 27 total pages).

Attachment 12.    A note from "Jim" to "Brian," formerly fully withheld (4 copies, 1 page each, 4 pages).

Attachment 13.    Questions and answers concerning Cadet Berardi, formerly fully withheld (2 copies, 1 page each, 2 pages).


Attachment 1

Attachment 14.    Major Pleasants' draft response to Anthony and Linda Berardi's May 7, 2003 letter, formerly fully withheld (2 copies, 2 pages each, 4 pages).

Attachment 15.    Memorandum for record by Major Scott A. Rose regarding Cadet Berardi's Probation Journal dated 25 October 2002, formerly fully withheld (3 pages).

Attachment 16.    Draft memorandum from Lt Col Joseph A. Milner regarding Cadet Berardi and FOIA request tracking number 06-006, formerly fully withheld (1 page).

Attachment 17.    Incident report summary found in a USAFA Security Forces electronic database (5 pages), released in part in Attachment 6 of the January 20, 2006 response to 2Lt Berardi's October 17, 2005 FOIA request.

Attachment 18.    68 of the 419 pages released in part in Attachment 8 of the January 20, 2006 response to 2Lt Berardi's October 17, 2005 FOIA request. The 350 pages that were fully released are not included.

Attachment 19.    Document titled "Probation Placement, MRC, or Class D" (1 page), released in part in Attachment 9 of the January 20, 2006 response to 2Lt Berardi's October 17, 2005 FOIA request.

Attachment 20.    October 27, 2002 Memorandum for Record from Cadet Berardi (1 page), released in part in Attachment 10 of the January 20, 2006 response to 2Lt Berardi's October 17, 2005 FOIA request.

Attachment 21.    July 8, 2004 electronic mail message from Richard Peterson to Colonel Michael McAntee, formerly fully withheld (1 page).

Attachment 22.    October 4, 2002 electronic mail message from Capt William Pleasants to Maj Scott Rose, formerly fully withheld (1 page).

Attachment 23.    September 9, 2002 electronic mail message from Maj Scott Rose to Capt William Pleasants, formerly fully withheld (1 page).

Attachment 24.    March 25, 2004 electronic mail message from 1st Lt Brian Holinka to Sandie Miles, formerly fully withheld (2 pages).

Attachment 25.    January 23, 2004 electronic mail message from James Murphy to Sandie Miles, formerly fully withheld (1 page).

Attachment 26.    Miscellaneous notes from Sandie Miles, formerly fully withheld (2 pages).

3

Attachment 27.    Four USAFA/JA internal suspense sheets (1 page each, 4 pages) and four Staff Summary Sheets (1 page each, 4 pages), formerly fully withheld (8 pages total).

Attachment 28.    One USAFA/JA internal suspense sheet (1 page) with a tasker page (1 page) and a fax cover sheet (1 page) attached, formerly fully withheld (3 pages total).

Attachment 29.    October 25, 2002 Memorandum for Record from Major Scott A. Rose regarding Cadet Berardi's Probation Journal (2 copies: one 3 pages and one, apparently incomplete, 2 pages; 5 pages total), formerly fully withheld.

Attachment 30.    November 6, 2003 USAFA Legal Office legal review related to Cadet Berardi's Air Force Board for the Correction of Military Records application (2 copies, 4 pages each; 8 pages) and a related fax coversheet (1 page), formerly fully withheld (9 pages total).

Attachment 31.    February 10, 2004 AFLSA/JACL memorandum for HQ USAFA/DS (2 copies, 2 pages each; 4 pages), formerly fully withheld.

Attachment 32.    March 26, 2004 memorandum for AFLSA/JACL from 10 CS/SCSF, formerly fully withheld (1 page).

Attachment 33.    Documents (recorder's notes and executive summary) related to 2Lt Berardi's Military Review Committee that were previously given to him in redacted form in response to his August 16, 2003 FOIA Request, USAFA FOIA number 03-078, formerly fully withheld (13 pages).

Attachment 34.    The FOIA file, including tracking and processing documents, related to 2Lt Berardi's July 21, 2003 FOIA Request, USAFA FOIA number 03-070, formerly fully withheld (131 pages).

Attachment 35.    The FOIA file, including tracking and processing documents, related to 2Lt Berardi's April 27, 2004, USAFA FOIA number 04-058, formerly fully withheld (36 pages).

Attachment 36.    The FOIA file, including tracking and processing documents, related to 2Lt Berardi's September 6, 2003, USAFA FOIA number 03-81, formerly fully withheld (10 pages).

Attachment 37.    The FOIA file, including tracking and processing documents, related to 2Lt Berardi's August 16, 2003, USAFA FOIA number 03-078, formerly fully withheld (40 pages).

Attachment 38.    The FOIA file, including tracking and processing documents, related to 2Lt Berardi's September 29, 2003, USAFA FOIA number 04-002, formerly fully withheld (3 pages).

Attachment 39.    The file, including tracking and processing documents, related to a June 9, 2003 Congressional Inquiry from Representative Thomas M. Reynolds, formerly fully withheld (20 pages).

Attachment 40.    21 of the 43 pages of police reports that had previously been provided and were re-released with redactions in Attachment 11 of the January 20, 2006 response to 2Lt Berardi's October 17, 2005 FOIA request. The 22 pages that were released without redactions are not included.