**ATTACHMENT 2**

Anthony and Linda Berardi
1288 Telephone Rd
Rush, NY 14543

May 9, 2003

SAFPC
1535 Command Drive
EE Wing, Third Floor
Andrewes AFB, MD 20762

Dear Mr. Secretary,

Today, our attorney was able to obtain the Staff Summary Sheet that went to the Academy Board pertaining to the disenrollment of our son, Christopher Berardi. We would like to comment on some of the information the disenrollment decision was based on:

1. We agree that Chris' MPA was deficient, but that was because he was on probation. Prior to probation it was 2.99
2. We would also like to say that 40 of the 86 demerits that Chris accumulated in a 6-month period were for an ID card hit. The IG investigation substantiated his original allegation that this was not done in an equitable manner and that the 34th TRW only had a verbal policy that was inconsistently applied.
3. There is also a statement in the first paragraph that states, "Cadet Berardi accepts responsibility and sees his flaws in poor decision making but denies learning anything from probation because he felt he was too bitter..." He agrees with the fact that for a portion of his probation, he was bitter, but he denies ever making a statement that he did not learn anything from probation. After Lt Gen Dallager had already revisited the case for the last time it was discovered that the journal entries in the IG report were grossly incomplete. If Gen Dallager had been provided with a full set of journal entries, he would have seen that Chris made comments in the journal about growth during the process. Positive growth was stated in the following journal entries:

   #07 - partially missing
   #10 - missing this entry
   #11 - missing this entry
   #15 - was there
   #16 - missing this entry
   #17 - missing this entry
   Final note to Major Pleasants - partially missing

It seems rather odd to us that when requesting the journal, that we had been asking for since March, that Gen Dallager received basically just the copies that Lt Col Rose had a problem with. If you read the portion of the journal that is attached to the IG report, you will see that Chris made no mention of names at all. Lt Col Rose is allowed to provide Gen Dallager with an incomplete set, but attach one and a half pages of his own interpretation. He could only be making this interpretation based on assumptions about names that he used, since there are none for him to directly reference. This clearly references the allegations that we have made about bias. We ask you, is this a fair assessment of his journal or his probation? And when requesting a journal, why is someone allowed to include only the pages they want as opposed to the whole thing. It bothers us that no one reading this discovered how incomplete it was.

4. In addition, the second paragraph says that Jaina Wright received a different number of demerits because Col Coffman was no longer there and the policy had changed. Please provide us with dated, written documentation that this change took place.
5. It states in the last paragraph that Chris was on athletic probation; he was not. Please support this statement with something from his file that states he was placed on athletic probation and that someone informed him of it. There is also another statement in his CPR 11 saying that he was on athletic probation, but nothing that supports this.

I also received a redacted copy of the Executive Summary from the Hardlook MRC. Again there are discrepancies in this as well. Based on the number of errors in his CPR 11 and other related reports, we can only assume that there are errors in the redacted statements as well. The following are the discrepancies to the information we were allowed to have:

1. Again, we have the statement of 2 alcohol incidents. **Page 1** Throughout this entire process, Chris has been told by his AOC that he had 3 alcohol incidents, this report says two, and yet Gen Dallager's last revisit to his case told us he was being disenrolled for violating probation and 1 alcohol hit. Gen Dallager based his first decision on 2 alcohol hits, even though at one of them Chris had absolutely nothing to drink. Is this not a stretch, adding the connotation of alcohol when someone is not consuming it? The Denver incident could have easily been called "failure to perform duty." As stated in the Proposed Congressional Response, Chris should have called his AOC to come and get the cadet when he refused to stop drinking. To try and clarify this, could you please explain why the number of alcohol hits is referenced inconsistently?
2. Then to complicate the issue a little further, the last sentence of the paragraph on page 1 states that Chris received 25 demerits, "for being outside cadet limits at Haps place in civilian clothes and drinking while on probation." Is this the third alcohol hit that Major Pleasants says he has? In the Preliminary Congressional Response of the 34th TRW Command Section, they respond by saying, "The issue is not whether he was of legal age to be at Haps, but rather his presence..." The Form 10 states, "Cadet Berardi was at Hap's Place on the night of 9 Dec 02 while on probation. He was in civilian clothing, and was not signed out on the Form 7." Nowhere does it mention in this report that Chris was not supposed to drink on probation. The obvious point to this is that they were trying to make his conduct appear more aggravated than it actually was. Please provide us with the written documentation that says he cannot drink while on probation. Please tell us how this statement can be made in his summary when it cannot be justified anywhere else in his record.
3. Statement made, "Since Oct 2002, he now sees his flaws and poor decisions led to his first placement on probation, not a flaw in the system." Chris has always stood by the fact that he thought there was an inequity in the system for the number of demerits he received for the ID card loss. The above statement is not one that he made.

We feel that the information Gen Dallager received to make a decision of disenrollment should be factual, accurate, and correct. It appears to be an ongoing problem within his records that we would like you to address.

Thank you for taking the time to answer our questions.

Respectfully,

Anthony and Linda Berardi