**ATTACHMENT 6**

HOLLAND & HART LLP
ATTORNEYS AT LAW

DENVER • ASPEN
BOULDER • COLORADO SPRINGS
DENVER TECH CENTER
BILLINGS • BOISE
CHEYENNE • JACKSON HOLE
SALT LAKE CITY • SANTA FE
WASHINGTON, D.C.

SUITE 1000
90 SOUTH CASCADE AVENUE
COLORADO SPRINGS, COLORADO  80903-1645
MAILING ADDRESS
P.O. BOX 2340
COLORADO SPRINGS, COLORADO 80901-2340

TELEPHONE (719) 475-7730
FACSIMILE (719) 634-2461

**Charles R. Lucy**
Of Counsel
(719) 475-6447
(877) 665-8036 Fax
clucy@hollandhart.com
H&H File No. 48443.0001

April 15, 2003

Lieutenant General Dallager
HQ USAFA/CC
2304 Cadet Drive, Suite 342
USAF Academy, CO 80840

Re:    **Disenrollment of C2C Christopher Berardi**

Dear Lieutenant General Dallager:

This letter is submitted on behalf of C2C Christopher Berardi who was referred to me by the AOG.  While I am personally familiar with the process that led to his disenrollment, and the careful review that you give every case of this nature, I wanted to add a few personal observations for your consideration. Although I have been retained by the Berardi's in this matter, my comments are more in the nature of an *amicus curiae*, or "friend of court".

As you are aware, I probably saw hundreds of disenrollment cases during my tenure at the Academy, and agonized with you over every one.  In this regard, I am troubled by several aspects C2C Berardi's case that bear mention. I will not belabor the findings of the IG that are now before you except to say that they present a pattern of behavior that reflects on the objectivity of the disenrollment process.  Unfortunately, some of that behavior was displayed to members of the cadet wing whose perceptions about the fairness of that process have surely been affected.

I am also disturbed by the events leading up to C2C Berardi's disenrollment and some of the misperceptions that may have been created by his file.  In particular, the repeated references to multiple alcohol related incidents seems misplaced in light of the fact that only one actually involved C2C Berardi's consumption of alcohol.  If there had been more that one incident, DFBLC certainly would not have determined that he did not have an alcohol problem.  Similarly, the police report that refers to C2C Berardi's behavior during the Notre Dame game is in error, and while his AOC attempted to correct the mistakes on the form, his MRC record still refers to the more aggravated police report.  As an aside, the police report also appears to mix up C2C Berardi and someone referred to as "HENRY" who was probably the actual disorderly cadet that evening.  Finally, as unfortunate as the incidents

HOLLAND & HART LLP
ATTORNEYS AT LAW

Lt. Gen. Dallagher
April 15, 2003
Page 2

that evening may have been, I find it astounding that many cadets were actually hand cuffed and taken into custody as a first, rather than a last, resort.

In addition to the issues raised by the file itself, I am struck by the fact that C2C Berardi is not a marginal cadet academically, militarily or athletically. You and I have both seen cases where "problem" cadets are usually deficient in more than one area when they are identified for disenrollment. This is not the case with C2C Berardi. His 3.25 GPA, 2.9 MPA (before the mandatory downgrade for probation) and 2.46 PEA all reflect a talent and potential for leadership that argue for his continued enrollment as a cadet. In fairness, most of the actions that led up to this point are minor in nature, and not indicative of his true officership potential. Finally, the 48 letters of recommendation in C2C Berardi's file are also unusual in the sense that most "marginal" cadets cannot muster more than two or three letters of support. These letters are remarkable for their quality and sincerity, and are more reflective of C2C's background and character than the MRC file with its missing and inaccurate data entries.

I know that you have already given this case careful thought and received the wise counsel of your advisors. However, the information developed by the IG provides an opportunity to pause and reflect again on what I suspect was a difficult case for you to decide. In the final analysis, I do not believe that this is an "average" disenrollment case or that C2C Berardi is an "average" cadet. In the past, the benefit of the doubt would go to the cadet facing disenrollment, and I would urge you to consider the comments in his Military Performance Evaluation from First BCT in giving that benefit to C2C Berardi: "Outstanding First Sgt!!! ... He motivated the basics both militarily and athletically. He went beyond the boundaries of his duties to improve the squadron as a whole."

Sincerely,

Charles R. Lucy
Of Counsel
for Holland & Hart LLP

CRL:kad

cc:    Christopher Berardi

3071857_1.DOC