UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER BERARDI, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF THE AIR FORCE, )<br>)<br>  Defendant. )<br>_____ ) | Civil Action No. 05CV2269 (JR) |

### DECLARATION OF JOHN R. DALLAGER

Pursuant to 28 U.S.C. §1746, I, John R. Dallager, hereby declare under penalty of perjury that the following is true and correct.

1. I am a retired officer of the United States Air Force. I served on active duty for about 34 years before retiring in September 2003. I retired in the grade of Major General. In my last active duty assignment, from June 2000 to September 2003, I served as the Superintendent of the United States Air Force Academy.

2. Among my responsibilities as Academy Superintendent was to make recommendations to the Secretary of the Air Force whether Cadets should be disenrolled for various reasons, including conduct problems. Pursuant to that responsibility, I made the recommendation that the Secretary disenroll Cadet Christopher Berardi. In preparing this declaration, I reviewed the case file concerning the disenrollment. Although I did not remember Cadet Berardi's case by name, I did recall the surrounding facts and circumstances of the case.

3. The purpose of this declaration is to address the assertion in Plaintiff's Brief Opposing Defendant's Motions To Dismiss And For Summary Judgment And Supporting Plaintiff's Cross Motion For Summary Judgment in this case that errors in Cadet Berardi's file contributed to my decision to recommend disenrollment to the Secretary in his case. I based my decision on a complete review of the entire record. That record is numbered in the lower left corner AB#1-176. It was always my practice to review every page in a file. In addition I attended the Academy Board meeting in this case and considered the Board's discussion and recommendations.

4. As I have reviewed this matter in order to prepare this declaration, it has been brought to my attention that the file I reviewed prior to making my recommendation to the Secretary contained the following discrepancies: A) The police report in the file said Berardi was drunk and belligerent at the Notre Dame Football game; B) A hand written notation in the file misstated the number of career demerits; C) The file contained a document with academic comment concerning another Cadet; D) Two forms, United States Air Force Academy (USAFA) Forms 13 and 20, were missing from the file. In addition, two staff summary sheets prepared by the legal office after the Academy Board review, stated that Cadet Berardi's DD Form 785 would indicate that he had been on "athletic, conduct and aptitude probation."

5. A memorandum written by Captain William C. Pleasants, and included in the file at page AB#34, corrected the error in the police report. Captain Pleasants stated that Cadet Berardi was not belligerent and was, in fact, cooperative. This

influenced my decision in that I relied on the information in the memorandum that corrected the errors in the police report.

6. The fact that the file contained a handwritten note on page AB# 81 that misstated Berardi's number of career demerits did not impact my recommendation decision. The discrepancy concerns only twenty demerits, and I focused instead on the consistency of demerits in this file (i.e. the track record of demerits). The number of career demerits recorded on Form 37 (page AB#29) was correct. Additionally, the fact that 40 merits were missing from the Cadet Conduct Summary (page AB#29) did not affect my decision in this case, as the actual Form 10 awarding the merits was included in the file (page AB#50) and I considered everything in the file to include this positive Form 10.

7. I believe that I did not consider academic comment concerning another Cadet (Cadet McIntire) found at page AB#73 of the file. I cannot recall at this time seeing this particular page in the file. In any event, I do not find the comment of any significance as to military aptitude. If I did erroneously consider the comments, they would not have affected my ultimate recommendation to disenroll.

8. The statement on the staff summary sheets that the DD Form 785 indicating that Cadet Berardi had been on "athletic, conduct, and aptitude probation," when in fact he was only on "conduct and aptitude probation" would have been a factor, but not a major factor in my recommendation. Additionally, the Staff Summary Sheet with this error would not have been seen by the members of the Military Review Committee or the Academy Board, because it was prepared after those

bodies had made their recommendations. The purpose of Staff Summary Sheets in this process was to have a document upon which I could document my decision in a particular case. Considering the record as a whole, I would have recommended Cadet Berardi's disenrollment whether or not I believed him to be on athletic probation.

9. I have been advised that a USAFA Form 13 and a USAFA Form 20 were missing from Cadet Berardi's file, which I reviewed prior to making my decision in the case. In preparation for executing this declaration, I have had an opportunity to review samples of these documents. In doing so, I have become aware that a USAFA Form 13 is a *Privacy Act Statement* release statement that a Cadet fills out indicating who he/she authorizes to receive information about himself/herself from the Academy. A USAFA Form 20 was a *Cadet Personal Information Form* (containing information such as who had nominated the Cadet, the Cadet's home of record, father's name, mother's name, high school, hobbies, interests, and reason for coming to the Academy, as well as an autobiography). Inclusion of these documents in Cadet Berardi's file would not have affected my recommendation decision in this case.

Executed this __2d____ day of May 2006.

*John R. Dallager*

JOHN R. DALLAGER, Major General, USAF (Ret.)