# Attachment F to Exhibit 1

# FOIA Appeal

# January 19, 2004

1. January 19, 2004 FOIA Request
2. March 12, 2004 FOIA Reply/Closure
3. April 5, 2004 FOIA Request Renewal
4. April 20, 2004 FOIA Acknowledgement
5. July 13, 2004 FOIA Referral to Academy

January 19, 2004

SAF/IG
1140 Air Force Pentagon
Washington, DC 20330-1140

Dear Sir,

I am writing to make a request under the Freedom of Information Act.

I, Christopher Berardi, am the requester. I am currently stationed at Seymour Johnson AFB. I would like any information from this request sent to my home address which is:
1288 Telephone Road
Rush, NY 14543

I can be reached at 919-722-7324 if needed.

I agree to pay the cost of all processing fees. Please inform me if the cost will exceed $50.00.

I am requesting any and all information in the possession of the Secretary of the Air Force IG, including any information located at the Air Force Academy IG office, pertaining to my case. If any documents are withheld in their entirety, please identify the documents so I can request them through the appeal process.

Thank you.

Respectfully,


CHRISTOPHER BERARDI, A1C, USAF
C4 Systems Project Manager
4 CS/SCXC
DSN 722-7305
Commercial (919)-722-7305


cc: USAFA/IG



# DEPARTMENT OF THE AIR FORCE
## 11TH WING



12 March 2004

11 CS/SCS (FOIA)
1000 Air Forces Pentagon
Washington DC 20330-1000

Airman First Class Christopher Berardi
1288 Telephone RD
Rush NY 14543

Dear Airman Berardi

This is in response to your January 19, 2004, Freedom of Information Act request for information pertaining to yourself.

The proper agency to address your request is the United States Air Force Academy (USAFA) Inspector General office. The USAFA is currently processing this same request; therefore, we are taking no further action. We have closed out this case with our office. Please direct your inquiry to the 10 CS/SCSF (FOIA), 4199 Academy Drive, Colorado Springs CO 80840-4200.

Additionally, Air Force-affiliated requesters, to include military and civilian employees, should not use government equipment, supplies, stationery, postage, telephones, or official mail channels to make FOIA requests.

Please direct your questions to Brian Avant at (703) 696-7266 and refer to case #04-0371. There is no assessable fee for processing your FOIA request in this instance.

Sincerely

JOHN M. ESPINAL
Freedom of Information Act Manager

WORLD CLASS PEOPLE ... WORLD CLASS SUPPORT

**Subject:**      **FOIA**
**Date:**         4/5/2004 7:36:56 AM Eastern Standard Time
**From:**         christopher.berardi@seymourjohnson.af.mil
**To:**           Laurence.Mcdanel@USAFA.af.mil

Mr. McDanel

Sir

I am writing to make a request under the Freedom of Information Act.

The requester is I, Christopher Berardi. I am currently stationed at Seymour Johnson AFB. I would like any information from this request sent to my home address which is:
1288 Telephone Road
Rush, NY 14543

I can be reached at 919-722-7305.

I agree to pay the cost of all processing fees. Please inform me if the cost will exceed $50.00.

On January 19, 2004, I sent a FOIA request to SAF/IG. There appeared to be some confusion surrounding my request and they closed out the case in the office because they thought I was requesting, from them, the same information I had requested from the Academy. We have spoken to Mr. John M. Espinal, Freedom of Information Act Manager, and he explained that I would have to re-request since the case has been closed.

I am requesting information pertaining to the appeal packet sent to the Secretary of the Air Force regarding the decision of the USAFA Superintendent to request disenrollment from the USAFA. This packet contained my appeal to the Superintendent's decision, as well as additional documentation submitted by the Academy, and was to be reviewed by the SECAF office prior to the Secretary of the Air Force making his decision to disenroll.

1. I am looking for all documentation regarding this review from the SECAF office and any subordinate offices of the Secretary that may have been involved in the process. In addition, I am specifically looking for any documentation indicating that investigations or inquiries took place regarding the allegations contained in my individual appeal.
2. I am also requesting a complete copy of the packet of information that was received regarding my case. I need this to be assured that the SECAF office received a complete copy of all documentation regarding my case.

If any documents are withheld in their entirety, please identify them.

Very Respectfully

CHRISTOPHER BERARDI, A1C, USAF
C4 Systems Project Manager
4 CS/SCXC
DSN 722-7305
Commercial (919)-722-7305



### DEPARTMENT OF THE AIR FORCE
### 11ᵀᴴ WING



20 April 2004

11 CS/SCS (FOIA)
1000 Air Force Pentagon
Washington DC  20330-1000

Airman First Class Christopher Berardi
1288 Telephone Road
Rush NY  14543

Dear Airman Berardi

This is to acknowledge receipt of your April 5, 2004, Freedom of Information Act request for information relating to your appeal package.

Every effort will be made to respond in twenty business days.  If we should need additional time, you will be notified in writing.

