UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ )<br>CHRISTOPHER BERARDI,                    )<br>                                       )<br>          Plaintiff,                   )<br>                                       )<br>     v.                                )<br>                                       )<br>UNITED STATES DEPARTMENT               )<br>  OF THE AIR FORCE,                    )<br>                                       )<br>                                       )<br>          Defendant.                   )<br>_____) | Civil Action No. 05CV2269 (JR) |

## JOINT REPORT PURSUANT TO LOCAL RULE 16.3

Pursuant to LCvR 16.3, counsel for the parties conferred by telephone on October 20, 2006. Based on this conference, the parties hereby report to the Court as follows:

Plaintiff's Statement of the Case

Plaintiff Berardi ("Berardi") was disenrolled from the United States Air Force Academy ("Academy") on the basis of a file containing incomplete and inaccurate information knowingly maintained by the Academy and Academy personnel acting in their official capacities. Although the Academy Superintendent was aware of serious errors in the file, that erroneous information was forwarded to and relied upon by the Secretary of the Air Force ("SECAF") acting in his statutory role as the disenrollment authority in Berardi's case, 10 U.S.C. §9348. Prior to his disenrollment, Berardi attempted to correct the erroneous information in his records consistent with the Privacy Act, 5 U.S.C. § 552a, et seq., but his requests were ignored. When Berardi attempted to obtain additional information to refute the allegations against him pursuant to the Freedom of Information Act, 5 U.S.C. 552, et seq., he was stonewalled by the Academy and the

United States Air Force ("Air Force") for over two and a half years. Berardi then filed this lawsuit to compel Air Force compliance with federal law and its own regulations and to enforce accountability for Air Force's flagrant disregard of Berardi's rights. The Academy has conceded the existence of errors in the disenrollment file as alleged by Berardi, and the Air Force Board for the Correction of Military Records has acted to correct those errors. Berardi has been adversely affected by the Academy's willful failure to maintain accurate records, and that failure was the proximate cause of his disenrollment from the Air Force Academy and injury to his Air Force careeer.

　　　　Defendant's Statement of the Case

　　　　Defendant denies the allegations that defendant violated the Privacy Act by disenrolling plaintiff from the Air Force Academy because of inaccurate records. The Air Force did not rely on the inaccurate records contained in plaintiff's file, thus they were not the proximate cause of the Air Force's decision to disenroll him. While the Air Force Board for Correction of Military Records concluded that there were "too many instances of errant or poorly justified *actions* in the overall disenrollment process," there is no evidence that inaccurately maintained records was the proximate cause of his disenrollment.

　　　　As regards the topics set out in Local Rule 16, the parties state as follows:

1.　　　Status of Dispositive Motions: On February 22, 2006, defendant filed a motion to dismiss and for summary judgment. On April 5, 2006, plaintiff filed an opposition to defendant's motion, and a cross motion for summary judgment. On May 3, 2006, defendant filed a reply to plaintiff's opposition and an opposition to plaintiff's cross motion for summary judgment. On May 24, 2006, plaintiff filed a reply to defendant's opposition. On September 29, 2006, this Court issued a Memorandum Order granting in part and denying in part defendant's motion to

dismiss, denying defendant's motion for summary judgment, and denying plaintiff's motion for summary judgment.  In sum, the Court dismissed plaintiff's FOIA claims, but found that an issue of material fact exists as to plaintiff's Privacy Act claims.

2.    <u>Amended Pleadings</u>:  The parties do not anticipate that it will be necessary to join third parties or amend the pleadings.

3.    <u>Assignment to Magistrate Judge</u>: The parties do not consent to the assignment of this case to a Magistrate Judge; they prefer to remain on the present calendar for all purposes.

4.    <u>Settlement Possibility</u>:  The parties do not foreclose the possibility of settlement in this case and are interested in discussing settlement at the earliest point convenient.

5.    <u>Alternative Dispute Procedures</u>:  The parties believe that Alternative Dispute Resolution may be beneficial and are considering requesting an order sending them to a Magistrate Judge to mediate this dispute prior to engaging in discovery.

6.    <u>Dispositive Motions</u>:  The parties agree that any dispositive motion should be filed within 60 days of the close of discovery, that any opposition to that motion should be filed within 45 days of the filing of the motion, and that any reply should be filed within 30 days of the filing of the opposition.

7.    <u>Initial Disclosures</u>:  The parties have agreed to make their initial disclosures required by the Federal Rules of Civil Procedure and the Local Rules of this Court 45 days after the Court issues the Initial Scheduling Order.

8.    <u>Discovery</u>:  The parties request 180 days to complete discovery.  However, in the event that the parties decide to attempt to resolve this dispute through mediation (see parts 4 and 5 above), they will ask the Court to stay discovery to allow them to engage in mediation with the assistance of a Magistrate Judge.   The parties agree to limit the number of depositions to 10 per

3

side.  The parties agree that interrogatories be limited to 25 per side, pursuant to Fed. R. Civ. P. 33(a).

9.    <u>Experts</u>:  The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified.

10.    <u>Class Action Procedures</u>:  Not applicable.

11.    <u>Bifurcation of Discovery or Trial</u>:  Not appropriate for this case.

12.    <u>Proposed Date For The Pretrial Conference</u>:  Plaintiff requests that the Court set a pretrial date in accordance with its usual timing and practices.  Defendants request that a pretrial conference be scheduled once the Court has resolved Plaintiff's and Defendant's anticipated post-discovery motions for summary judgment.

13.    <u>Trial Date</u>: The parties request that, if necessary, a trial date should be set at the pretrial conference.

14.    <u>Other Matters</u>: There are no related cases pending before this Court.

Respectfully submitted,                              Respectfully submitted,


   /s/ with permission by KLM                        _____/s/_____
William G. Myers, III                                Jeffrey A. Taylor
Holland & Hart LLP                                   D.C. Bar No. 498610
101 South Capitol Blvd.                              UNITED STATES ATTORNEY
Boise, ID 83702-5958

Charles R. Lucy                                      _____/s/_____
Holland & Hart LLP                                   Rudolph Contreras
90 South Cascade Ave.                                D.C. Bar No. 434122
Colorado Springs, CO 80903                           Assistant United States Attorney
(719) 475-7730

Attorneys for Plaintiff

4

_____/s/_____
Karen L. Melnik
D.C. Bar No. 466452
Assistant United States Attorney
555 Fourth Street, N.W., E-4112
Washington, D.C.  20530
Tel. (202) 307-0338
Fax (202) 514-8780

Attorneys for Defendants