UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER BERARDI,<br><br>           Plaintiff,<br><br>           v.<br><br>UNITED STATES DEPARTMENT<br>OF THE AIR FORCE<br><br>           Defendant. | Civil Action No. 05-2269 (JR) |

**VOLUNTARY STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

The parties to this action, Christopher W. Berardi ("Plaintiff") and the United States Department of the Air Force ("Defendant") hereby enter into the following Voluntary Stipulation of Settlement and Order of Dismissal ("Stipulation"). In order to resolve the matters in dispute in the above-styled action without further expense or delay, Plaintiff and Defendant unconditionally agree to the following terms:

1. Plaintiff and Defendant enter into this Stipulation in order to make full and final settlement of any and all matters that Plaintiff has raised in this action. Plaintiff agrees to accept the terms set forth herein in full satisfaction of any and all claims, demands, rights and causes of action of any nature based upon this cause of action with the United States Department of Air Force up to the date Plaintiff signs this Stipulation.

2. The Defendant shall, subject to the condition and limitations set forth herein, pay the gross amount of fifty thousand dollars ($50,000) to Plaintiff. The payment of the foregoing sum shall be made by electronic transfer to the trust account of the law firm of Plaintiff's attorney, Holland & Hart, LLP.

3. Defendant has exercised its best efforts to remove and destroy certain information from Plaintiff's record, as requested by Plaintiff.

   a. Defendant has removed and destroyed all reports and attachments thereto concerning an incident at the October 2002 Air Force Academy-Notre Dame football game in which Plaintiff was involved from Defendant's Security Forces Management Information System (SFMIS) and related records, including paper and electronic copies.

   b. Defendant represents to Plaintiff that Defendant is not maintaining a "double secret" file pertaining to Plaintiff, and that any such file has been or would be destroyed in accordance with subparagraph 3c below.

   c. Defendant represents to Plaintiff that the Office of the Air Force Academy Inspector General (IG) has no copies of incident reports concerning the incident at the October 2002 Air Force Academy-Notre Dame football game in which Plaintiff was involved other than ones that are an exhibit in the IG's report of investigation into complaints filed by Plaintiff and his parents. In accordance with Air Force record retention rules, all reports of investigation and their exhibits contained in any IG reports or investigations will be destroyed at the end of calendar year 2007.

   d. Defendant represents to Plaintiff that in accordance with DOD 5200.2-R, Personnel Security Program, the Air Force Central Adjudication Facility has destroyed the personnel security investigative report pertaining to Plaintiff.

   e. In the event that records concerning an incident in which Plaintiff was involved at the October 2002 Air Force Academy-Notre Dame football game should be discovered by Plaintiff or Defendant in the future in a system of records maintained by Defendant, Defendant shall take immediate steps to remove such information from the system of records, destroy it, identify any

adverse consequences to Plaintiff within the Air Force resulting from retention of the records concerning the incident, and will use its best efforts to correct any adverse consequences to Plaintiff it identifies within the Air Force resulting from retention of the records concerning the incident.

 f. In the event that records originating with the Air Force that concern an incident in which Plaintiff was involved at the October 2002 Air Force Academy-Notre Dame football game should be discovered by Plaintiff or Defendant in the future in a system of records maintained by an agency outside the Air Force, Defendant will notify the agency possessing a copy of the records concerning the incident in writing that the records are incorrect in certain particulars regarding the charge of intoxication, and totally incorrect regarding the charges of belligerency, and failure to obey an order. Further, Defendant's notification to the agency possessing a copy of the records concerning the incident in which Plaintiff was involved at the October 2002 Air Force Academy-Notre Dame football game will request the agency to correct the records or remove them from the agency's records. Defendant will provide Plaintiff a copy of the notification and request to the agency possessing a copy of the records concerning the incident in which Plaintiff was involved at the October 2002 Air Force Academy-Notre Dame football game. Defendant shall take immediate steps to identify any adverse consequences to Plaintiff within the Air Force resulting from retention of the records originating with the Air Force concerning the incident in which Plaintiff was involved at the October 2002 Air Force Academy-Notre Dame football game by an agency outside the Air Force and will use its best efforts to correct any adverse consequences to Plaintiff within the Air Force that it identifies resulting from retention of the records by an agency outside the Air Force.