Please direct your questions to Yolanda DeCosta at (703) 696-7265 and reference case number #04-0594.

Sincerely

JOHN M. ESPINAL
Freedom of Information Act Manager

WORLD CLASS PEOPLE...WORLD CLASS SUPPORT





DEPARTMENT OF THE AIR FORCE
11TH WING

13 July 2004

11 CS/SCS (FOIA)
1000 Air Force Pentagon
Washington DC  20330-1000

Airman First Class Christopher Berardi
1288 Telephone Road
Rush NY  14543

Dear Airman Berardi

This is in response to your April 5, 2004, Freedom of Information Act request. We received it from the Air Force Academy's (USAFA) FOIA Office.  A copy of which is attached.

The office of the Secretary of the Air Force's (SECAF) Inspector General (SAF/IG) reviewed your request and determined the USAFA/IG as the proper activity to address appeal packages sent to the SECAF involving decisions made by the USAFA Superintendent regarding disenrollments.  Therefore, we referred your request back to the 10 CS/SCSF (FOIA), 4199 Academy Drive, Colorado Springs, CO 80840-4200 for action.  They will respond directly to you.

Additionally, SAF/IG conducted an appropriate search for responsive records, but none were found.  Therefore, a "no records" determination was made.

Should you decide that an appeal to this "no records" response is necessary, you must write to the Secretary of the Air Force, Thru:  11 CS/SCS (FOIA), 1000 Air Force Pentagon, Washington DC  20330-1000 within 60 calendar days from the date of this letter.  Include in the appeal, your reasons for reconsideration, and attach a copy of this letter.

Please direct your questions to the undersigned at (703) 696-7268 and refer to Case #04-0594.  There are no assessable fees for processing your FOIA request in this instance.

Sincerely

JOHN M. ESPINAL
Freedom of Information Act Manager

Attachment:
Your FOIA Request

WORLD CLASS PEOPLE...WORLD CLASS SUPPORT

# Attachment G to
# Exhibit 1



**HOLLAND & HART** LLP
THE LAW OUT WEST

**Charles R. Lucy**
Of Counsel
**Phone** (719) 475-6447
**Fax** (877) 665-8036
clucy@hollandhart.com
48443.0001

May 27, 2004

AFBCMR
Attn: Mr. Raymond Weller
1535 Command Drive EE Wing, 3rd Floor
Andrews AFB, MD 20762-7002

**Re:    Docket # BC-2003-02807, C2C Christopher W. Berardi**

Dear Mr. Weller:

I just received a redacted copy of the second police report in C2C Berardi's case and wanted to forward what I received to you so that you could compare it to what the Academy sent to the BCMR. The first portion of the redacted material was faxed to me before the second portion and consists of 16 pages. This is also the first police report that was included in C2C Berardi's MRC package that was sent to the Academy Board and Superintendent (note page numbers AB#36 through AB#49 at the bottom of each page corresponding to the MRC package page numbers). The second portion of the redacted material consists of 29 pages and contains the second police report, which is much more favorable to C2C Berardi. It also helps to explain how C2C Berardi was confused with Cadet Henry who was the individual with an odor of alcohol on his breath who was stumbling, swaying and acting in a belligerent manner that evening.

As you know, the effort to obtain this second report has been an arduous process, as explained below. What is most disturbing to me is that the 34 TRG/CC, Colonel Slavec, apparently had this second police report in her possession on or about 6 November 2002, long before the MRC met to recommend C2C Berardi's disenrollment. The fact that the MRC package was not updated with this new information was more than an oversight and provides the strongest evidence yet substantiating command efforts to influence the outcome of this case. In this regard, I believe that the succession of "administrative errors" in this record reach critical mass once the second police report is factored into the equation.

The chronology of events surrounding this second police report is somewhat convoluted and is provided in an effort to demonstrate the difficulties C2C Berardi has encountered in his efforts to correct the record in his case. In a FOIA reply letter from Brig Gen Weida dated March 22, 2004, there was an attached document titled C2C Christopher Berardi – (Con/Apt) TRACKING TABLE (1). When C2C Berardi read through this document he noticed in line 21 that it said a second police report had been received but still was not correct. We were unaware that a second police report existed since there

**Holland & Hart** LLP **Attorneys at Law**

Phone (719) 475-7730  Fax (719) 634-2461  **www.hollandhart.com**

90 South Cascade Avenue  Suite 1000  Colorado Springs, Colorado 80903-1645

Aspen  Billings  Boise  Boulder  Cheyenne  Colorado Springs  Denver  Denver Tech Center  Jackson Hole  Salt Lake City  Santa Fe  Washington, D.C.



**HOLLAND & HART** LLP
THE LAW OUT WEST

AFBCMR
May 12, 2006
Page 2

were no copies in his CPR-II or his MRC package. Because of the number of errors in the original report, Lt Col Zeh had asked during his initial fact finding investigation if there were any additional reports. He was told that there were none.