 g. On April 5, 2007, Plaintiff discovered a copy of a DD Form 785, Record of

Disenrollment from Officer Candidate - Type Training, Department of the Air Force Special Order AD-1311 dated July 14, 2003, a "Statement of Service (Creditable Under 37 U.S.C. 205)" dated November 13, 2003, an AFBCMR memorandum BC-2003-02807 dated June 24, 2004, and an AFBCMR memorandum BC-2005-02292, dated October 27, 2005 in his local personnel records at Sembach Air Base, Germany, as a result of the conversion of Air Force military personnel records to a centralized electronic storage system. The June 24, 2004 memorandum from the Director, Air Force Review Boards Agency reflecting the recommendations of the Air Force Board for Correction of Military Records directed that the pertinent military records of the Department of the Air Force relating to Plaintiff be corrected to show that any and all documentation relating to the loss of his identification card, his conduct probation and disenrollment from the United States Air Force Academy be declared void and removed from his records. From about March 2, 2007 until about June 6, 2007 the documents in Plaintiff's records regarding disenrollment could be retrieved by anyone authorized local access to the centrally stored military personnel records. Prior to March 2, 2007, these documents were maintained in Plaintiff's Master Personnel Record Group. Defendant has provided assurances to Plaintiff that the DD Form 785 has been removed from all of plaintiff's records (with the exception of those records maintained in this litigation or in the AFBCMR case file) and destroyed as of the date of this agreement. Defendant has provided further assurances to Plaintiff that Department of the Air Force Special Order AD-1311 dated July 14, 2003, and the "Statement of Service (Creditable Under 37 U.S.C. 205)" dated November 13, 2003, have been removed from plaintiff's personnel records as of the date of this agreement. Defendant has provided further assurances to Plaintiff that as of the date of this agreement all AFBCMR documents regarding his case have been sequestered in his personnel records and cannot be retrieved by anyone authorized local access

to the centrally stored military personnel records.

    4. This Stipulation shall represent the full and complete satisfaction of all Plaintiff's claims arising from the allegations set forth in the complaint filed in this action, including (but not limited to) all claims of violations of the Privacy Act and all claims for damages or equitable relief. The settlement also includes, without limitation, full and complete satisfaction of all of Plaintiff's claims for compensatory damages, costs, attorney's fees, and interest or other compensation for delay that have been, or could be, made in this case.

    5. By this Stipulation, Plaintiff waives, releases and abandons any and all claims, demands, rights and causes of action of any nature based upon this cause of action, against the Defendant, the Department of the Air Force, and/or its agents, servants or employees, past or present, up to the date of this Stipulation. Such waived, released, and abandoned claims include, but are not limited to, the above-styled litigation and any other complaint filed or pending in any other forum whatsoever up to the date this Stipulation is filed with the Court. This Stipulation shall also include all Plaintiff's claims for attorney's fees and costs incurred in connection with any administrative filings and processes, the District Court litigation process and any other proceedings involving the claims raised in this action.

    6. Plaintiff agrees not to institute any other actions, charges, complaints, appeals or other proceedings against Defendant or any of Defendant's past or present employees, officers, agents or representatives concerning any matter raised in or that could have been raised in this litigation of which he knew as of the date on which he signed this Stipulation of Settlement.

    7. Plaintiff acknowledges that he has read this entire Stipulation and that he understands all of its terms and conditions. Plaintiff acknowledges that his attorney has reviewed and explained the provisions of this Stipulation to his satisfaction and that Defendant has provided

reasonable and sufficient time for this purpose.

8. Execution of this Stipulation of Settlement shall not constitute a finding by the Court or an admission by the Defendant that it violated the Privacy Act or any other laws or regulations as alleged in the complaint, or that there was any wrongful conduct whatsoever.

9. Execution of this Stipulation of Settlement by Plaintiff's counsel and counsel for the Defendant shall constitute a dismissal of this action with prejudice, effective upon approval by the Court, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure. Any controversy, dispute, or claim arising out of the provisions contained in this Stipulation may be enforced by the United States District Court of Columbia.

10. This settlement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns. The parties further agree that a facsimile of the signatures of the parties and counsel will be the same as the original.

11. The parties understand that this Stipulation contains the entire agreement between Plaintiff and Defendant; that no promise or inducement has been made except as set forth herein; and that no representations, oral or otherwise, between Plaintiff and Defendant, or their respective counsel, not included herein shall be of any force and effect.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, through their respective counsel of record, have stipulated and agreed to the foregoing.

_____        _____
JEFFREY A. TAYLOR, D.C. BAR # 451058    Christopher W. Berardi
United States Attorney                   Plaintiff

_____        _____
RUDOLPH CONTRERAS, D.C. BAR # 434122    Charles R. Lucy
Assistant United States Attorney         Counsel for Plaintiff

_____
KAREN L. MELNIK, D.C. BAR # 436451
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338


SO ORDERED, this _____ day of December 2007.

                                                JAMES ROBERTSON
                                                United States District Judge