On April 14, 2004, Lt Col Zeh was notified of the existence of the second police report by phone and in a follow up e-mail (2). C2C Berardi never received a response to this e-mail. On April 16, 2004, Lt Col Zeh notified Mr. and Mrs. Berardi that he had found the second police report and that he would be reviewing the document and tracking its path (3). C2C Berardi responded to him the same day and asked for a copy of the second report (4). Lt Col Zeh verbally stated that he would send a copy of the report. In addition, because of the importance of this document, we wanted to be assured that the BCMR received a copy immediately and asked Lt Col Zeh to forward it to your office. In a follow up e-mail on April 20, 2004, Mrs. Berardi asked Lt Col Zeh if he had sent the report (5). Lt Col Zeh responded the following day by saying that he had not yet informed the BCMR (6). C2C Berardi never received a copy of the report from Lt Col Zeh and on April 27, 2004, sent a FOIA request to the Academy asking for a copy (7). Learning that the report had not been sent to the Board, Mrs. Berardi contacted you on April 28, 2004, and explained the existence of the document. You asked for Lt Col Zeh's phone number and said you would call the Academy and request the document. Apparently you did so, because later that day Lt Col Zeh sent an e-mail saying he was faxing the information to the Board (8).

The Berardi's continued to contact Lt Col Zeh to ask about receiving a copy of the report. C2C Berardi felt that he should not have to wait for a FOIA response since this document should have been a part of his CPR-II and his MRC package. On May 4, 2004, Mrs. Berardi received an e-mail from Maj Meyer, Deputy Inspector General at the Academy, saying that the JAG Office was reviewing the package to be sent (9). The Academy was called again on May 13, 2004, and asked when the report would be sent. Lt Col Zeh responded in an e-mail dated May 14, 2004, saying that the JAG Office had recommended release of the document (10). Another e-mail was received from Lt Col Zeh on May 14, 2004, saying that he had received information about the second police report and that it had been written on November 6, 2003 and delivered to the 34 TRG (11). After calling the Academy again, we received an e-mail from Maj Meyer informing us that the police report had been sent on May 19, 2004 (12). At this point, the existence of the second police report had been known to the USAFA IG for 35 days.

On May 20, 2004, Mrs. Berardi e-mailed the Academy about several issues, including information surrounding the police report (13). This e-mail was not answered. On May 22, 2004, another e-mail was sent to Lt Col Zeh asking for clarification of the date the second police report was received by the 34 TRG. As stated above, Lt Col Zeh informed us that the police report was dated November 6, 2003. This would have been 7 months after C2C Berardi left the Academy (14). On May 24, 2004, we received an e-



AFBCMR
May 12, 2006
Page 3

mail response from the Academy stating that the November 6, 2003 date was incorrect and should read November 6, 2002 (15). Also on May 24, 2004, an e-mail was sent to the Academy asking what date had been provided to the BCMR. On May 25, 2004, Lt Col Zeh responded by saying he had corrected the information with the BCMR as well (16). While speaking to the Academy on May 25, 2004, we asked again about the police report because we had not received a copy in the mail yet and according to the date of it being mailed (May 19, 2004) we should have received it. We were told in this phone conversation that the police report had actually not been sent on May 19, 2004, and was mailed from the Academy on May 24, 2004. Mrs. Berardi e-mailed the Academy on May 25, 2004, and gave them permission to datafax a copy of the report to me (17). The report was then faxed to me on May 26, 2004, and I in turn forwarded it to Mr. and Mrs. Berardi and their son for comment. This was 42 days after the USAFA IG was notified of the existence of this report.

As indicated above, this report is extremely significant. Not only does it substantiate the fact that the original report was substantially false, it also brings to light some areas of controversy that C2C Berardi has been appealing throughout this case. The 34 TRG/CC was fully aware that the police report in the MRC package was false (based on the Tracking Table memo and the memo from Major Pleasants), but for some reason decided to "bury" it and not include the complete story in C2C Berardi's case file. In fact, the second police report was correct, but did not reflect as poorly on C2C Berardi as Colonel Slavec believed it should. For some reason, SF was asked to write a third report and they refused (line 22 of tracking table 1). The MFR that was written to correct this report that was placed in C2C Berardi's CPR-II was far from the correction that the first report needed. Unfortunately, someone in C2C Berardi's Chain of Command decided that this MFR would have to suffice (line 22 of tracking table 1). Needless to say, this begs the question: "Why would anyone settle for a report that was only partially corrected when they had access to one that was 100% correct?" If the incorrect report had been excluded from C2C Berardi's file then the references to him being belligerent and drunk throughout the MRC packet would not have existed. The only reason to purposely exclude correct information from a cadet's file would be to deliberately harm the cadet and influence the proceedings against him. Col Slavec stated that C2C Berardi would be "gone in 10 days" and wanted him disenrolled from the Academy. We now have another piece of the puzzle substantiating the existence of her plan.

I apologize for sending all of this material, but felt it necessary to place this second police report in proper perspective. I hope you know that I would have sent it earlier if the Academy had provided the second report when they promised. Please let me know if you have any additional questions regarding this matter.

HOLLAND&HART 
THE LAW OUT WEST

AFBCMR
May 12, 2006
Page 4

Sincerely,

/s/

Charles R. Lucy
Of Counsel
of Holland & Hart LLP

crl
Enclosures

# 1

C2C **Christopher Berardi** - (Con/Apt)  TRACKING TABLE - 17 Jul - 17 Jan 03.  Lost ID, put him up to 60D in 6
months/150D career.  CPR II needed lots of work (missing LAS/PEER, grades, MPE, Forms10, Form 37 out of order,
needed cadet signatures).  Sent pkg back to CS-18 early June.  Needed softlook MRC.  Pkg returned to 2nd Gp 8 Jul 02.
SCRB/AOC recommends no prob/4 months counseling and monitor.  2GP non concerned.  6 months con/apt probation.
Served letter 5 Aug 02.  7 Sep 02 , Maj Rose caught cadet Berardi in Flt Suit with sleeves up, no scarf and trying to sneak
civilian girls down the ramp to the football field.  Also asked to tell others to roll sleeves down, but did not.   Counseled 18
Sep 02.  AOC printed out your attached email and had him read it and told him that he needs to be doing it better than the
next guy.  Chris is trying to do the right thing himself but is having trouble getting his teammates to comply.  He
understands now that he must be the model Cadet and that he needs to be almost perfect to ensure that he is returned to
good standing after his probation.   19 Oct 02, during Notre Dame FB game, Cadet Berardi was detained by the Security
Forces because of intoxication at the game.  Hair was also out of regs.  Released and taken to the LE desk to their
AOCs/MTLs after the game.  Charged with underage drinking.  Cadet is on conduct/apt probation for condoning underage
drinking.  The MTL along with CS 18 cadet leadership picked up individual from SF and transported him back to the
squadron.  Class D in the works.  SCRB scheduled for 22 Oct 02.  CD reviewed package 25 Oct 02.  MANY issues raised
in journal: felt unjustly placed on probation, called CD's Softlook procedures questionable, accused CD of being biased
because he corrected him at a football game.  CD recommended SOFTLOOK MRC 29 Oct 02 be conducted by 2GP CC to
be as fair as possible.  29 Oct 02, Softlook interview had AOC, MTL, OPS off (Burshtein), Flt CC (Sheridan), Elem Ldr
(Gibbs) and 1st Sgt.  Discussed journal with Maj Rose, 2GP CC recommended Hardlook MRC/Disenroll.  Forwarded to
TRG 31 Oct 02.  AOC researched belligerent part of SF report, according to Maj Lambert, 10 SF CC, He was cooperative
until he got on the bus.  At that point, he became verbally argumentative and refused to remain quiet.  He talked back to my
flight chief and me.  I had to give him a direct order to cease talking.  Second police report received but still not correct.
MFR placed in CPR-II explaining error.  Working with SF to get third report.  SF not correcting report so MFR will suffice.
Missed self-initiated DFBLC counseling yesterday due to split lip requiring stitches.  Counseled on not letting chain of
command know.  Training folder missing inspection grades/dates.  Error corrected by Element Leader.  Nov counseling on
26 Nov 02.  Final schedule forwarded for MRC on 11 Dec 02, 1300.  MRC rescheduled for January.  Form 10 Class C now
pending.  In Haps drinking wearing civilian clothes.  Is legal age now (birth date:  28 Nov 81).  Been to DFBLC for original
probation, but not since football incident (no abuse problem).  AOC direct another DFBLC referral?  Failure to perform
duty, gross.  Met Maj O'Neal at 1500, 3 Jan for pre-MRC brief.  Contacted DFBLC and the ADC prior to 1500 to
schedule the required appointment.  Form 10 was Class C 25/25/Y for failure to perform duty.  Pre MRC meeting with Maj
O'Neal on 3 Jan 03.  MRC scheduled for 9 Jan 03 at 0800.  MRC decided disenroll.

# 2

-----Original Message-----
**From:** Berardi Christopher W A1C 4 CS/SCX
[mailto:christopher.berardi@seymourjohnson.af.mil]
**Sent:** Wednesday, April 14, 2004 10:39 AM



HOLLAND & HART.

THE LAW OUT WEST

AFBCMR
May 12, 2006
Page 5

**To:** Zeh David E LtCol USAFA/IG
**Subject:**

Lt Col Zeh,

Sir

I realize that my mother discussed this situation with you in a phone conversation, but I feel the need to personally address this issue with you.

In a response that I received from a FOIA request, I received a document that states there was a second police report issued. The document goes on to state that the second was still not correct and a third had been requested. A following comment states that the SF refused to issue a third report and that the MFR from Major Pleasants will have to suffice.

I have a couple of concerns that I would like you to address for me. Can you please comment on each section below.
1. You have stated to us many times in the past and just recently with my mother that you asked about additional police reports and you were told that none exist. In fact when my mother called you, you were surprised at the information I had stating that there was a second report. It is quite alarming to me, but not surprising that again you were not told the truth during the investigative process. I am quite sure that the second police report did not contain identical information to the first, otherwise there would be no point in producing it. What the second police report would have shown, whether or not it was fully correct, was the fact that individuals realized the first one was less than accurate.
2. Furthermore, a second police report available to you during the investigative process would have indicated to you that you needed to make further inquiries and that the events of that evening were closer to what I described as opposed to what the original report said.
4. Who made the decision to exclude this second report from my CPR-II and to say that the correction in the MFR would suffice?
3. Also within the response that I received, there is a series of e-mails indicating that Major Pleasants and SSgt Gullickson were fully aware of the fact that the police report was incorrect because they were questioning what they were told as opposed to what was written. SSgt. Gullickson even goes as far to indicate that they needed to be sure that the comments were made about the right cadet and that they were not confusing me with someone else. This comment certainly indicated that SSgt Gullickson was aware that the contents of the report were tainted.
4. In one of the e-mail responses from the SF it states that I was argumentative on the bus and that I had to be ordered to be quiet. This is absolutely not true. Cadet Henry sat directly behind me on the bus and he was argumentative - to the point that he was made to lay face down on the seat and ordered to be quiet. What is so striking about this comment though is that no where in any other documentation was this ever written.
5. Have you ever requested to see Cadet Henry's police report? Possibly the comments that should have been made about me are in his report.
6. Why would the SF refuse to issue a third report?

I have asked for the second police report through a FOIA request, but cannot ask for comments on the scenario of e-mails. In the conversation you had with my mother you



**HOLLAND & HART** LLP.
THE LAW OUT WEST

AFBCMR
May 12, 2006
Page 6

indicated that you had requested and received the entire packet of information that I received from the TRW. I am sure you understand the urgency of a reply regarding this situation.

Very Respectfully,

CHRISTOPHER BERARDI, A1C, USAF
C4 Systems Project Manager
4 CS/SCXC
DSN 722-7305
Commercial (919)-722-7305

# 3

-----Original Message-----
**From:** Zeh David E LtCol USAFA/IG [mailto:David.Zeh@USAFA.af.mil]
**Sent:** Friday, April 16, 2004 1:04 PM
**To:** Berardi Christopher W A1C 4 CS/SCX
**Subject:** RE:

Chris
I got a copy of the SF report...only one, but I need to compare it with the original one because it seems to read different..in your favor as it does not list you as defiant etc. More as soon as I have a chance to review.

DAVID E. ZEH, Lt Col
USAFA Inspector General
DSN 333-3490
*"This information is For Official Use Only. Protect IAW AFI 33-332 and DoD Regulation 5400.11 & Privacy Act of 1974."*

# 4

| | |
|---|---|
| **Subject:** | **RE:** |
| **Date:** | 4/16/2004 3:08:11 PM Eastern Standard Time |
| **From:** | christopher.berardi@seymourjohnson.af.mil |
| **To:** | David.Zeh@USAFA.af.mil |

Lt. Col. Zeh

Thank you for checking, could you please scan a copy of the new document and send a copy to Mr. Lucy, my parents, and myself? I have included their email addresses below. As always I greatly appreciate all your help.

lindacberardi@aol.com
clucy@hollandhart.com

Very Respectfully,

CHRISTOPHER BERARDI, A1C, USAF



C4 Systems Project Manager
4 CS/SCXC
DSN 722-7305
Commercial (919)-722-7305

# 5

-----Original Message-----
**From:** LindaCBerardi@aol.com [mailto:LindaCBerardi@aol.com]
**Sent:** Tuesday, April 20, 2004 9:01 PM
**To:** david.zeh@usafa.af.mil
**Subject:** Second Police Report

Lt Col Zeh,

Have you notified the General Counsel and the BCMR of the second police report?

Linda Berardi

# 6

| | |
|---|---|
| **Subject:** | **RE: Second Police Report** |
| **Date:** | 4/21/2004 6:48:02 PM Eastern Standard Time |
| **From:** | David.Zeh@USAFA.af.mil |
| **To:** | LindaCBerardi@aol.com |
| **CC:** | christopher.berardi@seymourjohnson.af.mil |

Ma'am,
No, not yet. I am trying to figure out their sequence of events and what happened to the first one...and who got what.

DAVID E. ZEH, Lt Col
USAFA Inspector General
DSN 333-3490
*"This information is For Official Use Only. Protect IAW AFI 33-332 and DoD Regulation 5400.11 & Privacy Act of 1974."*

# 7

| | |
|---|---|
| **Subject:** | **FOIA** |
| **Date:** | 4/27/2004 7:43:26 AM Eastern Standard Time |
| **From:** | christopher.berardi@seymourjohnson.af.mil |
| **To:** | Laurence.Mcdanel@USAFA.af.mil |

Mr. McDanel



AFBCMR
May 12, 2006
Page 8

Sir

I am writing to make a request under the Freedom of Information Act.

The requester is I, Christopher Berardi. I am currently stationed at Seymour Johnson AFB. I would like any information from this request sent to my home address which is:
1288 Telephone Road
Rush, NY 14543

I can be reached at 919-722-7305.

I agree to pay the cost of all processing fees. Please inform me if the cost will exceed $50.00.

I am requesting any and all information from the 10th SFS-SFA that applies to me. I am especially interested in receiving all documentation from the office that pertains to the Notre Dame incident of October 19, 2002, to include copies of all police reports generated.

Very Respectfully,

CHRISTOPHER BERARDI, A1C, USAF
C4 Systems Project Manager
4 CS/SCXC
DSN 722-7305
Commercial (919)-722-7305

## 8

| | |
|---|---|
| **Subject:** | **RE: Second Police Report** |
| **Date:** | 4/28/2004 3:08:13 PM Eastern Standard Time |
| **From:** | David.Zeh@USAFA.af.mil |
| **To:** | LindaCBerardi@aol.com |

I talked to them today and will be faxing them information.

DAVID E. ZEH, Lt Col
USAFA Inspector General
DSN 333-3490
*"This information is For Official Use Only. Protect IAW AFI 33-332 and DoD Regulation 5400.11 & Privacy Act of 1974."*

## 9

| | |
|---|---|
| **Subject:** | **Report** |
| **Date:** | 5/4/2004 2:06:52 PM Eastern Standard Time |
| **From:** | Mike.Meyer@USAFA.af.mil |
| **To:** | LindaCBerardi@aol.com |

Ms. Berardi,



I contacted our FOIA office directly and they informed me that Chris
has FOIA'd USAFA and the 10th Security Forces for the requested
information. The package to be sent to Chris is currently being
reviewed by our Legal team. Lt Col Zeh is continuing to work with the
Personnel Counsel and USAFA even though he is TDY in VA this week. As
of today, he is still awaiting information from security forces and
relays that the Corrections Board is aware of that.

*V/R,*
*Michael C. Meyer, Maj, USAF*
*USAFA Deputy Inspector General*
*(719) 333-3490  DSN 333-3490/4452*
*email: mike.meyer@usafa.af.mil*

# 10

| | |
|---|---|
| **Subject:** | **SF Report** |
| **Date:** | 5/14/2004 10:10:56 AM Eastern Standard Time |
| **From:** | David.Zeh@USAFA.af.mil |
| **To:** | christopher.berardi@seymourjohnson.af.mil |

Chris
I promised your mother an update today on the status of your FOIA request for the copy of the
Security Forces report. The legal office did review this latest FOIA request for your new
"updated" SF report copy and is recommending release to you. It seems that the recent "non-
release" response from Col Kellenbence was based on your request for reports involving other
people. I am following up on who has the FOIA package today so we can get it signed out to
you ASAP. I will keep you updated as well the BCMR office.

DAVID E. ZEH, Lt Col
USAFA Inspector General
DSN 333-3490
*"This information is For Official Use Only. Protect IAW AFI 33-332 and DoD Regulation 5400.11 & Privacy Act of 1974."*

# 11

| | |
|---|---|
| **Subject:** | **RE: SF Report** |
| **Date:** | 5/14/2004 5:54:27 PM Eastern Standard Time |
| **From:** | David.Zeh@USAFA.af.mil |
| **To:** | christopher.berardi@seymourjohnson.af.mil |
| **CC:** | lindacberardi@aol.com, David.Zeh@USAFA.af |

Chris,
I just spoke with your mother and I wanted to relay the same information. I did confirm that the
TRG received the updated copy of the SF Report on 6 Nov 03. I have notified Mr Weller at the
BCMR office to that info. I am contineing to pursue who in the TRG or TRW had access to this
new report and why it was not made available to the Supt ( & others) as part of your
disenrollment package. I will continue to update you.

**HOLLAND & HART** 
THE LAW OUT WEST

AFBCMR
May 12, 2006
Page 10

DAVID E. ZEH, Lt Col
USAFA Inspector General
DSN 333-3490
*"This information is For Official Use Only. Protect IAW AFI 33-332 and DoD Regulation 5400.11 & Privacy Act of 1974."*

## 12

| | |
|---|---|
| **Subject:** | **Status of FOIA** |
| **Date:** | 5/21/2004 9:52:27 AM Eastern Standard Time |
| **From:** | Mike.Meyer@USAFA.af.mil |
| **To:** | LindaCBerardi@aol.com |
| **CC:** | Wendy.Everson@USAFA.af.mil |

Mrs. Berardi,
MSgt Everson informed me she contacted our FOIA office and the requested document was sent out on Wednesday, 19 May. You/Chris should be receiving it soon.

*V/R,*
*Michael C. Meyer, Maj, USAF*
*USAFA Deputy Inspector General*
*(719) 333-3490  DSN 333-3490/4452*
*email: mike.meyer@usafa.af.mil*

## 13

| | |
|---|---|
| **Subject:** | **FOIA questions** |
| **Date:** | 5/20/2004 8:42:57 PM Eastern Standard Time |
| **From:** | Linda C Berardi |
| **To:** | david.zeh@usafa.af.mil |
| **CC:** | clucy@hollandhart.com, christopher.berardi@seymourjohnson.af.mil |

Lt Col Zeh,

I tried to call you today, but you were busy with training.

I wanted to share some information with you, but also had a few questions.

Christopher told me that he had recently e-mailed you inquiring about the status of some of his FOIA requests. Although I do not have a copy of his e-mail to you, I know which reports were outstanding.

Christopher received two of the answers to outstanding requests in the mail today and I am concerned about the time lapse that appears to exist. Christopher's March 1, 2004, FOIA request appeared to be answered by you in a letter dated March 26, 2004. We received this response in the mail today (May 20, 2004) with a postmark on the envelope of May 17, 2004.



Your response contained one single attachment, of which Chris already had a copy. We are at a huge loss as to why it took 56 days from the point of answering the FOIA for us to get the response. Christopher's April 2, 2004, FOIA request was answered by you in a letter dated April 14, 2004. Again we received this today (May 20, 2004) with a postmark of May 17, 2004. Again we are at a loss why it should take 49 days from the point of answering the letter to arrive. Nothing but e-mails were attached to this request, so there obviously was not much for the legal department to approve.

One of the questions that I have is in response to your last sentence in both response letters. You state, "After another review, this accounts for all USAFA/IG documents, both releasable and not releasable that you requested." Chris has requested several times, "... if any documents were withheld in their entirety, to please identify the documents so I can request them through the appeal process." This has not been done. In a recent phone conversation you told me that you had withheld Staff Summary Sheets. When Chris requested these you responded by saying, "The Staff Summary Sheet (SSS) mentioned..." Chris used the plural aspect and you used the singular to answer him, so again we are unsure of what you have withheld. He needs you to list the documents that are not releasable in order to appeal what he has not received.

Thus far the only thing that we have in writing from you that you have withheld is the one Staff Summary Sheet that you mentioned in your April 14, 2004, reply. Is this single document the only one that was not released?

We have also been looking for any responses to the routing slips that were sent in regard to our May 7, 2003, letter. We know that these were sent because we received a copy of one in the TRW package. We assume that we have received copies of all e-mails, so these must have been answered in another format since you did not list any e-mails as being withheld. If you have not withheld the answers to these routing slip requests than we can assume that they were not answered and that you received no reply to the requests.

Could you please explain to me why a Staff Summary Sheet would be considered a working document on a case that was officially closed by the Academy a year ago? Why would your Staff Summary Sheets be considered working documents when the Staff Summary Sheets written by Colonel Moody were not?

My last question would be in regard to the SF report. You told us last week that this was being released and we still have not received a copy. Could you find out for us when that will be sent? Additionally, you said that you would be talking to us this week in regard to the investigation surrounding the second police report. Could you please let us know that status of this along with the additional information you have received.

I would appreciate a response to these questions as soon as possible along with an actual list of what has been withheld.

Thank you

Linda Berardi



## 14

**Subject:**    **Need clarification please**
**Date:**       5/22/2004 7:20:29 PM Eastern Standard Time
**From:**       Linda C Berardi
**To:**  david.zeh@usafa.af.mil
**CC:**  clucy@hollandhart.com, christopher.berardi@seymourjohnson
Lt Col Zeh,

I need to ask for clarification to an e-mail that you sent. On 5/14/2004 you sent Chris and I the following e-mail:

Chris,
I just spoke with your mother and I wanted to relay the same information. I did confirm that the TRG received the updated copy of the SF Report on 6 Nov 03. I have notified Mr Weller at the BCMR office to that info. I am contineing to pursue who in the TRG or TRW had access to this new report and why it was not made available to the Supt ( & others) as part of your disenrollment package. I will continue to update you.

DAVID E. ZEH, Lt Col
USAFA Inspector General
DSN 333-3490
*"This information is For Official Use Only. Protect IAW AFI 33-332 and DoD Regulation 5400.11 & Privacy Act of 1974."*

There is a little confusion with this date. The Notre Dame incident was October 19, 2002, and Chris left the Academy in March of 2003. Was this report actually dated November 6, 2003? If this is the case, it would have been written 7 months after he left the Academy. Or should it read 6 Nov 02?

Please let me know as soon as possible.

Linda Berardi

## 15

**Subject:**    **RE: E-mail from Lt Col Zeh**
**Date:**       5/24/2004 4:53:40 PM Eastern Standard Time
**From:**       Wendy.Everson@USAFA.af.mil
**To:**         LindaCBerardi@aol.com

Ma'am,

I confirmed the date as the TRG receiving the updated version of the SF report as 6 Nov 02.

Vr,

MSgt Everson
Wendy J. Everson, MSgt, USAF

# HOLLAND & HART 
### THE LAW OUT WEST

AFBCMR
May 12, 2006
Page 13

*Supt, Office of Inspector General*

*USAFA/IG*

*2304 Cadet Drive, Suite 329*

*USAF Academy CO  80840*

*DSN 333-3490/Comm: (719)333-3490*

*FAX 333-4004/Comm: (719)333-4004*

*"This e-mail contains FOR OFFICIAL USE ONLY (FOUO) information which must be protected undr the Privacy Act and AFI 33-332"*

-----Original Message-----
**From:** LindaCBerardi@aol.com [mailto:LindaCBerardi@aol.com]
**Sent:** Monday, May 24, 2004 2:21 PM
**To:** Wendy.Everson@usafa.af.mil
**Subject:** E-mail from Lt Col Zeh

I am not able to forward this e-mail to you because I have it saved as incoming mail and you cannot forward that. I have cut and paste the contents of the e-mail so you can see it.

Thanks
Linda Berardi
585-533-1363
Chris,
I just spoke with your mother and I wanted to relay the same information. I did confirm that the TRG received the updated copy of the SF Report on 6 Nov 03. I have notified Mr Weller at the BCMR office to that info. I am contineing to pursue who in the TRG or TRW had access to this new report and why it was not made available to the Supt ( & others) as part of your disenrollment package. I will continue to update you.
DAVID E. ZEH, Lt Col
USAFA Inspector General
DSN 333-3490
*"This information is For Official Use Only. Protect IAW AFI 33-332 and DoD Regulation 5400.11 & Privacy Act of 1974."*

## 16

| | |
|---|---|
| **Subject:** | **RE: (no subject)** |
| **Date:** | 5/25/2004 2:23:17 PM Eastern Standard Time |
| **From:** | David.Zeh@USAFA.af.mil |
| **To:** | LindaCBerardi@aol.com |

**HOLLAND & HART** LLP 
THE LAW OUT WEST

AFBCMR
May 12, 2006
Page 14

**CC:**    christopher.berardi@seymourjohnson.af.mil
Ma'am
I did inform the BCMR of the 2002 date correction.  My oversight.

DAVID E. ZEH, Lt Col
USAFA Inspector General
DSN 333-3490
*"This information is For Official Use Only.  Protect IAW AFI 33-332 and DoD Regulation 5400.11 & Privacy Act of 1974."*

> -----Original Message-----
> **From:** LindaCBerardi@aol.com [mailto:LindaCBerardi@aol.com]
> **Sent:** Monday, May 24, 2004 4:05 PM
> **To:** david.zeh@usafa.af.mil
> **Subject:** (no subject)
>
> Lt Col Zeh,
>
> I received the confirmation from MSgt Everson that the date the TG received the SF report was 11/6/02.  Could you just confirm that the BCMR received the correct date as well.
>
> You told us that you would call last week with further information surrounding the SF report.  We have not heard anything.  Has there been any progress?  You got the report on April 16, 2004.  More than a month has passed and all we know is that the TG received the report on 11/6/02.  We still do not even have a copy of the report.
>
> Please keep us informed.
>
> Linda Berardi

# 17
| | |
|---|---|
| **Subject:** | **RE: FOIA Reply** |
| **Date:** | 5/25/2004 6:29:56 PM Eastern Standard Time |
| **From:** | Wendy.Everson@USAFA.af.mil |
| **To:** | LindaCBerardi@aol.com |

Mrs. Berardi,

I have contacted the 10 Communications Squadron and they stated Mr. McDanel was out at an appointment and he will be in first thing in the morning.  We left messages and sent him an email with your request to fax the information (FOIA) to Mr. Lucy.

Sincerely,

MSgt Everson

*Wendy J. Everson, MSgt, USAF*



**HOLLAND & HART**LLP
THE LAW OUT WEST

AFBCMR
May 12, 2006
Page 15

*Supt, Office of Inspector General*
*USAFA/IG*
*2304 Cadet Drive, Suite 329*
*USAF Academy CO  80840*
*DSN 333-3490/Comm: (719)333-3490*
*FAX 333-4004/Comm: (719)333-4004*
*"This e-mail contains FOR OFFICIAL USE ONLY (FOUO) information which must be protected*
*undr the Privacy Act and AFI 33-332"*

-----Original Message-----
**From:** LindaCBerardi@aol.com [mailto:LindaCBerardi@aol.com]
**Sent:** Tuesday, May 25, 2004 3:42 PM
**To:** Wendy.Everson@usafa.af.mil
**Cc:** clucy@hollandhart.com
**Subject:** FOIA Reply

MSgt Everson,

I have just spoken to our attorney, Mr. Charles Lucy, and he would like a copy of the
FOIA reply containing police reports FAXED to his office today.  His FAX number is
719-634-2461.  Since this reply was due in our hands today, I believe that this would be
the most efficient way to get the response to us on time and would also give us the
information that we have been waiting a month to receive.

I am giving permission to have this information released to him.

Thank you for all your help.

Linda Berardi

3237485_1.DOC